UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION | Master Docket 1:21-cv-05807-LAK<br><br>This Document Relates To: All Actions |

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS WILL WEI CHENG, JEAN QING LIU, STEPHEN JINGSHI ZHU, ALAN YUE ZHUO, DANIEL YONG ZHANG, AND ZHIYI CHEN IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................................1

II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS ...................................................................................................................2

    A. The Individual Defendants Join and Adopt the Arguments Made by DiDi ............2

    B. Plaintiffs' "Group Pleading" Fails to Satisfy Rule 9(b)..........................................2

    C. All Claims Against the Officer Defendants Should Be Dismissed for the Additional Reason that Plaintiffs Fail to Plead Scienter..........................................3

    D. Plaintiffs' Section 11 Claims Against the Director Defendants Should be Dismissed for the Additional Reason that Plaintiffs Fail to Adequately Plead Scienter..................................................................................................................6

III. CONCLUSION.................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Caiafa v. Sea Containers Ltd.*,
  2008 WL 11516813 (S.D.N.Y. May 15, 2008), *aff'd*, 331 F. App'x 14 (2d Cir. 2009) ......... 2, 3

*In re CRM Holdings, Ltd. Sec. Litig.*,
  2012 WL 1646888 (S.D.N.Y. May 10, 2012) ................................................................ 3

*Glaser v. The9, Ltd.*,
  772 F. Supp. 2d 573 (S.D.N.Y. 2011) ........................................................................... 5

*In re HEXO Corp. Sec. Litig.*,
  524 F. Supp. 3d 283 (S.D.N.Y. 2021) ........................................................................... 4

*Hutchison v. Deutsche Bank Sec. Inc.*,
  647 F.3d 479 (2d Cir. 2011) ......................................................................................... 4

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001) ...................................................................................... 3, 5

*Luo v. Sogou, Inc.*,
  465 F. Supp. 3d 393 (S.D.N.Y. 2020) ........................................................................... 6

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
  Commerce*,
  694 F. Supp. 2d 287 (S.D.N.Y. 2010) ........................................................................... 5

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004) ......................................................................................... 2

*Schwab v. E*Trade Fin. Corp.*,
  285 F. Supp. 3d 745, 757 (S.D.N.Y.), *aff'd*, 752 F. App'x 56 (2d Cir. 2018) ............... 6

*Stone Fam. Tr. v. Credit Suisse AG*,
  2022 WL 954743 (S.D.N.Y. Mar. 30, 2022) ................................................................. 2

*Venkataraman v. Kandi Techs. Grp., Inc.*,
  2021 WL 4952260 (S.D.N.Y. Oct. 25, 2021) ................................................................ 3

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Fed. R. Civ. P. 9(b) ..................................................................................................... 1, 2, 3

Securities Act of 1933 §11 ............................................................................. 1, 2, 3, 4, 6, 7

Securities Act of 1933 §15 ............................................................................................. 1, 4

Securities Exchange Act of 1934 §10(b) ............................................................... 1, 2, 3, 4

Securities Exchange Act of 1934 §20(a) ....................................................................... 1, 4

Defendants Will Wei Cheng, Jean Qing Liu, Alan Yue Zhuo, and Stephen Jingshi Zhu (the "Officer Defendants"), and Daniel Yong Zhang and Zhiyi Chen (the "Director Defendants," and together with the Officer Defendants, the "Individual Defendants"), respectfully submit this Memorandum of Law in Support of Their Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 106) ("Complaint" or "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state causes of action under Sections 11 and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

## I.  PRELIMINARY STATEMENT

As Defendant DiDi Global Inc. ("DiDi") established in its Motion to Dismiss,[1] Plaintiffs' Complaint fails to state claims for violations of the federal securities laws that are supported by well-pled facts. Plaintiffs' claims against the Individual Defendants fail for the same reasons—indeed, Plaintiffs say almost nothing about the Individual Defendants. Despite the exacting pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), Plaintiffs rely almost exclusively on impermissible "group pleading" in their efforts to establish scienter with respect to the Individual Defendants. Of the 408-paragraph Complaint, only twenty-two paragraphs specifically name any of the Individual Defendants. None of those paragraphs, together or separately, alleges facts that even come close to establishing the Individual Defendants' scienter in support of Plaintiffs' securities fraud claims.

For each of those reasons, Plaintiffs' Complaint should be dismissed in its entirety.

---

[1] "DiDi Brief" or "DiDi Br." refers to the Memorandum of Law on Behalf of Defendant DiDi Global Inc. in Support of Its Motion to Dismiss the Consolidated Second Amended Class Action Complaint filed on June 3, 2022, ECF No. 113. Emphasis is added and internal citations and quotations omitted unless otherwise noted.

1

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

### A. The Individual Defendants Join and Adopt the Arguments Made by DiDi

The Individual Defendants join, adopt, and incorporate the arguments made in the DiDi Brief, which established that Plaintiffs fail to plead a duty to disclose material facts, a material misrepresentation or omission, scienter, and loss causation. DiDi Br. at 10-35. Plaintiffs' claims against the Individual Defendants should be dismissed for the reasons explained in the DiDi Brief.

### B. Plaintiffs' "Group Pleading" Fails to Satisfy Rule 9(b)

Plaintiffs' claims against the Individual Defendants should also be dismissed because they fail to satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs' Section 11 claims against the Individual Defendants and Section 10(b) claims against certain of the Officer Defendants each sound in fraud, and Plaintiffs therefore must establish Defendants' scienter to sustain those claims. Plaintiffs fail to do so here.

As the DiDi Brief makes clear, Plaintiffs' Section 11 claim rests on the assertion that the Individual Defendants knew, but failed to disclose, the CAC's alleged instruction that DiDi delay its IPO. DiDi Br. at 11-14. That is the exact conduct on which Plaintiffs' Section 10(b) claim is premised. As such, like Plaintiffs' Section 10(b) claim, their "Section 11 claim sounds in fraud" and is subject to the heightened pleading standard of Rule 9(b). *Caiafa v. Sea Containers Ltd.*, 2008 WL 11516813, at *5 (S.D.N.Y. May 15, 2008), *aff'd*, 331 F. App'x 14 (2d Cir. 2009); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (applying "the heightened pleading standard of Rule 9(b)" to Section 11 claims where "claims are premised on allegations of fraud" because "[b]y its terms, Rule 9(b) applies to all averments of fraud"); *Stone Fam. Tr. v. Credit Suisse AG*, 2022 WL 954743, at *6 (S.D.N.Y. Mar. 30, 2022) (same). This includes "the requirement to plead with particularity a strong inference of scienter in connection with a material misrepresentation or

2

omission." *Caiafa*, 2008 WL 11516813, at *5. Plaintiffs do not, and cannot, satisfy this high bar.

In addition, Rule 9(b) mandates that "[i]n a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." *Venkataraman v. Kandi Techs. Grp., Inc.*, 2021 WL 4952260, at *3 (S.D.N.Y. Oct. 25, 2021). Here, Plaintiffs rely on a collection of generalized allegations about "DiDi," the "DiDi Defendants," and the "Individual Defendants" in support of their claims. *See, e.g.*, ¶¶ 142, 366, 381, 390.[2] There are no specific allegations that suffice to establish any of the Individual Defendants' scienter, and Plaintiffs' generalized allegations concerning the Defendants as a group do not suffice, nor should they be credited by this Court. Indeed, "group pleading of scienter . . . runs afoul of the PSLRA's requirement that a plaintiff state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *30 (S.D.N.Y. May 10, 2012).

### C. All Claims Against the Officer Defendants Should Be Dismissed for the Additional Reason that Plaintiffs Fail to Plead Scienter[3]

Plaintiffs' Section 10(b) and Section 11 claims against the Officer Defendants fall short of the high bar for pleading scienter under Rule 9(b) and the PSLRA. In particular, Plaintiffs do not allege facts sufficient to "give rise to a strong inference of fraudulent intent" as required to state a claim, *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001), because Plaintiffs do not allege facts (i) showing motive and opportunity or (ii) constituting strong circumstantial evidence of conscious misbehavior or recklessness, *see id.* Plaintiffs set forth no allegation that any of the Officer Defendants, let alone each of them, had knowledge of the supposed instruction from the CAC that

---

[2]   References to "¶ __" are to the SAC.
[3]   Plaintiffs assert Section 10(b) and Section 11 claims against Officer Defendants Cheng, Liu, and Zhuo, and only a Section 11 claim against Officer Defendant Zhu.

3

DiDi should not proceed with the IPO and chose to do so anyway.

***Will Wei Cheng and Jean Qing Liu***. Indeed, just sixteen allegations mention Mr. Cheng or Ms. Liu (DiDi's co-founders and chief executive officer and president, respectively) by name. ¶¶ 50-51, 53-54, 186, 189-90, 198, 275-79, 284, 286, 289.[4] Plaintiffs make no effort to differentiate the allegations between Mr. Cheng and Ms. Liu. The extent of Plaintiffs' allegations is the generic assertion that Mr. Cheng and Ms. Liu were motivated to "push ahead" with the IPO "to cash out [their] investment and make billions," ¶¶ 190, 198, 286, and that they failed to diligently investigate the "July 2 Penalties," *see* ¶¶ 275-79, 289. Neither assertion finds the support of particularized facts in the Complaint.[5]

***Alan Yue Zhuo***. Plaintiffs put forth only seven allegations that mention Mr. Zhuo (DiDi's chief financial officer) by name, ¶¶ 54, 275-79, 289, none of which provides any support for a finding that Mr. Zhuo possessed the requisite scienter. Plaintiffs allege only that Mr. Zhuo failed to diligently investigate the "July 2 Penalties," *id*.

***Stephen Jingshi Zhu***: Only two allegations mention Mr. Zhu (chief executive officer of DiDi's International Business Group), against whom Plaintiffs have brought only Section 11 claims. ¶¶ 52-53. These allegations name Mr. Zhu as a defendant, but set forth no facts concerning his knowledge or involvement in the alleged fraud.

Generic assertions that Mr. Cheng and Ms. Liu were motivated to complete the IPO to "make billions," ¶¶ 189-90, 286, 289, are insufficient to allege motive or establish fraud. DiDi Br.

---

[4] The numbers referenced herein do not include paragraphs containing only defined terms or repetitive and boilerplate allegations in the "Counts" section of the Complaint.

[5] Because Plaintiffs fail to allege primary violations of Sections 10(b) and Section 11, they fail to state a claim for derivative control person liability under Section 20(a) of the Exchange Act and Section 15 of the Securities Act against Cheng and Liu. *See, e.g.*, *In re HEXO Corp. Sec. Litig.*, 524 F. Supp. 3d 283, 316 (S.D.N.Y. 2021) (Section 20(a)); *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011) (Section 15).

at 25-27. "Motives that are generally possessed by most corporate directors and officers do not suffice" to establish a strong inference of scienter. *Kalnit*, 264 F.3d at 139. Plaintiffs' general assertion that the alleged fraud enabled the Individual Defendants "to gain by increased value of [stock], is insufficient to allege motive." *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 592 (S.D.N.Y. 2011). Indeed, "it is nonsensical to impute dishonest motives to . . . Defendants when each of them suffered significant losses in their stock holdings and executive compensation." *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 299 (S.D.N.Y. 2010).

The ***only*** allegations Plaintiffs set forth to establish recklessness or conscious misbehavior are that Mr. Cheng and Ms. Liu knew they were required to provide certificates to the Underwriters as a condition of closing, and had a duty to, but did not, diligently investigate the "July 2 Penalties." *See* ¶¶ 275-79, 289. But while Plaintiffs allege that CAC told "DiDi" it was initiating a cybersecurity review and banning new user registration because DiDi defied the "Directives," ¶ 274, Plaintiffs do not allege that any **Officer Defendant** spoke to the CAC before July 2 or what message was communicated. *See Glaser*, 772 F. Supp. 2d at 590 (recklessness allegations were "insufficient absent some allegation that the witness communicated with the individual defendants."); DiDi Br. at 31-33.

Plaintiffs also assert that Mr. Cheng and Ms. Liu "ignored the advice" of Mr. Lau and Mr. Zhang, who Plaintiffs allege "advised . . . against rushing to go public in the midst of China's wide-ranging regulatory crackdown on the business practices of dozens of internet-technology companies," ¶ 284, but this assertion, too, is not pled with the requisite particularity. More fundamentally, the business judgment of when to go public has nothing to do with Plaintiffs' claims here—i.e., that Defendants failed to disclose alleged discussions with the CAC. *See Kalnit*,

264 F.3d at 142 (to allege scienter based on omission, plaintiffs must "present facts indicating a clear duty to disclose").

> **D.** **Plaintiffs' Section 11 Claims Against the Director Defendants Should be Dismissed for the Additional Reason that Plaintiffs Fail to Adequately Plead Scienter**

Plaintiffs' Section 11 claims against the Director Defendants should be dismissed because they, too, fail to adequately allege scienter. *See, e.g.*, *Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 408 (S.D.N.Y. 2020) (where Section 11 claim sounds in fraud, plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind"). Only seven allegations specifically mention the Director Defendants:

**Zhiyi Chen**: Only two allegations mention Mr. Chen, an independent director, by name. ¶¶ 56, 81. These allegations name Mr. Chen as a defendant and set forth no facts concerning his knowledge or involvement in the alleged fraud.

**Daniel Yong Zhang**: Only five paragraphs mention Mr. Zhang, an independent director, by name. ¶¶ 60, 80, 190, 283-84. Rather than implicate Mr. Zhang, Plaintiffs' allegations exonerate him: Plaintiffs allege (based solely on public reporting) that Mr. Zhang advised Mr. Cheng and Ms. Liu against "rushing to go public" amidst the regulatory landscape in China, ¶¶ 190, 284, and that Mr. Zhang did not learn about any alleged concerns or suggestions from the CAC until *after* the IPO, *id*. And even setting aside Plaintiffs' concession that Mr. Zhang lacked knowledge, their allegation that Mr. Zhang's experience as CEO at a different company several years before the events alleged in the Complaint, ¶ 283, cannot be credited as support for his scienter in this case. *See Schwab v. E*Trade Fin. Corp.*, 285 F. Supp. 3d 745, 757 (S.D.N.Y.), *aff'd*, 752 F. App'x 56 (2d Cir. 2018) (conclusory allegations that defendants "must have known" about fraud based on "corporate positions and experiences with past regulatory investigations and enforcements" insufficient to establish scienter).

6

Put simply, no allegation in the Complaint supports Plaintiffs' conclusory assertion that the Director Defendants had knowledge of the CAC's alleged instruction that DiDi delay its IPO and recklessly disregarded a clear duty to disclose that information. That failure requires dismissal of Plaintiffs' Section 11 claims against the Director Defendants.

## III. CONCLUSION

The Individual Defendants respectfully seek dismissal of the Complaint with prejudice.

| | |
|---|---|
| Dated: July 22, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Corey Worcester*<br>Corey Worcester<br>Renita Sharma<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10038<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>coreyworcester@quinnemanuel.com<br>renitasharma@quinnemanuel.com<br><br>*Counsel for Defendants Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhuo, and Daniel Yong Zhang*<br><br>*/s/ Sheryl Bassin*<br>Sheryl Shapiro Bassin<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Tel: (212) 999-5800<br>Fax: (212) 999-5899<br>SBassin@wsgr.com<br><br>Ignacio E. Salceda (admitted *pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, California 94304<br>Tel: (650) 493-9300<br>Fax: (650) 493-6811<br>ISalceda@wsgr.com<br><br>*Counsel for Defendant Zhiyi Chen* |