## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION | Master Docket 1:21-cv-05807-LAK |
| | This Document Relates to: All Actions |
| | DEMAND FOR JURY TRIAL |

## THE UNDERWRITER DEFENDANTS' ANSWER
## TO THE CONSOLIDATED SECOND AMENDED CLASS ACTION
## COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan

Securities LLC, BofA Securities Inc., Barclays Capital Inc., Citigroup Global Markets Inc.,

China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and

Mizuho Securities USA LLC (collectively, the "Underwriter Defendants"), by and through their

undersigned counsel, hereby answer and assert defenses to the Consolidated Second Amended

Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed by

Lead Plaintiff Junhong Cao and named plaintiffs Shereen El-Nahas, Alaka Holdings Ltd., Bosco

Wang, Daniil Alimov, and Njal Larson (collectively, the "Plaintiffs"). The Underwriter

Defendants reserve the right to amend this Answer, to amend, modify, or supplement their

defenses, and to plead and assert additional defenses as they become known and appropriate

during the course of the litigation, including any defenses that may arise as a result of any

findings, conclusions, or other action taken.

## RESPONSES TO NUMBERED PARAGRAPHS

In collectively responding to the Complaint's allegations, the Underwriter Defendants:

(i) incorporate into each such response a denial of all allegations in the Complaint (including

those outside the Underwriter Defendants' knowledge or information) to the extent they assert or

suggest that DiDi's initial public offering (the "IPO") materials (i.e., the June 29, 2021 Registration Statement and Prospectus, together, the "Offering Documents") and the Underwriting Agreement filed with the Registration Statement were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any allegations in the headings and subheadings of the Complaint; and (iii) in all events, intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other Underwriter Defendants), or responding to Section 12(a)(2) claims to the extent they are based on the alleged misstatements or omissions in the Underwriting Agreement, which the Court has dismissed. *See* ECF No. 158 at 39.

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. The Underwriter Defendants further respond to these specific allegations as follows:

## I.    INTRODUCTION[1]

1.    Because Paragraph 1 contains no factual allegations and also states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 1, including that this case is appropriate for class action treatment, except admit that Plaintiffs purport to bring this action on behalf of a putative class of purchasers of DiDi's American Depositary Shares ("ADS").

---

[1] For ease of reference, the section headings are copied from the Complaint. They require no response. To the extent a response is required, the Underwriter Defendants deny the section headings.

2.      Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 2, except admit that Plaintiffs purport to bring this action under the statutes cited therein.

3.      The Underwriter Defendants deny that Paragraph 3 completely and accurately describes DiDi's business, except admit that (i) DiDi was founded in 2012 and operates a ride-hailing service that is headquartered in China; and (ii) the Offering Documents disclose that DiDi "acquired Uber China" in 2016 and "had 377 million annual active users" for the twelve months ended March 31, 2021, and respectfully refer the Court to the Offering Documents for a complete description of DiDi's business at the time of the IPO.  Although Paragraph 3 does not specify any public report as a source of its allegations, if and to the extent Paragraph 3 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

4.      Paragraph 4 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 4 completely and accurately describes the Communist Party of China ("CPC")'s role and authority in China, including relating to private businesses, and the Chinese government's purpose in enacting laws and regulations during the ten years preceding the Complaint.  Although Paragraph 4 does not specify any public law or regulation as a source of its allegations, if and to the extent Paragraph 4 is describing information contained in any such public law or regulation, the Underwriter Defendants respectfully refer the Court to that public law or regulation for a complete and accurate description of its contents.

5.     Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants admit that the Cyberspace Administration of China ("CAC") is a Chinese government agency, but deny that Paragraph 5 completely and accurately describes the CAC's responsibilities at the time of the IPO.

6.     Paragraph 6 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 6 completely and accurately describes the CAC's regulatory power and enforcement discretion at the time of the IPO.

7.     The Underwriter Defendants admit that DiDi runs an internet-based platform, but deny that Paragraph 7 completely and accurately describes DiDi's business and its overlap with the CAC's regulatory authority at the time of the IPO.  The second sentence of Paragraph 7 states legal conclusions to which no response is required.

8.     The Underwriter Defendants admit that: (i) DiDi issued a press release on June 30, 2021, titled "DiDi Announces Pricing of Initial Public Offering," and respectfully refer the Court to that press release for a complete and accurate description of its contents; and (ii) the SEC declared DiDi's Registration Statement effective at 4:00 p.m. on June 29, 2021 Eastern Time, and the Prospectus was filed on June 30, 2021 Eastern Time, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

9.     The Underwriter Defendants deny the allegations in Paragraph 9.

10.    The Underwriter Defendants deny the allegations in Paragraph 10.

11.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 11, except admit that: (i) the SEC declared DiDi's Registration Statement effective at 4:00 p.m. Eastern Time on June 29, 2021; (ii) the Prospectus was filed on

June 30, 2021 Eastern Time; (iii) DiDi ADS began trading on the New York Stock Exchange ("NYSE") on June 30, 2021 Eastern Time; and (iv) DiDi's IPO ultimately raised $4.4 billion and this offering size was smaller than that of Alibaba's 2014 IPO.

12.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 12, except admit: (i) the time zone conversion; (ii) that the market normally opens at 9:30 a.m. Eastern Time, and DiDi ADS began trading on the NYSE on June 30, 2021 Eastern Time; (iii) that July 1, 2021 was the centenary of the founding of the CPC; and (iv) that the CPC Founding Day is a national holiday in China.

13.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 13, except admit that: (i) the CAC published an announcement on its official website on July 2, 2021, at approximately 7:19 a.m. Eastern Time, titled "Cybersecurity Review Office Announcement on the Initiation of Cybersecurity Review of 'Didi Chuxing'" (the "July 2, 2021 Announcement"), and respectfully refer the Court to the announcement for a complete and accurate description of its contents; and (ii) the transaction of ADS in the IPO had not yet closed by 7:44 a.m. Eastern Time on July 2, 2021.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 13's allegations of a report of the CAC's announcement published by a U.S. news outlet at 7:44 a.m. New York Time on July 2, 2021.

14.    The Underwriter Defendants admit that the CAC published an announcement on its official website on July 4, 2021, but deny that Paragraph 14 completely and accurately describes that announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

5

15.     The Underwriter Defendants deny the allegations in Paragraph 15, except admit that the NYSE was closed on Monday, July 5, 2021.  Although Paragraph 15 does not specify any public report as a source of its allegations, if and to the extent Paragraph 15 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

16.     The Underwriter Defendants deny the allegations in Paragraph 16, except admit that DiDi issued a press release on July 4, 2021, titled "DiDi Announces App Takedown in China," and respectfully refer the Court to that press release for a complete and accurate description of its contents.  Although Paragraph 16 does not specify any public report as a source of its allegations, if and to the extent Paragraph 16 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

17.     The Underwriter Defendants deny the allegations in Paragraph 17, except admit that DiDi issued a press release on July 12, 2021, titled "DiDi Announces Takedown of Additional Apps in China," and respectfully refer the Court to the release for a complete and accurate description of its contents, and also respectfully refer the Court to public market sources for a true and accurate record of the closing stock prices on the relevant days.  Although Paragraph 17 does not specify any public report as a source for its allegations, if and to the extent Paragraph 17 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

6

18.     The Underwriter Defendants deny the allegations in Paragraph 18, except respectfully refer the Court to public market sources for a true and accurate record of the closing stock prices on the relevant days.  Although Paragraph 18 does not specify any public report as a source for its allegations, if and to the extent Paragraph 18 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

19.     The Underwriter Defendants deny the allegations in Paragraph 19, except admit: (i) the Global Times published an article on August 23, 2021, titled "China removes 25 apps as the country cracks down on tech companies to protect citizens' online privacy," and respectfully refer the Court to that article for a complete and accurate description of its contents; (ii) the South China Morning Post published an article on December 11, 2021, titled "China tech crackdown:  Beijing declares initial victory in cleaning up mobile apps," and respectfully refer the Court to that article for a complete and accurate description of its contents; and (iii) the CAC published an annual review on its official website on January 27, 2022, and respectfully refer the Court to that annual review for a complete and accurate description of its contents.

20.     The Underwriter Defendants deny the allegations in Paragraph 20.  Although Paragraph 20 does not specify any public report as a source of its allegations, if and to the extent Paragraph 20 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

21.     The Underwriter Defendants deny the allegations in Paragraph 21, except admit that: (i) on December 3, 2021, DiDi filed a press release, dated December 2, 2021, on SEC Form 6-K, titled "DiDi Announces Recent Developments," and respectfully refer the Court to

that press release for a complete and accurate description of its contents; (ii) The Wall Street Journal published an article on July 18, 2021, titled "In the New China, DiDi's Data Becomes a Problem," and respectfully refer the Court to that article for a complete and accurate description of its contents; (iii) The Wall Street Journal published an article on October 21, 2021, titled "Chinese Regulators Nudge Didi Toward Hong Kong Listing," and respectfully refer the Court to that article for a complete and accurate description of its contents; (iv) the Economic Times (India) published an article on November 11, 2021, titled "Didi prepares to relaunch apps in China, anticipates probe will end soon," and respectfully refer the Court to that article for a complete and accurate description of its contents; (v) Fortune published an article on November 25, 2021, titled "China's regulators, in an unprecedented move, ask Didi to develop plans to delist from the New York Stock Exchange," and respectfully refer the Court to that article for a complete and accurate description of its contents; (vi) Bloomberg published an article on December 3, 2021, titled "Didi's Brief U.S. Foray Is Ending.  What Happens Next?," and respectfully refer the Court to that article for a complete and accurate description of its contents; and (vii) Business Standard published an article on December 30, 2021, titled "China's ride-hailing firm Didi reveals $4.7-bn loss ahead of IPO debut," and respectfully refer the Court to that article for a complete and accurate description of its contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

22.    The Underwriter Defendants deny the allegations in Paragraph 22, except admit that on December 30, 2021, Beijing time, DiDi announced unaudited interim condensed financial results for the second quarter ended June 30, 2021, and the third quarter ended September 30,

2021, on SEC Form 6-K, and respectfully refer the Court to DiDi's announcement and the SEC filing for a complete and accurate description of their contents.

23.     The Underwriter Defendants deny the allegations in Paragraph 23, except admit that Bloomberg published an article on March 11, 2022, titled "Didi Plunges 44% After Halting Planned Hong Kong Stock Listing," and respectfully refer the Court to that article for a complete and accurate description of its contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

24.     The Underwriter Defendants admit that DiDi issued a press release on April 16, 2022, titled "DiDi to Hold Extraordinary General Meeting on May 23, 2022," and respectfully refer the Court to the press release for a complete and accurate description of its contents.

25.     The Underwriter Defendants deny the allegations in Paragraph 25, except admit that DiDi issued a press release on April 16, 2022, titled "DiDi to Hold Extraordinary General Meeting on May 23, 2022," and respectfully refer the Court to that press release for a complete and accurate description of its contents.

26.     The Underwriter Defendants deny the allegations in Paragraph 26, except admit that on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on SEC Form 6-K, announcing its unaudited condensed financial results for the fourth quarter ended December 31, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents.

27.     The Underwriter Defendants deny the allegations in Paragraph 27, except admit that Bloomberg published an article on April 21, 2022, titled "Didi's Fate in Limbo As Officials

9

Object to Proposed Penalty," and respectfully refer the Court to the article for a complete and accurate description of its contents.

28.     The Underwriter Defendants deny the allegations in Paragraph 28, except admit that on May 2, 2022 (not May 4, 2022), DiDi filed its annual report for the fiscal year ended December 31, 2021, on SEC Form 20-F, and respectfully refer the Court to the annual report for a complete and accurate description of its contents.

29.     The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

30.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.  Although Paragraph 30 does not specify any public report as a source for its allegations, if and to the extent Paragraph 30 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 31.

32.     The Underwriter Defendants deny the allegations in Paragraph 32.

## II.    JURISDICTION AND VENUE

33.     Paragraph 33 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 33, except admit that Plaintiffs purport to bring this action under the statutes cited therein.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 34,

except admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein.

35.    Paragraph 35 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 35, except admit that: (i) DiDi ADS traded on the NYSE from June 30, 2021, to June 13, 2022; and (ii) Plaintiffs purport to base venue over this action on the statutes cited therein.

36.    The Underwriter Defendants deny the allegations in Paragraph 36.

## III.    CLASS ACTION ALLEGATIONS

37.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 37.

38.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 38.

39.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 39.

40.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 40.

41.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 41.

42.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 42.

## IV.    PARTIES

### A.    Plaintiffs

43.    Paragraph 43 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, except admit that Plaintiff Junhong Cao claims to have purchased DiDi ADS, and respectfully refer the Court to Plaintiff Junhong Cao's PSLRA certification for a complete and accurate description of its contents.

44.    Paragraph 44 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, except admit that Plaintiffs Shereen El-Nahas and Daniil Alimov claim to have purchased DiDi ADS, and respectfully refer the Court to Plaintiffs Shereen El-Nahas's and Daniil Alimov's PSLRA certifications for a complete and accurate description of their contents.

45.    Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, except admit that Plaintiff Alaka Holdings Ltd. claims to have purchased DiDi ADS, and respectfully refer the Court to Plaintiff Alaka Holdings Ltd.'s PSLRA certification for a complete and accurate description of its contents.

46.    Paragraph 46 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, except admit that Plaintiffs Bosco Wang and Njal Larson claim to have purchased DiDi ADS, and respectfully refer the Court to Plaintiffs Bosco Wang's and Njal Larson's PSLRA certifications for a complete and accurate description of their contents.

**B.    Didi Defendants**

47.    The Underwriter Defendants deny that Paragraph 47 completely and accurately describes DiDi's business and operations, except admit that the Offering Documents disclose that: (i) "DiDi [is] the world's largest mobility technology platform," and its services in China include "ride hailing, taxi hailing, chauffeur, hitch, and other forms of shared mobility"; (ii) "[DiDi's] revenues from [its] ride hailing services in the PRC presented on a gross basis accounted for more than 97% of the total revenues from China Mobility for the three years ended December 31, 2018, 2019 and 2020, and the three months ended March 31, 2020 and 2021, respectively"; and (iii) "[i]n February 2015, [DiDi] renamed [its] holding company to Xiaoju Kuaizhi Inc. in connection with [its] acquisition of Kuaidi, and [in] June 2021, [DiDi] further renamed [its] company as DiDi Global Inc.," and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

48.    The Underwriter Defendants deny the allegations in Paragraph 48, except admit that DiDi is incorporated in the Cayman Islands and that the Offering Documents disclose that DiDi's "principal executive offices are located at No. 1 Block B, Shangdong Digital Valley, No. 8 Dongbeiwang West Road, Haidian District, Beijing, People's Republic of China," and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

49.    The Underwriter Defendants admit that DiDi's ADS traded on the NYSE under the ticker symbol "DIDI" from the date of DiDi's IPO on June 30, 2021, until DiDi voluntarily delisted from the NYSE on June 13, 2022.

50.    The Underwriter Defendants admit that Will Wei Cheng ("Cheng") was DiDi's Co-Founder, Chief Executive Officer, and Chairman of the Board of Directors at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents and DiDi's other

filings with the SEC for a complete and accurate description of Cheng's positions held at DiDi, shareholding, and voting power.

51.     The Underwriter Defendants admit that Jean Qing Liu ("Liu") was DiDi's Co-Founder, President and Director at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for a complete and accurate description of Liu's positions held at DiDi, shareholding, and voting power.

52.     The Underwriter Defendants admit that Stephen Jingshi Zhu ("Zhu") was DiDi's Director, Senior Vice President and Chief Executive Officer of International Business Group at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for a complete and accurate description of Zhu's positions held at DiDi.

53.     The Underwriter Defendants admit the allegations in Paragraph 53.

54.     The Underwriter Defendants admit that Alan Yue Zhuo ("Zhuo") was DiDi's Chief Financial Officer at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for a complete and accurate description of Zhuo's positions held at DiDi.

55.     Because Paragraph 55 contains no factual allegations, no response is required.

56.     The Underwriter Defendants admit that: (i) the Offering Documents disclose that Zhiyi Chen ("Chen") was appointed as a Director to DiDi's Board in July 2015, and that Chen would "step down from [DiDi's] board of directors upon the effectiveness" of the Registration Statement, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Chen's position held at DiDi; and (ii) the SEC declared DiDi's Registration Statement effective at 4:00 p.m. Eastern Time on June 29, 2021.

57.     The Underwriter Defendants admit that Martin Chi Ping Lau ("Lau") was a Director on DiDi's Board at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Lau's position held at DiDi.

58.     The Underwriter Defendants admit that: (i) the Offering Documents disclose that Kentaro Matsui ("Matsui") was appointed as a Director to DiDi's Board in October 2019, and that Matsui would "step down from [DiDi's] board of directors upon the effectiveness" of the Registration Statement, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Matsui's position held at DiDi; and (ii) the SEC declared DiDi's Registration Statement effective at 4:00 p.m. Eastern Time on June 29, 2021.

59.     The Underwriter Defendants admit that Adrian Perica ("Perica") was a Director on DiDi's Board at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Perica's position held at DiDi.

60.     The Underwriter Defendants admit that Daniel Yong Zhang ("Zhang") was a Director on DiDi's Board at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Zhang's position held at DiDi.

61.     Because Paragraph 61 contains no factual allegations, no response is required.

62.     The Underwriter Defendants, based on information and belief, admit the allegations in Paragraph 62.

**C.    Underwriter Defendants**

63.     The Underwriter Defendants: (i) admit that Goldman Sachs (Asia) L.L.C. was an underwriter in the IPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Goldman Sachs (Asia) L.L.C.'s role and allocation of ADS in the IPO; and (ii) deny that Goldman Sachs & Co. LLC was an underwriter in the IPO, and

respectly refer the Court to the Offering Documents for a complete and accurate description of Goldman Sachs & Co. LLC's role in the IPO.

64.     The Underwriter Defendants admit that Morgan Stanley & Co. LLC was an underwriter in the IPO, and respectly refer the Court to the Offering Documents for a complete and accurate description of Morgan Stanley & Co. LLC's role and allocation of ADS in the IPO.

65.     The Underwriter Defendants admit that J.P. Morgan Securities LLC was an underwriter in the IPO, and respectly refer the Court to the Offering Documents for a complete and accurate description of J.P. Morgan Securities LLC's role and allocation of ADS in the IPO.

66.     The Underwriter Defendants admit that Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, and J.P. Morgan Securities LLC acted as the representatives of the underwriters (the "Lead Underwriters") in the IPO.

67.     The Underwriter Defendants admit that BofA Securities, Inc. was an underwriter in the IPO, and respectly refer the Court to the Offering Documents for a complete and accurate description of BofA Securities, Inc.'s role and allocation of ADS in the IPO.

68.     The Underwriter Defendants admit that Barclays Capital Inc. was an underwriter in the IPO, and respectly refer the Court to the Offering Documents for a complete and accurate description of Barclays Capital Inc.'s role and allocation of ADS in the IPO.

69.     The Underwriter Defendants admit that Citigroup Global Markets Inc. was an underwriter in the IPO, and respectly refer the Court to the Offering Documents for a complete and accurate description of Citigroup Global Markets Inc.'s role and allocation of ADS in the IPO.

70.    The Underwriter Defendants admit that HSBC Securities (USA) Inc. was an underwriter in the IPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of HSBC Securities (USA) Inc.'s role and allocation of ADS in the IPO.

71.    The Underwriter Defendants admit that UBS Securities LLC was an underwriter in the IPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of UBS Securities LLC's role and allocation of ADS in the IPO.

72.    The Underwriter Defendants admit that Mizuho Securities USA LLC was an underwriter in the IPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Mizuho Securities USA LLC's role and allocation of ADS in the IPO.

73.    The Underwriter Defendants deny that China Renaissance Securities (US) Inc. was an underwriter in the IPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of China Renaissance Securities (US) Inc.'s role in the IPO.

74.    Because Paragraph 74 contains no factual allegations, no response is required.

75.    Paragraph 75 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants admit that: (i) the Lead Underwriters represented the underwriting syndicate in the IPO and the communications with the Securities and Exchange Commission in connection with the IPO; and (ii) the Underwriting Agreement accompanied the Registration Statement, but deny that Paragraph 75 completely and accurately describes the Underwriting Agreement, including the allegation that China Renaissance Securities (US) Inc. is a party to the Underwriting Agreement, and respectfully refer the Court to the document for a complete and accurate description of its contents.

### D.    Relevant Non-Parties

76.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77.    The Underwriter Defendants deny the allegations in Paragraph 77, except admit that the Offering Documents disclose that: (i) Softbank Vision Fund Entity held 242,115,016 Class A ordinary shares, representing 21.5% of DiDi's shares; (ii) Softbank Vision Fund Entity's shares were held by SVF XKI Subco (Singapore) Pte Ltd., which was indirectly owned by SVF Holdings (UK) LLP, whose managing member was SoftBank Vision Fund L.P., which in turn was managed by SB Investment Advisers (UK) Limited, an entity owned by SoftBank Group Corp.; (iii) Matsui served on DiDi's Board and was a Managing Director and Head of Capital Management at SoftBank Group Corp.; and (iv) Matsui would "step down from [DiDi's] board of directors upon the effectiveness" of the Registration Statement on June 29, 2021, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of  SoftBank Group Corporation's investment in and Matsui's position held at DiDi.

78.    The Underwriter Defendants admit that the Offering Documents disclose that: (i) Uber Entity held 143,911,749 Class A ordinary shares, representing 12.8% of DiDi's shares; and (ii) Uber Entity's shares were held by Uber International C.V., which was wholly owned by Uber Technology, Inc., and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Uber Technology, Inc.'s investment in DiDi.

79.    The Underwriter Defendants deny the allegations in Paragraph 79, except admit that the Offering Documents disclose that: (i) Tencent Entities held 77,067,884 Class A ordinary shares, representing 6.8% of DiDi's shares; (ii) Tencent Entities' shares were held by THLA11 Limited and Tencent Growthfund Limited, which were wholly owned by Tencent Holdings

Limited; and (iii) Lau served on DiDi's Board and was President and Executive Director of Tencent Holdings Limited, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Tencent Holdings Limited's investment in and Lau's position held at DiDi.

80.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, except admit that the Offering Documents disclose that Zhang served on DiDi's Board and was Chairman of Alibaba Group, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Alibaba Group's investment in and Zhang's position held at DiDi.

81.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, except admit that the Offering Documents disclose that: (i) Chen served on DiDi's Board and was Managing Director of Boyu Capital Advisory Company Limited; and (ii) Chen would "step down from [DiDi's] board of directors upon the effectiveness" of the Registration Statement on June 29, 2021, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of Chen's position held at DiDi.

## V.     BACKGROUND FACTS

### A.     The Chinese Communist Party Controls All Branches of Government, Chinese Commerce, and Is Integrated Into the Structure of All Companies; Businesses Are Expected to Heed All Regulators' Directives in Addition to Complying With Laws and Regulations

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and

respectfully refer the Court to the documents referenced in footnotes 10 and 11 for a complete and accurate description of their contents.

83.    Paragraph 83 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 83 completely and accurately describes the CPC's role in China and its government and that the quoted language can be found on the webpage in footnote 12, except admit that: (i) the National People's Congress of China is the Chinese legislature; and (ii) Xi Jinping is the CPC's current General Secretary, and respectfully refer the Court to the website for a complete and accurate description of its contents.

84.    Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, except admit that: (i) DiDi is a non-state-owned corporation in China; and (ii) that www.cpcnews.cn published an article on July 3, 2018, titled "DiDi's Party Building Work Helps 'To Build a Better Journey,'" and respectfully refer the Court to the article for a complete and accurate description of its contents.  The Underwriter Defendants also respectfully refer the Court to the Company Law of the People's Republic of China and the Constitution of the CPC for a complete and accurate description of their contents.

85.    Paragraph 85 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 85 completely and accurately describes the CPC's role in China and its government and the power and responsibilities of the Cyberspace Administration of China ("CAC"), and deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 85.

86.    Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, except admit that SinoInsider.com published an article on July 15, 2021, titled "Why Didi defied Beijing and Listed in the U.S.," and respectfully refer the Court to the article for a complete and accurate description of its contents.

**B.    The Cyberspace Administration of China Is a Powerful Agency Directly Supervised by President Xi Jinping to Enforce His Internet, Network, and Data Security Policies**

87.    Paragraph 87 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87, except admit that: (i) Jiang Zemin was the President of the PRC from March 27, 1993 until March 15, 2003; (ii) Hu Jintao was the President of the PRC from March 15, 2003 until March 14, 2013; (iii) Xi Jinping is the current President of the PRC, assuming office on March 14, 2013; and (iv) SinoInsider.com published an article on July 15, 2021, titled "Why Didi Defied Beijing and Listed in the U.S.," and respectfully refer the Court to the article for a complete and accurate description of its contents.

1.    **The Cyberspace Administration of China is under the direct leadership of Xi Jinping**

88.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, except admit that: (i) the CAC was established in May 2011; (ii) Xi Jinping has been the CPC's General Secretary since

November 15, 2012; (iii) Xi Jinping has been the President of the PRC since March 14, 2013; and (iv) the Guardian published an article on June 29, 2018, titled "The Great Firewall of China: Xi Jinping's internet shutdown," and respectfully refer the Court to the article for a complete and accurate description of its contents.

89.     Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, except admit that the CAC published an article on its official website on February 29, 2016, titled "China's Internet Government after the Establishment of the Cyberspace Affairs Leading Group," and respectfully refer the Court to the webpage in footnotes 21 and 23 for a complete and accurate description of its contents.

2.      **Amid growing tensions with the United States, Xi Jinping stresses the importance of cybersecurity to China**

90.     The Underwriter Defendants deny that Paragraph 90 completely and accurately describes the relationship between the United States and China, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, except admit that: (i) on June 30, 2020, the Federal Communications Commission ("FCC")'s Public Safety and Homeland Security Bureau issued orders formally designating Huawei Technologies Company and ZTE Corporation as companies posing a national security threat, and respectfully refer the Court to the FCC's orders for a complete and accurate description of their contents; and (ii) on August 6, 2020, former President Donald Trump issued Executive Order 13942 – Addressing the Threat

22

Posed by TikTok, and respectfully refer the Court to the order for a complete and accurate description of its contents.

92.     Paragraph 92 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92, except admit that: (i) the United States Congress enacted the Clarifying Lawful Overseas Use of Data ("CLOUD") Act, Pub. L. 115–141, on March 23, 2018, and respectfully refer the Court to the statute for a complete and accurate description of its contents; (ii) the National Administration of State Secrets Protection posted an article on its official website on November 27, 2020, titled "Management System of International Data Cross-Border Flow and Its Enlightenment to China," and respectfully refer the Court to the article for a complete and accurate description of its contents; (iii) People.com.cn published an article from People's Posts on August 1, 2018, titled "What's New About Data Governance in the United States?," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iv) the Chinese Academy of Science and Technology for Development posted an article on its official website on April 22, 2021, titled "Policy Problems on Cross-Border Data Flow and Countermeasures Facing China's Digital Economy External Circulation," and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

93.     Paragraph 93 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93, except admit that: (i) the United States Congress enacted the Holding Foreign Companies Accountable Act ("HFCAA"), Pub. L. 116–222, on December 18, 2020, and respectfully refer the Court to the

statute for a complete and accurate description of its contents; and (ii) ComplianceWeek.com published an article on December 21, 2020, titled "SEC, China react as Trump approves foreign audit oversight bill," and respectfully refer the Court to the article for a complete and accurate description of its contents.

94.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94, except admit that: (i) on September 24, 2021, the U.S. Department of Commerce, Bureau of Industry and Security published a Notice in the Federal Register titled "Notice on Request for Public Comments on Risks in the Semiconductor Supply Chain," 86 Fed. Reg. 53031, and respectfully refer the Court to the Notice for a complete and accurate description of its contents; and (ii) Bloomberg published an article on November 7, 2021, titled "World's Top Chipmakers Provide Data to U.S. as Deadline Arrives," and respectfully refer the Court to the article for a complete and accurate description of its contents.

95.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, except admit that: (i) the China Daily published an article on December 8, 2021, titled "@USA: Fake democracy and fake freedom under data hegemony," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) the Global Times published an article on September 16, 2019, titled "Cybersecurity week kicks off in China," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

96.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, except admit that: (i) People.com.cn published on its official website a speech by Xi Jinping on February 28, 2014,

titled "The Overall Planning And Coordinating Of The Innovation And Development Of All Parties, Strives To Build Our Country Into A Cyber Power," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) People.com.cn published on its official website a speech by Xi Jinping on December 17, 2015, titled "Speech at the Opening Ceremony of the Second World Internet Conference," and respectfully refer the Court to the article for a complete and accurate description of its contents; (iii) Xinhua News published on its official website an article on April 26, 2016, titled "Xi Jinping's Speech at The Cybersecurity and Informatization Work Symposium," and respectfully refer the Court to the article for a complete and accurate statement of its contents; (iv) People.com.cn published on its official website an article from People's Daily on October 10, 2016, titled "Xi Jinping: Accelerate The Independent Innovation of Cyber Information Technology; Persist in Efforts Towards The Goal of Building A Cyber Power," and respectfully refer the Court to the article for a complete and accurate description of its contents; (v) the webpage in footnote 35 has been removed; (vi) People.com.cn published on its official website an article from Xinhua News on September 16, 2019, titled "Xi Jinping Issued Important Instructions for The National Cyber Security Publicity Week, Emphasizing That Equal Emphasis Should Be Placed On Security Controllability and Open Innovation to Enhance The People's Sense Of Gain, Happiness, and Security in Cyberspace," and respectfully refer the Court to the article for a complete and accurate statement of its contents; and (vii) Fortune.com published on its official website an article on March 16, 2021, titled "China President Xi Jinping singles out 'platform' companies in sign tech crackdown will continue," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

C. **To Carry Out President Xi's Directives, China Has Enacted a Series of Laws to Protect National Security, Cybersecurity, Data Security and Private Personal Data**

97. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 97, except admit that the CAC published a notice on its official website on August 28, 2014, titled "Notice of the State Council on Authorizing the Cybersecurity Administration of China to be Responsible for the Management of Internet Information Content," and respectfully refer the Court to the notice for a complete and accurate description of its contents.

1. **The Standing Committee of the National People's Congress's Decision on Strengthening Information Protection on Networks**

98. Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants admit that, on December 28, 2012, the Standing Committee of the National People's Congress of China published a Decision on Strengthening Information Protection on Networks ("Congress Decision"), but deny that Paragraph 98 completely and accurately describes the Congress Decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

2. **The National Security Law of China**

99. Paragraph 99 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 99 completely and accurately describes the NSL, except admit that the National Security Law ("NSL") became effective on July 1, 2015, and respectfully refer the Court to the NSL for a complete and accurate description of its contents.

100. Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 100 completely

and accurately describes the NSL, and respectfully refer the Court to the NSL for a complete and accurate description of its contents.

3.    **The Cybersecurity Law of China**

101.    Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants admit that the Cybersecurity Law ("CSL") became effective on June 1, 2017, but deny that Paragraph 101 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

102.    Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 102 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

103.    Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 103 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

104.    Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 104 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

105.    Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 105 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents, except admit that Skadden, Arps, Slate, Meagher & Flom

LLP published an article on its official website in June 2017, titled "Privacy & Cybersecurity Update, June 2017," and respectfully refer the Court to the article for a complete and accurate description of its contents.

106.    Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 106 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

107.    Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 107 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

108.    Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 108 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

109.    Paragraph 109 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 109 completely and accurately describes the CSL, and respectfully refer the Court to the CSL for a complete and accurate description of its contents.

4.    **Data Security Law**

110.    Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny that Paragraph 110 completely and accurately describes the Data Security Law ("DSL"), except admit that: (i) the DSL was passed by the Standing Committee of the National People's Congress on June 10, 2021 and

became effective on September 1, 2021, and respectfully refer the Court to the DSL for a complete and accurate description of its contents; (ii) the first two drafts of the DSL were released for public comments on July 3, 2020, and April 29, 2021; (iii) Hunton Andrews Kurth published an article on May 3, 2021, titled "China Issues the Second Version of the Draft of Data Security Law for Public Comments," and respectfully refer the Court to that article for a complete and accurate description of its contents; and (iv) Covington & Burling LLP published an article on May 3, 2021, titled "China Released Updated Draft Data Security Law and Personal Information Protection Law for Public Comments," and respectfully refer the Court to that article for a complete and accurate description of its contents.

111.    Paragraph 111 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 111 completely and accurately describes the DSL, and respectfully refer the Court to the DSL for a complete and accurate description of its contents.

5.    **Personal Information Protection Law ("PIPL")**

112.    Paragraph 112 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 112 completely and accurately describes the Personal Information Protection Law ("PIPL"), except admit that: (i) the PIPL was passed by the Standing Committee of the National People's Congress on August 20, 2021, and became effective on November 1, 2021, and respectfully refer the Court to the PIPL for a complete and accurate description of its contents; and (ii) the first two drafts of the PIPL were released for public comments on October 21, 2020, and April 29, 2021.

**D.     To Implement Xi's Cybersecurity Vision, the CAC Adopted Extensive Regulations to Enforce China's National Cybersecurity Laws**

113.     Paragraph 113 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113, except admit that: (i) Zhuang Rongwen currently serves as Director of the CAC and CCAC, and as Deputy Director of the CPC Central Propaganda Department / State Council Information Office; (ii) People's Daily published an article by Zhuang Rongwen on its official website on October 21, 2019, titled "Write A New Chapter in Sustainable Development in The Information Age," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iii) the March 2021 edition of Qiushi published an article by Zhuang Rongwen, titled "Ideological Weapons and Action Guidelines for Building A Strong Network Country," and respectfully refer the Court to the article for a complete and accurate description of its contents.

1.     **Provisions on the Administration of Mobile Internet Applications Information Services (the "Provisions")**

114.     Paragraph 114 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114, except admit that the CAC promulgated the Provisions on the Administration of Mobile Internet Applications Information Services (the "Provisions") on June 28, 2016, which became effective on August 1, 2016, and were repealed on August 1, 2022, and respectfully refer the Court to the Provisions for a complete and accurate description of their contents.

2.    **Interim Measures for the Administration of Online Taxi Booking Business Operations and Services (the "Taxi Booking Measures")**

115.    Paragraph 115 states legal conclusions to which no response is required.  To the extent a response a required, the Underwriter Defendants admit that the Ministry of Transport, the Ministry of Industry and Information Technology, the Ministry of Public Security, the Ministry of Commerce, then State Administration for Industry and Commerce, then General Administration of Quality Supervision, Inspection and Quarantine, and the CAC jointly promulgated the Taxi Booking Measures on July 27, 2016 (the "Taxi Booking Measures"), which became effective on November 1, 2016, and were subsequently amended on December 28, 2019, and November 30, 2020, but deny that Paragraph 115 completely and accurately describes the Taxi Booking Measures, and respectfully refer the Court to the Taxi Booking Measures for a complete and accurate description of their contents.

3.    **The Measures of Cybersecurity Review (the "CSR Measures")**

116.    Paragraph 116 states legal conclusions to which no response is required.  To the extent a response a required, The Underwriter Defendants admit that the CAC, together with eleven other ministries, jointly promulgated the Measures of Cybersecurity Review (the "CSR Measures") on April 13, 2020 (not April 27, 2020), which became effective on June 1, 2020, and were repealed on February 15, 2022, but deny that Paragraph 116 completely and accurately describes the CSR Measures, and respectfully refer the Court to the CSR Measures for a complete and accurate description of their contents.

117.    Paragraph 117 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 117 completely and accurately describes the CSR Measures, and respectfully refer the Court to the CSR Measures for a complete and accurate statement description of their contents.

118.    Paragraph 118 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 118 completely and accurately describes the CSR Measures, and respectfully refer the Court to the CSR Measures for a complete and accurate statement of their contents.

### 4.    Regulations on the Scope of Necessary Personal Information for Common Types of Mobile Internet Applications

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants admit that the CAC, the Ministry of Industry and Information Technology, the Ministry of Public Security, and the State Administration for Market Regulation jointly promulgated the Regulations on the Scope of Necessary Personal Information for Common Types of Mobile Internet Applications (the "Provisions on Necessary Information") on March 12, 2021, which became effective on May 1, 2021, and respectfully refer the Court to the Provisions on Necessary Information for a complete and accurate description of their contents.

### E.    Didi Collects Personal Information as Well as Mapping and Traffic Data Concerning China's Critical Infrastructure Information; Didi Was Required to Comply With Both Cybersecurity and Privacy Laws and Regulations and the CAC

120.    Paragraph 120 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 120, except admit that: (i) the Congress Decision was published on December 28, 2012; the NSL went into effect on July 1, 2015; the CSL went into effect on June 1, 2017; public drafts of the DSL were released on July 3, 2020, and on April 29, 2021, and the DSL went into effect on September 1, 2021; public drafts of the PIPL were released on October 21, 2020, and April 29, 2021, and the PIPL went into effect on November 1, 2021; the Provisions went into effect on August 1, 2016; the Taxi Booking Measures went into effect on November 1, 2016; the CSR

Measures went into effect on June 1, 2020; and the Provisions on Necessary Information went into effect on May 1, 2021, and respectfully refer the Court to those laws and provisions for a complete and accurate description of their contents; and (ii) the Offering Documents disclose, among other things, that DiDi "collect[s] personal information and other data from its users," "had 377 million annual active users and 13 million annual active drivers in China for the twelve months ended March 31, 2021," "use[s] facial recognition verification at registration, log-on and pick-up to prevent wrongful or false use of user identity," "installed video cameras in ride hailing vehicles as a safety measure," "verif[ies] drivers' documentation, including, for example, their driver's license and vehicle registration license for drivers to register on [its] platform," "ha[s] certain requirements that drivers need to meet to register on [its] platform, including minimum and maximum age requirements, driving experience, no criminal record, no record of dangerous driving or driving under the influence, and no record of drug use," and "[r]iders can register on our platform by verifying their cellphone number," and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

121.     Paragraph 121 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 121, except admit that: (i) the Offering Documents disclose that DiDi has a "massive repository of real-world traffic data," "facilitated 25 million average daily China Mobility transactions for the three months ended March 31, 2021," and has been "granted a Class-A mapping qualification with respect to the production of electronic maps for navigation systems," and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents; (ii) Sohu.com published an article on March 31, 2021, titled "Original Internet + New Transportation | Didi Smart Transportation Industry Layout Map," and respectfully refer the

Court to the article for a complete and accurate description of its contents; (iii) The Wall Street Journal published an article on July 18, 2021, titled "In the New China, Didi's Data Becomes a Problem," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iv) the Several Provisions on Automotive Data Security Management was published and released for comments on May 12, 2021, and respectfully refer the Court to the provisions for a complete and accurate description of their contents.

122.     Paragraph 122 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 122, except admit that the NSL and the CSL went into effect on July 1, 2015, and July 1, 2017, respectively, and respectfully refer the Court to the laws for a complete and accurate description of their contents.

123.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123, except admit that Xi Jinping gave a speech at the Work Conference for Cybersecurity and Informatization on April 19, 2016, and respectfully refer the Court to a transcript of the speech for a complete and accurate description of its contents.

124.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124.  Although Paragraph 124 does not specify any public report as a source of its allegations, if and to the extent Paragraph 124 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

125.    The Underwriter Defendants admit that: (i) Wei gave a speech on September 14, 2020, during National Cybersecurity Week, titled "Build Cybersecurity Ecosystem Together, Share Terrific Outings," and respectfully refer the Court to a transcript of the speech for a complete and accurate description of its contents; and (ii) Sina Technology published an article on September 15, 2020, titled "DiDi CEO Cheng Wei participated in the National Cyber Security Publicity week and called for joint efforts to build a cyber security ecosystem," and respectfully refer the Court to the article for a complete and accurate description of its contents.

126.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126.

127.    The Underwriter Defendants deny the allegations in Paragraph 127 to the extent they assume the existence of the CAC Directives, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of what the CAC and CCAC learned and their respective reactions.

### F.    Defying Xi Jinping and the CAC's Directives Created a Serious Risk of Material Harm to Didi's Current Business and Future Growth

128.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128.  Although Paragraph 128 does not specify any public report as a source of its allegations, if and to the extent Paragraph 128 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

129.    Paragraph 129 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 129 completely and accurately describes the CAC's power and responsibilities at the time of the IPO, and

respectfully refer the Court to the CSL and the DSL for a complete and accurate description of their contents.

130.    The Underwriter Defendants deny the allegations in Paragraph 130, except admit that (i) DiDi maintained a government affairs team at the time of the IPO; and (ii) Reuters published an article on July 20, 2021, titled "How Didi's govt relations team navigated myriad regulators, until IPO dustup," and respectfully refer the Court to the article for a complete and accurate description of its contents.

131.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131, except admit that The Wall Street Journal published an article on November 12, 2020, titled "China's President Xi Jinping Personally Scuttled Jack Ma's Ant IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

132.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132, except admit that: (i) the People's Bank of China and the China Banking and Insurance Regulatory Commission published draft administrative measures on November 2, 2020, titled "Online Micro-loan Operations Provisional Administrative Measures," and respectfully refer the Court to the measures for a complete and accurate description of their contents; and (ii) The Wall Street Journal published an article on November 12, 2020, titled "China's President Xi Jinping Personally Scuttled Jack Ma's Ant IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

133.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133, and respectfully refer the

Court to public market sources for a true and accurate record of Alibaba's closing stock price on the relevant days.

134.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134, except admit that: (i) Reuters published an article on April 9, 2021, titled "China fines Alibaba record $2.75 bln for anti-monopoly violations," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) CNBC.com published an article on April 12, 2021, titled "Jack Ma's Ant Group to become a financial holding company under a Beijing-enforced revamp," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iii) The Wall Street Journal published an article on August 20, 2021, titled "Jack Ma's Costliest Business Lesson:  China Has Only One Leader," and respectfully refer the Court to the article for a complete and accurate description of its contents.

135.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135, except admit that: (i) China's State Administration for Industry and Commerce issued a "White Paper Regarding Administrative Guidance Provided to Alibaba Group" on January 28, 2015, and respectfully refer the Court to the document for a complete and accurate description of its contents; and (ii) Alibaba was sued for violating the Securities Act in connection with its 2014 initial public offering, and respectfully refer the Court to documents filed in that litigation for a complete and accurate description of their contents.  Although Paragraph 135 does not specify any public report as a source of its allegations, to the extent Paragraph 135 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

37

136.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136, except admit that: (i) the South China Morning Post published an article on December 24, 2017, titled "China shuts down over 13,000 websites in past three years, to 'maintain a clean cyberspace,'" and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) the CAC published an announcement on its official website on February 18, 2020, titled "National cyberspace administrative law enforcement achieved remarkable results in 2019," and respectfully refer the Court to the announcement for a complete and accurate description of its contents; (iii) Xinhua News Agency published an article on January 29, 2021, titled "Strike hard! 18,489 illegal websites were banned in 2020," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iv) the CAC published an announcement on its official website on January 27, 2022, titled "National network law enforcement achieved remarkable results in 2021," and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

137.    Paragraph 137 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 137.

138.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138, except admit that the South China Morning Post published an article on August 17, 2021, titled "Didi's business slows from break-neck pace as on-site probes by China's cybersecurity regulators gum up operations," and respectfully refer the Court to the article for a complete and accurate description of its contents.

139.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139, except admit that: (i) the

Financial Times published an article on September 15, 2021, titled "Didi loses 30% of daily users after Beijing crackdown following IPO Promotions and discounts help ride-hailing rivals increase customer numbers," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) the South China Morning Post published an article on September 17, 2021, titled "Didi Chuxing's ride-hailing orders fall in August as Beijing's data security investigation starts to bite," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

140.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140, except admit that on December 29, 2021, DiDi filed a press release, dated December 30, 2021, Beijing Time, on SEC Form 6-K, announcing its unaudited condensed financial results for the second quarter ended June 30, 2021, and the third quarter ended September 30, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents.

141.    The Underwriter Defendants deny the allegations in Paragraph 141, except admit that on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on the SEC Form 6-K, announcing its unaudited condensed financial results for the fourth quarter ended December 31, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents.

## VI.    DEFENDANTS HAD AN AFFIRMATIVE DUTY TO CONDUCT A REASONABLE DUE DILIGENCE INVESTIGATION OF DIDI'S BUSINESS

142.    Paragraph 142 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 143.

144.    Paragraph 144 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 144.

## VII.    DEFENDANTS HAD AN AFFIRMATIVE OBLIGATION TO DISCLOSE THE OMITTED FACTS IN THE REGISTRATION STATEMENT

145.    Paragraph 145 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 145, except admit that Plaintiffs purport to bring this action under the statutes and SEC Regulation S-K cited therein.

### A.    17 C.F.R. §229.105 – Item 105 (Risk Factors)

146.    Paragraph 146 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to Item 405 of Regulation S-K, 17 C.F.R. § 229.105, for a complete and accurate description of its contents.

147.    The Underwriter Defendants deny the allegations in Paragraph 147.

### B.    Form F-1 – Item 5(D) (Trend Information)

148.    Paragraph 148 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants admit that: (i) Regulation S-K sets forth requirements for Registration Statements filed on Form F-1, and respectfully refer the Court to Regulation S-K for its express provisions; and (ii) Item 4(a) of Form F-1 requires registrants to furnish "[i]nformation required by Part 1 of Form 20-F," and respectfully refer the Court to Form F-1 for its express provisions.

149.    Paragraph 149 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to Item 5(D) of Form 20-F for its express provisions.

150.    The Underwriter Defendants deny the allegations in Paragraph 150.

151.    Paragraph 151 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants admit that the SEC published "Commission Statement About Management's Discussion and Analysis of Financial Condition and Results of Operations," Release No. 33-8056, 67 Fed. Reg. 3746, on January 22, 2002, and respectfully refer the Court to the release for a complete and accurate description of its contents.

152.    The Underwriter Defendants deny the allegations in Paragraph 152.

153.    The Underwriter Defendants deny the allegations in Paragraph 153.

154.    The Underwriter Defendants deny the allegations in Paragraph 154.

155.    Paragraph 155 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 155, and respectfully refer the Court to Item 303 for its express provisions.

156.    Paragraph 156 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 156, and respectfully refer the Court to Item 303 for its express provisions.

157.    Paragraph 157 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 157, except admit that: (i) the SEC Division of Corporation Finance published a "Financial Reporting Manual," and respectfully refer the Court to the Financial Reporting Manual for a complete and accurate description of its contents; and (ii) the SEC published a guidance release on December 19, 2003, titled "Commission Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations," S.E.C. Release No. 8350, and respectfully refer the Court to the release for a complete and accurate description of its contents.

158.    The Underwriter Defendants deny the allegations in Paragraph 158.

## VIII.    THE OMITTED FACTS AND JULY 2 PENALTIES WERE MATERIAL

### A.    The CAC Directives and Didi's decision to disobey it was material information for IPO Investors

159.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 159.

160.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160.

161.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161.

### B.    The July 2 Penalties Were Material to Didi's Business

162.    The Underwriter Defendants admit that, on July 2, 2021, the CAC published on its official website the July 2, 2021 Announcement, but deny that Paragraph 162 completely and accurately describes the July 2, 2021 Announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

163.    The Underwriter Defendants deny the allegations in Paragraph 163, except: (i) admit that the CAC published the July 2, 2021 Announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents; (ii) admit that DiDi issued a press release on July 12, 2021, titled "DiDi Announces Takedown of Additional Apps in China," and respectfully refer the Court to the release for a complete and accurate description of its contents; and (iii) respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

164.     The Underwriter Defendants deny the allegations in Paragraph 164, except admit that the CAC published the July 2, 2021 Announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

165.     The Underwriter Defendants deny the allegations in Paragraph 165, except admit that the CAC published the July 2, 2021 Announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

166.     The Underwriter Defendants deny the allegations in Paragraph 166, except admit that: (i) the CAC published the July 2, 2021 Announcement, and respectfully refer the Court to the announcement for a complete and accurate description of its contents; (ii) the CAC, with other regulators, promulgated the CSR Measures on April 13, 2020, with the measures becoming effective on June 1, 2020, and respectfully refer the Court to the CSR Measures for a complete and accurate description of their contents; and (iii) Dow Jones Institutional News published an article on July 2, 2021, titled "China's Internet Regulator Reviewing Cybersecurity of Didi Chuxing," and respectfully refer the Court to the article for a complete and accurate description of its contents.

167.     The Underwriter Defendants deny the allegations in Paragraph 167, except admit that DiDi filed the Registration Statement on the SEC Form F-1/A on June 28, 2021, and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

168.     Paragraph 168 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants admit that Seeking Alpha published an article on July 5, 2021, titled "DiDi: Manifestations Of Risks," and respectfully refer the Court to the article for a complete and accurate description of its contents.

169.    Paragraph 169 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169, except admit that Bloomberg published an article on November 4, 2021, titled "Competition Grows Among China's Ride-Hailing Ventures," and respectfully refer the Court to the article for a complete and accurate description of its contents.

170.    Paragraph 170 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 170.

IX.    **SECURITIES EXCHANGE ACT CLAIMS**

171.    Paragraph 171 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–170.

172.    Paragraph 172 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  The Underwriter Defendants further respond that because Paragraph 172 contains no factual allegations, no response is required.

### A.    The Cyberspace Administration of China Instructed Didi Not to Go Public Until Didi Completed a Thorough Self-Inspection Ensuring Its Compliance with Relevant Cybersecurity Laws and Regulations

173.    Paragraph 173 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 173, except admit that Paragraph 173 purports to quote or describe information from a July 9, 2021 article published by The Wall Street Journal, and respectfully refer the Court to the article for a complete and accurate description of its contents.

174.    Paragraph 174 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that (i) DiDi filed its SEC Form F-1 Registration Statement on June 10, 2021; and (ii) The Wall Street Journal published an article on July 9, 2021, titled "DiDi Tried Balancing Pressure From China and Investors. It Satisfied Neither," and respectfully refer the Court to the article for a complete and accurate description of its contents.

175.    Paragraph 175 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 175, except admit that: (i) The Wall Street Journal published an article on July 5, 2021, titled "Chinese Regulators Suggested Didi Delay Its U.S. IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) the South China Morning Post published an article on July 6, 2021, titled "Didi Chuxing 'forced its way' to a New York listing, triggering data security review, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents; (iii) the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents; (iv) The Wall Street Journal published an article on July 9, 2021, titled "Didi Tried Balancing Pressure From China and Investors.  It Satisfied Neither," and respectfully refer the Court to the article for a complete and accurate description of its contents; (v) The Japan Times published an article on July 22, 2021, titled "China Weighs Unprecedented Penalty for Didi After U.S. IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (vi) an undated document, titled "Interpretation on the Didi Incident," was suspected to be an internal report circulated by Huaxi Securities among investment institutions for internal reference, and respectfully refer the Court to the document for a complete and accurate description of its contents.

176.     Paragraph 176 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 176, except admit that: (i) Bloomberg published an article on July 6, 2021, titled "China Cyber Watchdog Asked Didi to Delay IPO on Data Concern," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) DiDi filed a Registration Statement on June 28, 2021, on SEC Form F-1/A, that stated, among other things, that "our technology is powered by the world's largest repository of real-world traffic data from our shared mobility fleet," and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

177.     Paragraph 177 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 177, except admit that South China Morning Post published an article on July 9, 2021, titled "China's regulators suspect DiDi's US listing was 'deliberate act of deceit,' a portrayal that shows severity of mistrust, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents.

178.     Paragraph 178 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 178 states

legal conclusions to which no response is required. To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 178, except admit that DiDi maintains

a governmental affairs department, and respectfully incorporate by reference their responses to

Paragraphs 20, 101, 104, and 133. Although Paragraph 178 does not specify any public report as

a source of its allegations, if and to the extent Paragraph 178 is describing information contained

in any such public report, the Underwriter Defendants respectfully refer the Court to that public

report for a complete and accurate description of its contents.

179.    Paragraph 179 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 179.

180.    Paragraph 180 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 180.

181.    Paragraph 181 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 181, except admit that the South China Morning Post published an article on July 9,

2021, titled "China's regulators suspect DiDi's US listing was 'deliberate act of deceit,' a

portrayal that shows severity of mistrust, sources say," and respectfully refer the Court to the

article for a complete and accurate description of its contents.

182. Paragraph 182 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 182, except admit that: (i) the South China Morning Post published an article on July

6, 2021, titled "DiDi Chuxing 'forced its way' to a New York listing, triggering data security

review, sources say," and respectfully refer the Court to the article for a complete and accurate

description of its contents; and (ii) the Financial Times published an article on July 6, 2021, titled

"DiDi Caught As China and US Battle Over Data," and respectfully refer the Court to the article

for a complete and accurate description of its contents.

183. Paragraph 183 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 183, except admit that the South China Morning Post published an article on July 6, 2021, titled "DiDi Chuxing 'forced its way' to a New York listing, triggering data security review, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents.

184.    Paragraph 184 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184, except admit that Bloomberg published an article on July 22, 2021, titled "China weighs unprecedented penalty for DiDi after US IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

185.    Paragraph 185 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 185, except admit that Duowei News published an article on July 5, 2021, titled "Exclusive: Higher-Ups' Discontent With The U.S. Listing Of Didi, Punishment Will Go Far Beyond That Of Alibaba," and respectfully refer the Court to the article for a complete and accurate description of its contents.

186.    Paragraph 186 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 186, except admit that: (i) the South China Morning Post published an article on

August 11, 2021, titled "China's probe into riding hailing giant Didi Chuxing may lead to

management reshuffle, sources say," and respectfully refer the Court to the article for a complete

and accurate description of its contents; and (ii) The Wall Street Journal published an article on

October 21, 2021, titled "Chinese Regulator's Nudge Didi Towards Hong Kong Listing," and

respectfully refer the Court to the article for a complete and accurate description of its contents.

187.    Paragraph 187 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 187.

**B.    Didi and the Officer Defendants Were Determined to Push Ahead With the IPO, Regardless of the CAC's Directives**

188.    Paragraph 188 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 188 states

legal conclusions to which no response is required.  To the extent a response is required, the

Underwriter Defendants deny  the allegations in Paragraph 188, except admit that: (i) the DSL

was passed by the Standing Committee of the National People's Congress on June 10, 2021 and

became effective on September 1, 2021; and (ii) the PIPL was passed by the Standing Committee

of the National People's Congress on August 20, 2021, and became effective on November 1,

2021, with two drafts of the PIPL being released for public comments on October 21, 2020, and

April 29, 2021, and respectfully refer the Court to the DSL and the PIPL for a complete and

accurate description of their contents.

189.    Paragraph 189 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants deny the allegations in Paragraph 189, except admit that: (i) The

Wall Street Journal published an article on July 5, 2021, titled "Chinese Regulators Suggested

DiDi Delay Its U.S. IPO: Ride-hailing giant, under pressure to reward shareholders, pushed

ahead with NYSE listing despite concerns of China's cybersecurity watchdog," and respectfully

refer the Court to the article for a complete and accurate description of its contents; and

(ii) Bloomberg published an article on July 22, 2021, titled "China Weighs Unprecedented

Penalty for Didi After U.S. IPO," and respectfully refer the Court to the article for a complete

and accurate description of its contents.

190.    Paragraph 190 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants deny the allegations in Paragraph 190, except admit that: (i) Daniel

Yong Zhang and Martin Chi Ping Lau served on DiDi's Board at the time of the IPO; (ii) the

South China Morning Post published an article on August 11, 2021, titled "China's probe into ride hailing giant Didi Chuxing may lead to management reshuffle, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents, and (iii) The Wall Street Journal published an article on August 18, 2021, titled "Rift Forms on DiDi's Board Following Beijing's Regulatory Assault," and respectfully refer the Court to the article for a complete and accurate description of its contents.

191.    Paragraph 191 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 191, except admit that The Wall Street Journal published an article on July 9, 2021, titled "Didi Tried Balancing Pressure From China," and respectfully refer the Court to the article for a complete and accurate description of its contents.

192.    Paragraph 192 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 192, except admit that: (i) DiDi's IPO occurred on June 30, 2021, and the market normally opens at 9:30 a.m. Eastern Time; (ii) July 1 is a national holiday in China, the CPC Founding Day; and (iii) Fortune published an article on June 29, 2021, titled "The debate that racked China's Communist Party founders

100 years ago still reverberates today," and respectfully refer the Court to the article for a complete and accurate description of its contents.

193.    Paragraph 193 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 193, except admit that: (i) CNN published an article on November 3, 2020, titled "China halts Ant Group's giant IPO after dust up with billionaire Jack Ma," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) Duowei News published an article on July 5, 2021, titled "Exclusive: Higher-Ups' Discontent With The U.S. Listing Of Didi, Punishment Will Go Far Beyond That Of Alibaba," and respectfully refer the Court to the article for a complete and accurate description of its contents.

194.    Paragraph 194 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 194, except admit that: (i) Reuters published an article on June 24, 2021, titled "Chinese firm Didi's $4 bln IPO books covered on first day of bookbuild – sources," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) Reuters published an article on June 27, 2021, titled "Didi's $4bln IPO order books close Monday – sources," and respectfully refer the Court to the article for a complete and accurate description of its contents.

195.    Paragraph 195 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit the allegations in Paragraph 195.

196.    Paragraph 196 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 196, except admit that: (i) DiDi ADS were priced at $14.00/share in the IPO; and (ii) the Dow Jones Institutional News published an article on June 29, 2021, titled "Didi Global Prices IPO at $14 a Share," and respectfully refer the Court to the article for a complete and accurate description of its contents.

197.    Paragraph 197 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 197, except admit that the SEC's Notice of Effectiveness states the effectiveness date of DiDi's Form F-1 is "June 29, 2021 4:00 P.M."

198.    Paragraph 198 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit the allegations in the first and second sentences of Paragraph 198, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Mr. Cheng's, Ms. Liu's, and Softbank's holdings pre- and post-IPO.

199.    Paragraph 199 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that DiDi issued a press release on July 2, 2021, titled "DiDi Announces Cybersecurity Review in China," and respectfully refer the Court to the press release for a complete and accurate description of its contents.

200.    Paragraph 200 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 200, except admit that DiDi's senior management did not ring the NYSE bell on the morning of the IPO.

201.    Paragraph 201 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 201, except admit that July 1 is a national holiday in China, the CPC Founding Day.

202.    Paragraph 202 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 202, except admit that the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents.

203.    Paragraph 203 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 203, except admit that, on July 2, 2021, the CAC announced that DiDi was subject to cybersecurity review by the CAC.

204.    Paragraph 204 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 204, except admit that the CAC posted a notice on its official website on July 2, 2021 at 7:19 a.m. New York time, and respectfully refer the Court to the notice for a complete and accurate description of its contents.

205.    Paragraph 205 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, and although Paragraph 205 does not specify any public report as a source of its allegations, if and to the extent Paragraph 205 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

206.    Paragraph 206 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 206.  Although Paragraph 206 does not specify any public report as a source of its allegations, if and to the extent Paragraph 206 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

207.    Paragraph 207 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 207.  Although Paragraph 207 does not specify any public report as a source of its allegations, if and to the extent

Paragraph 207 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

208.    Paragraph 208 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that Bloomberg published an article on July 2, 2021, at 8:09 a.m. New York time, titled "DiDi Dives as China Unveils New Cyber Probe After Mega IPO," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

209.    Paragraph 209 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that Marketwatch published an article on July 2, 2021, titled "DiDi shares slide 9% premarket on news China's internet regulator to investigate its cybersecurity risks," and respectfully refer the Court to the article for a complete and accurate description of its contents.

210.    Paragraph 210 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants deny the allegations in Paragraph 210, except admit that: (i) DiDi issued a press release on July 2, 2021, titled "DiDi Announces Cybersecurity Review in China," and respectfully refer the Court to the press release for a complete and accurate description of its contents; and (ii) DiDi conducted its IPO on June 30, 2021, valued at $4.4 billion.

211.    Paragraph 211 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 211, except admit that: (i) the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) The Wall Street Journal published an article on July 2, 2021, titled "Chinese Regulators Target Ride-Hailing Company Didi Just Days After IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iii) the CSR Measures went into effect on June 1, 2020, and respectfully refer the Court to the CSR Measures for a complete and accurate descriptions of their contents.

212.    Paragraph 212 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that: (i) the Underwriting Agreement was filed with the SEC as Exhibit 1.1 to DiDi's Amendment No. 2 to Form F-1 on June 28, 2021; and (ii) the Underwriting Agreement sets the time and date of the delivery and payment of the ADS as

9:30 a.m., New York time, on July 2, 2021 or such other time and date as the Lead Underwriters and DiDi may agree upon in writing, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

213.    Paragraph 213 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants admit that the Registration Statement, filed on SEC Form F-1/A, disclosed, among other things, that "[t]he underwriters are offering the ADSs subject to their receipt and acceptance of the ADSs and subject to prior sale," and that [t]he underwriting agreement provides that the obligations of the several underwriters to pay for and accept delivery of the ADSs offered by this prospectus are subject to the approval of certain legal matters by their counsel and to certain other conditions," and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

214.    Paragraph 214 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 214, except admit that: (i) DiDi filed the Registration Statement with the SEC on Form F-1/A; and (ii) DiDi filed the Underwriting Agreement as Exhibit 1.1 to DiDi's Amendment No. 2 to SEC Form F-1, and respectfully refer the Court to the documents for a complete and accurate description of their contents.

215.    Paragraph 215 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 215, except admit that on July 2, 2021, the CAC made the July 2, 2021 Announcement, as described in the Underwriter Defendants' response to Paragraph 162.

216.    Paragraph 216 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 216.

217.    Paragraph 217 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 217 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 217, except admit that: (i) the Lead Underwriters held a bring-down due diligence call on July 2, 2021, prior to the closing of the IPO, on which certain DiDi officers participated; and (ii) Deloitte & Touche LLP and Skadden, Arps, Slate, Meagher & Flom LLP published an article in February 2020, titled "Strategies for

Going Public," and respectfully refer the Court to the article for a complete and accurate description of its contents.

218.    Paragraph 218 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 218, except admit that the Lead Underwriters held a bring-down due diligence call on July 2, 2021 prior to the closing of the IPO.

219.    Paragraph 219 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 219, except admit that the CAC required DiDi to suspend the registration of new customers.

220.    Paragraph 220 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 220.

221.    Paragraph 221 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 221, including to the extent they suggest that the Underwriter Defendants were

provided with false officer certificates.

222.    Paragraph 222 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 222 states a

legal conclusion to which no response is required.  To the extent a response is required, the

Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 222,

except admit that obtaining certificates from DiDi's officers was important for the Underwriters

in closing the IPO.

223.    Paragraph 223 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in

Paragraph 223, except admit that: (i) the Underwriter Defendants received certificates from

DiDi's officers on July 2, 2021; and (ii) DiDi's IPO transaction was closed on July 2, 2021.

### C.    Defendants' Misconduct Caused Didi's Share Price to Decline

224.    Paragraph 224 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 224.

225.    Paragraph 225 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 225, except admit that the CAC published an announcement on its official website on July 2, 2021, at approximately 7:19 a.m. New York time, and respectfully refer the Court to that announcement for a complete and accurate description of its contents.

226.    Paragraph 226 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 226, and respectfully refer the Court to public market sources for a true and accurate record of the stock prices on the relevant days.

227.    Paragraph 227 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 227, and respectfully refer the

Court to public market sources for a true and accurate record of the stock price change during the relevant period.

228.     Paragraph 228 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Weibo statement referenced in Paragraph 228 for a complete statement of its contents.

229.     Paragraph 229 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 229, except admit that the CAC published an announcement on its official website on July 4, 2021, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

230.     Paragraph 230 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that DiDi posted a statement on its Weibo account on July 4, 2021, and respectfully refer the Court to the statement for a complete and accurate description of its contents.

231.    Paragraph 231 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 231, except admit that The Wall Street Journal published an article on July 4, 2021 at 12:40 p.m. Eastern Time, titled "China Orders Ride-Hailing Firm Didi's App Removed From App Stores," and respectfully refer the Court to the article for a complete and accurate description s of its contents.

232.    Paragraph 232 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 232, except admit that DiDi issued a press release on July 4, 2021, titled "DiDi Announces App Takedown in China," and respectfully refer the Court to the release for a complete and accurate description of its contents.

233.    Paragraph 233 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 233.

234.    Paragraph 234 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 234, except admit that Reuters published an article on July 5, 2021, titled "Chinese regulators suggested Didi delay its U.S. IPO – WSJ," and respectfully refer the Court to the article for a complete and accurate description of its contents.

235. Paragraph 235 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 235, except admit that The Wall Street Journal published an article on July 5, 2021, titled "Chinese Regulators Suggested DiDi Delay Its U.S. IPO: Ride-hailing giant, under pressure to reward shareholders, pushed ahead with NYSE listing despite concerns of China's cybersecurity watchdog," and respectfully refer the Court to the article for a complete and accurate description of its contents.

236. Paragraph 236 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 236.

237. Paragraph 237 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 237, and respectfully refer the Court to public market sources for a true and accurate record of the stock prices on the relevant days.

238. Paragraph 238 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 238, except: (i) admit that Deloitte & Touche LLP and Skadden, Arps, Slate, Meagher & Flom LLP published an article in February 2020, titled "Strategies for Going Public," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) respectfully refer the Court to public market sources for a true and accurate record of the change in stock prices on the relevant days.

239. Paragraph 239 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 239, except admit that the South China Morning Post published an article on July 6, 2021, titled "Didi Chuxing 'forced its way' to a New York listing, triggering data security review, sources say," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

240.    Paragraph 240 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 240, except admit that: (i) the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) Bloomberg published an article on July 6, 2021, titled "China Cyber Watchdog Asked Didi to Delay IPO on Data Concern," and respectfully refer the Court to the article for a complete and accurate description of its contents.

241.    Paragraph 241 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 241, except admit that CNBC published an article on July 7, 2021 at 4:23 a.m. Eastern Time, titled "Didi removed from WeChat and Alipay apps for new users in another big blow," and respectfully refer the Court to the article for a complete and accurate description of its contents.

242.    Paragraph 242 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 242, except admit that The Wall

Street Journal published an article on July 7, 2021, titled "Didi's China Probe Adds to Business Challenges at Home and Abroad," and respectfully refer the Court to the article for a complete and accurate description of its contents.

243.    Paragraph 243 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 243, except admit that Reuters published an article on July 7, 2021, titled "Didi extended slide as Beijing clampdown sounds alarm for U.S.-listed China companies," and respectfully refer the Court to the article for a complete and accurate description of its contents.

244.    Paragraph 244 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of the stock prices on the relevant days.

245.    Paragraph 245 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 245, and respectfully refer the

Court to public market sources for a true and accurate record of the stock prices on the relevant days.

246.     Paragraph 246 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 246, except admit that the Registration Statement discloses that the underwriters may purchase and sell ADS in the open market, that those transactions may include stabilization transactions, and that certain underwriters engaged in certain stabilizing transactions during the July 2–7, 2021 period, and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

247.     Paragraph 247 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 247, except admit that The Wall Street Journal published an article on July 9, 2021, titled "Didi Tried Balancing Pressure From China and Investors. It Satisfied Neither," and respectfully refer the Court to the article for a complete and accurate description of its contents.

248.     Paragraph 248 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 248, except admit that DiDi issued a press release on July 12, 2021, titled "DiDi Announces Takedown of Additional Apps in China," and respectfully refer the Court to the release for a complete statement of its contents.

249.    Paragraph 249 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 249, and respectfully refer the Court to public market sources for a true and accurate record of the stock price change during the relevant period.

250.    Paragraph 250 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 250.

251.    Paragraph 251 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 251, except admit that The Wall Street Journal published an article on July 16, 2021, titled "China Sends State Security, Police

Officials to Didi or Cybersecurity Probe," and respectfully refer the Court to the article for a complete and accurate description of its contents.

252.    Paragraph 252 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 252, and respectfully refer the Court to public market sources for a true and accurate record of stock price on the relevant days.

253.    Paragraph 253 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants admit that Bloomberg published an article on July 22, 2021 at 5:44 a.m. New York time, titled "China Is Said to Weight Unprecedented Didi Penalty After IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

254.    Paragraph 254 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 254, and respectfully refer the Court to public market sources for a true and accurate record of stock price on the relevant days.

255.    Paragraph 255 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 255.

256.    Paragraph 256 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 256, and respectfully refer the Court to public market sources for a true and accurate record of stock price on the relevant days.

257.    Paragraph 257 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 257, except: (i) admit that on December 3, 2021, DiDi filed a press release, dated December 2, 2021, on SEC Form 6-K, titled "DiDi Announces Recent Developments," that announced, among other things, that "its board of directors[] ha[d] authorized and support[ed] the Company to undertake the necessary procedures and file the relevant application(s) for the delisting of the Company's ADSs from the New York Stock Exchange," and respectfully refer the Court to that release for a complete and accurate

description of its contents; and (ii) respectfully refer the Court to public market sources for a true and accurate record of stock price on the relevant days.

258.    Paragraph 258 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 258, except admit that on December 29, 2021, DiDi filed a press release, dated December 30, 2021, Beijing Time, on SEC Form 6-K, announcing its unaudited condensed financial results for the second quarter ended June 30, 2021, and the third quarter ended September 30, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents.

259.    Paragraph 259 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 259, except: (i) admit that Bloomberg published an article on March 11, 2022, titled "Didi Plunges 44% After Halting Planned Hong Kong Stock Listing," and respectfully refer the Court to that article for a complete and accurate description of its contents; and (ii) respectfully refer the Court to public market sources for a true and accurate record of stock prices on the relevant days.

260.    Paragraph 260 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 260, except admit that: (i) on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on the SEC Form 6-K, titled "DiDi to Hold Extraordinary General Meeting on May 23, 2022," that announced, among other things, that: (1) DiDi would "hold an extraordinary general meeting of shareholders . . . on May 23, 2022" and (2) "the Board had authorized [DiDi] to organize a shareholders meeting to vote on the voluntary delisting of the Company's American Depositary Shares from the New York Stock Exchange as soon as practicable, and that in order to better cooperate with the cybersecurity review and rectification measures, [DiDi] will not apply for listing of its shares on any other stock exchange before completion of the Delisting," and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents; and (ii) on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on the SEC Form 6-K, titled "DiDi Global Announces Unaudited Quarterly Financial Results," that announced its unaudited condensed financial results for the fourth quarter ended December 31, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing stock price and trading volume on the relevant days.

261.    Paragraph 261 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, except admit that as of the filing of the Complaint, the

CAC had not publicly announced the conclusion of the cybersecurity review, and respectfully refer the Court to public market sources for a true and accurate record of the stock price change during the relevant period.

    **D.**    **Section 10(b) Allegations Against Didi Only**

262.    Paragraph 262 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 262.

263.    Paragraph 263 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 263 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 263.

264.    Paragraph 264 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 264.

265.    Paragraph 265 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 265.

266.    Paragraph 266 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 266.

267.    Paragraph 267 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 267.

**E.    Section 10(b) – Rule 10b5-1 Insider Trading Allegations Against Didi Only**

268.    Paragraph 268 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 268 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 268.

269.    Paragraph 269 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 269 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 269.

270.    Paragraph 270 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 270, except admit that DiDi ADS were sold in the IPO and that Plaintiffs claim to have purchased DiDi ADS in the IPO.

271.    Paragraph 271 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 271.

272.    Paragraph 272 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 272, except admit that DiDi ADS were sold in the IPO and that Plaintiffs claim to have purchased DiDi ADS in the IPO.

**F.    Section 10(b) - Rule 10b-5(a) and (c) Allegations Against the Officer Defendants and Didi Only**

273.    Paragraph 273 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 273, except admit that, on or about July 2, 2021,

DiDi was placed under a cybersecurity review by the CAC.

274.    Paragraph 274 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants, based on information and belief, deny the allegations in the first

sentence of Paragraph 274, and deny knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in the second sentence of Paragraph 274.

275.    Paragraph 275 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly

exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required,

the Underwriter Defendants deny the allegations in Paragraph 275, except admit that the

Underwriting Agreement filed with the Offering Documents required DiDi to provide officer

certifications attesting to representations and warranties contained in the Underwriting

Agreement, and respectfully refer the Court to the agreement for a complete and accurate

description of its contents.

276.    Paragraph 276 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 276 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 276.

277. Paragraph 277 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 277, except admit that, on or about July 2, 2021, the Underwriter Defendants received officer certificates from Will Wei Cheng, Jean Qing Liu, and Stephen Jingshi Zhu, on behalf of DiDi, and respectfully refer the Court to the certificates for a complete and accurate description of their contents.

278. Paragraph 278 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 278.

279. Paragraph 279 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 279.

280.    Paragraph 280 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 280, except admit that the Underwriters went forward with the IPO on July 2, 2021, after receiving, among other things, certificates from DiDi's officers.

### G.    Additional Scienter Allegations

281.    Paragraph 281 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 281, except admit that Xi Jinping is the General Secretary of the CPC, Chairman of the Central Military Commission, and President of the People's Republic of China, and by virtue of those positions, influences legal and regulatory affairs in China.  Although Paragraph 281 does not specify any public report as a source of its allegations, if and to the extent Paragraph 281 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

282.    Paragraph 282 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 282, except admit that: (i) DiDi

maintained a government affairs team at the time of the IPO; (ii) Daniel Yong Zhang served as Chairman of Alibaba Group and on DiDi's Board at the time of the IPO; (iii) Martin Chi Ping Lau served as President and Executive Director of Tencent Holdings Limited and on DiDi's Board at the time of the IPO; and (iv) Reuters published an article on July 20, 2021, titled "How Didi's govt relations team navigated myriad regulators, until IPO dustup," and respectfully refer the Court to the article for a complete and accurate description of its contents.

283.     Paragraph 283 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 283, except admit that Daniel Yong Zhang served on DiDi's Board at the time of the IPO and until December 29, 2021.

284.     Paragraph 284 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 284, except admit that: (i) Daniel Yong Zhang and Martin Chi Ping Lau served on DiDi's Board at the time of the IPO; (ii) the South China Morning Post published an article on August 11, 2021, titled "China's probe into ride hailing giant Didi Chuxing may lead to management reshuffle, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (iii) The Wall Street Journal published an article on August 18, 2021, titled "Rift Forms on Didi's Board

Following Beijing's Regulatory Assault," and respectfully refer the Court to the article for a complete and accurate description of its contents.

285.    Paragraph 285 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 285, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285 about the IPOs "in process" at the time the CAC instituted a cybersecurity review of DiDi. Although Paragraph 285 does not specify any public report as a source of its allegations, if and to the extent Paragraph 285 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

286.    Paragraph 286 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 286, except admit that, as disclosed in the Offering Documents, DiDi's existing shareholders at the time of the IPO were subject to a market standoff provision under DiDi's then-current shareholder agreement and shareholders holding at least 90% of DiDi's outstanding share capital had entered into lock-up agreements with the

underwriters, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents, including relating to Cheng's and Liu's shareholding.

287.     Paragraph 287 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

288.     Paragraph 288 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants, on information and belief, deny the allegations in Paragraph 288, except admit that: (i) DiDi met with the CAC and other regulators prior to the IPO; and (ii) as disclosed in the Offering Documents, DiDi met with regulators in April, 2021, and on May 14, 2021, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

289.     Paragraph 289 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 289.

290.    Paragraph 290 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 290, except admit that the South China Morning Post published an article on August 11, 2021, titled "China's probe into ride hailing giant Didi Chuxing may lead to management reshuffle, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents.

291.    Paragraph 291 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 291.

**H.    Presumption of Reliance**

292.    Paragraph 292 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 292 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 292.

## COUNT I

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### Against Didi and the Officer Defendants

293.    Paragraph 293 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–292.

294.    Paragraph 294 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 294, except admit that Plaintiffs purport to bring this claim under Section 10(b) of the Exchange Act and Rule 10b-5.

295.    Paragraph 295 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 295, except admit that Plaintiffs purport to assert three theories of liability under Section 10(b) of the Exchange Act and Rule 10b-5.

1.    **Liability Against Didi for Not Disclosing that the CAC Had Directed Didi to Postpone the IPO Until It Had Fully Complied with the CAC Directives**

296.    Paragraph 296 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 296.

297.    Paragraph 297 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 297.

298.    Paragraph 298 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 298 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 298.

299.    Paragraph 299 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 299 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 299.

2.     **Section 10(b) and Rule 10(b)(5) Liability for Insider Trading Against Didi**

300.     Paragraph 300 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 300.

301.     Paragraph 301 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 301.

302.     Paragraph 302 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 302 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 302.

303.     Paragraph 303 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 303, except admit that the Underwriter Defendants sold shares of DiDi ADS in connection with the IPO.

304.     Paragraph 304 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 304 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 304, except admit that Plaintiffs claim to have purchased DiDi ADS.

305.     Paragraph 305 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 305 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 305.

> 3.    **Liability Against Didi and the Officer Defendants for Delivering False Officer Certificates to the Underwriters that Deceived them into Closing the IPO and Delivering the ADSs**

306.     Paragraph 306 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 306.

307.     Paragraph 307 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. To the extent a response is required,

the Underwriter Defendants deny the allegations in Paragraph 307, except admit that, in connection with the IPO, the Underwriter Defendants were provided with officer certificates from DiDi certifying DiDi's representations and warranties in the Underwriting Agreement filed with the Offering Documents.

308.    Paragraph 308 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 308, except admit that, in connection with the IPO, the Underwriter Defendants were provided with officer certificates from DiDi certifying DiDi's representations and warranties in the Underwriting Agreement filed with the Offering Documents.

309.    Paragraph 309 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 309 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 309, except admit that, in connection with the IPO, the Underwriter Defendants were provided with officer certificates from DiDi certifying DiDi's representations and warranties in the Underwriting Agreement filed with the Offering Documents.

310.    Paragraph 310 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 310 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 310.

311. Paragraph 311 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 311 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 311, and respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for descriptions of Cheng's and Liu's roles at DiDi.

312. Paragraph 312 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 312 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 312.

## As to All Section 10(b) Claims

313. Paragraph 313 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323. *See* Complaint ¶¶ 384, 394. Additionally, Paragraph 313 states a

legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 313.

314.    Paragraph 314 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 314 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 314.

315.    Paragraph 315 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 315 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 315.

## COUNT II

### Violation of Section 20A of The Exchange Act
### Against Didi

316.    Paragraph 316 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–315.

317.    Paragraph 317 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 317, except admit that Plaintiffs purport to bring this claim under Section 20(A) of the Exchange Act.

318.    Paragraph 318 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 318 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 318.

319.    Paragraph 319 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 319.

320.    Paragraph 320 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 320, except admit that Plaintiffs claim to have purchased DiDi ADS in the IPO, and respectfully refer the Court to the Plaintiffs' PSLRA Certification forms for a complete and accurate statement of their contents.

321.    Paragraph 321 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 321 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 321.

322.    Paragraph 322 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 322.

<u>**COUNT III**</u>

**Violation of Section 20(a) of the Exchange Act**
**Against Cheng and Liu**

323.    Paragraph 323 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and expressly exclude Paragraphs 168–323.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–322.

324.    Paragraph 324 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 324 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter

Defendants deny the allegations in Paragraph 324, except admit that: (i) Will Wei Cheng was Founder, Chairman of the Board, and CEO of DiDi at the time of the IPO; and (ii) Jean Qing Liu was Co-Founder, Director, and President of DiDi at the time of the IPO, and respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for a complete and accurate description of Cheng's and Liu's roles at DiDi, share ownership, and voting control.

325.    Paragraph 325 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 325 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 325.

326.    Paragraph 326 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 326 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 326.

327.    Paragraph 327 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 327 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants. *See* Complaint ¶¶ 384, 394. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 327.

328.    Paragraph 328 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 328 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants.  *See* Complaint ¶¶ 384, 394.  Additionally, Paragraph 328 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 328.

329.    Paragraph 329 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, and Paragraph 329 relates to Count III of the Complaint for Violation of Section 20(a) of the Exchange Act, which is expressly excluded from the counts against the Underwriter Defendants.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 329.

## X.    SECURITIES ACT CLAIMS

330.    The Underwriter Defendants deny the allegations in Paragraph 330, and incorporate by reference their responses to Paragraphs 1–167.

331.    Because Paragraph 331 contains no factual allegations, no response is required.

### A.    Summary of Allegations Pertaining to the IPO

332.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 332, except admit that: (i) The Wall Street Journal published an article on July 5, 2021, titled "Chinese Regulators Suggested Didi Delay Its U.S. IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) the South China Morning Post published an article on July 6, 2021, titled "Didi Chuxing 'forced its way' to a New York listing, triggering data security review, sources say," and respectfully refer the Court

to the article for a complete and accurate description of its contents; (iii) the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents; (iv) The Wall Street Journal published an article on July 9, 2021, titled "Didi Tried Balancing Pressure From China and Investors.  It Satisfied Neither," and respectfully refer the Court to the article for a complete and accurate description of its contents; (v) The Japan Times published an article on July 22, 2021, titled "China Weighs Unprecedented Penalty for Didi After U.S. IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (vi) an undated document, titled "Interpretation on the Didi Incident," was suspected to be an internal report circulated by Huaxi Securities among investment institutions for internal reference, and respectfully refer the Court to the document for a complete and accurate description of its contents.

333.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 333, except admit that the South China Morning Post published an article on July 6, 2021, titled "Didi Chuxing 'forced its way' to a New York listing, triggering data security review, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents.

334.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 334, except admit that the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents.

335.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 335, except admit that The Wall Street Journal published an article on

July 9, 2021, titled "Didi Tried Balancing Pressure From China and Investors.  It Satisfied Neither," and respectfully refer the Court to the article for a complete and accurate description of its contents.

336.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 336, except admit that Bloomberg published an article on July 6, 2021, titled "China Cyber Watchdog Asked Didi to Delay IPO on Data Concern," and respectfully refer the Court to the article for a complete and accurate description of its contents.

337.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 337, except admit that the South China Morning Post published an article on July 9, 2021, titled "China's regulators suspect Didi's US listing was 'deliberate act of deceit,' a portrayal that shows severity of mistrust, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents.

338.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of what the CAC believed before the IPO, and otherwise, based on information and belief, deny the allegations in Paragraph 338, except: (i) admit that the South China Morning Post published an article on July 9, 2021, titled "China's regulators suspect Didi's US listing was 'deliberate act of deceit,' a portrayal that shows severity of mistrust, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents; (ii) admit that DiDi maintains a governmental affairs department; and (iii) incorporate by reference the Underwriter Defendants' responses to Paragraphs 20, 101, 104, and 133.  Although Paragraph 338 does not specify any public report as a source of its allegations, other than the July 9, 2021 South China Morning Post article, if and to the extent Paragraph 338 is describing information contained in any such public report, the Underwriter

Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

339.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 339, except admit that DiDi conducted its IPO on June 30, 2021, valued at $4.4 billion.

340.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 340, except admit that: (i) the South China Morning Post published an article on July 9, 2021, titled "China's regulators suspect DiDi's US listing was 'deliberate act of deceit,' a portrayal that shows severity of mistrust, sources say," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) Bloomberg published an article on July 22, 2021, titled "China weighs unprecedented penalty for DiDi after US IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

341.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of what Chinese officials said "in the aftermath," and otherwise, based on information and belief, deny the allegations in Paragraph 341, except admit that Bloomberg published an article on July 22, 2021, titled "China weighs unprecedented penalty for DiDi after US IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

342.    The Underwriter Defendants admit the allegations in Paragraph 342 and otherwise respectfully refer the Court to the Offering Documents and public market sources for a complete and accurate description of the offering size and proceeds.

343.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 343, except admit that: (i) the Financial Times published an article on July 6, 2021, titled "Didi Caught As China And US Battle Over Data," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) the CAC announced that DiDi was subject to a cybersecurity review on July 2, 2021.

344.    The Underwriter Defendants admit that the CAC posted a notice on its official website on July 2, 2021 at 7:19 a.m. Eastern Time, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

345.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 345.  Although Paragraph 345 does not specify any public report as a source of its allegations, if and to the extent Paragraph 345 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

346.    The Underwriter Defendants deny the allegations in Paragraph 346.  Although Paragraph 346 does not specify any public report as a source of its allegations, if and to the extent Paragraph 346 is describing information contained in any such public report, the Underwriter Defendants respectfully refer the Court to that public report for a complete and accurate description of its contents.

347.    The Underwriter Defendants deny the allegations in Paragraph 347, except admit that Reuters published an article on July 2, 2021, titled "China investigates Didi over cybersecurity days after its huge IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

348.    The Underwriter Defendants deny the allegations in Paragraph 348, except admit that Bloomberg published an article on July 2, 2021, at 8:09 a.m., titled "DiDi Dives as China Unveils New Cyber Probe After Mega IPO," and respectfully refer the Court to the article for a complete and accurate statement of its contents.

349.    The Underwriter Defendants admit that: (i) Marketwatch published an article July 2, 2021 at 8:58 a.m. (not by 8:51 a.m.), titled "DiDi shares slide 9% premarket on news China's internet regulator to investigate its cybersecurity risks," and respectfully refer the Court to the article for a complete and accurate description of its contents; and (ii) DiDi issued a press release on July 2, 2021, titled "DiDi Announces Cybersecurity Review in China," and respectfully refer the Court to the release for a complete and accurate description of its contents.

350.    The Underwriter Defendants deny the allegations in Paragraph 350, except admit that the CAC published an announcement on its official website on July 4, 2021, and respectfully refer the Court to the announcement for a complete and accurate description of its contents.

351.    The Underwriter Defendants deny the allegations in Paragraph 351, except admit that on July 6, 2021, DiDi filed a press release, dated July 4, 2021, on SEC Form 6-K, titled "DiDi Announces App Takedown in China," and respectfully refer the Court to the release for a complete and accurate description of its contents.

352.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 352.

353.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 353, except admit that Duowei News published an article on July 5, 2021, titled "Exclusive: Higher-Ups' Discontent With The U.S. Listing Of Didi, Punishment Will

Go Far Beyond That Of Alibaba," and respectfully refer the Court to the article for a complete and accurate description of its contents.

354.    The Underwriter Defendants, based on information and belief, deny the allegations in Paragraph 354, except admit that Bloomberg published an article on July 22, 2021, titled "China Weighs Unprecedented Penalty for Didi After US IPO," and respectfully refer the Court to the article for a complete and accurate description of its contents.

355.    The Underwriter Defendants deny the allegations in Paragraph 355, except admit that on December 3, 2021, DiDi filed a press release, dated December 2, 2021, on SEC Form 6-K, titled "DiDi Announces Recent Developments," that announced, among other things, that "its board of directors[] ha[d] authorized and support[ed] the Company to undertake the necessary procedures and file the relevant application(s) for the delisting of the Company's ADSs from the New York Stock Exchange," and respectfully refer the Court to that press release for a complete and accurate description of its contents.

356.    The Underwriter Defendants deny the allegations in Paragraph 356, except admit that Bloomberg published an article on March 11, 2022, titled "Didi Plunges 44% After Halting Planned Hong Kong Stock Listing," and respectfully refer the Court to that article for a complete and accurate description of its contents.

357.    The Underwriter Defendants deny the allegations in Paragraph 357, except admit that: (i) on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on the SEC Form 6-K, titled "DiDi to Hold Extraordinary General Meeting on May 23, 2022," and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents; and (ii) on April 18, 2022, DiDi filed a press release, dated April 16, 2022, on the SEC Form 6-K, titled "DiDi Global Announces Unaudited Quarterly Financial Results," that announced its unaudited

condensed financial results for the fourth quarter ended December 31, 2021, and respectfully refer the Court to the SEC filing for a complete and accurate description of its contents. The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing stock price and trading volume on the relevant days.

358.    The Underwriter Defendants deny the allegations in Paragraph 358, except admit that on May 2, 2022 (not May 4, 2022), DiDi filed on SEC Form 20-F its annual report for the fiscal year ended December 31, 2021, and respectfully refer the Court to the annual report for a complete and accurate description of its contents.

359.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 359, except admit that, as of the filing of the Complaint, the CAC had not publicly announced the conclusion of the cybersecurity review.

360.    The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

**B.    Defendants Had a Duty to Disclose the Omitted Facts**

361.    The Underwriter Defendants deny the allegations in Paragraph 361.

362.    Paragraph 362 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 362.

363.    Paragraph 363 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to Item 408 of Regulation C, 17 C.F.R. § 230.408, for a complete and accurate description of its contents.

364.    Paragraph 364 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 364.

365.    Paragraph 365 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 365.

366.    Paragraph 366 states legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 366.

### C.    Defendants Statements in the Underwriting Agreement Were Not True or Correct

367.    Paragraph 367 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 367, except admit that SEC Regulations § 229.500 et. seq, and § 229.601 set forth certain requirements relating to underwriting agreements, and respectfully refer the Court to the regulations for a complete and accurate description of their contents.

368.    The Underwriter Defendants deny the allegations in Paragraph 368, except admit that DiDi made certain contractual representations and warranties solely for the benefit of the Underwriter Defendants in the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

369.    The Underwriter Defendants deny that Paragraph 369 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

370.    The Underwriter Defendants deny that Paragraph 370 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

371.    The Underwriter Defendants deny the allegations in Paragraph 371.

372.    The Underwriter Defendants deny the allegations in Paragraph 372.

373.    The Underwriter Defendants admit that DiDi made certain contractual representations and warranties solely for the benefit of the Underwriter Defendants in the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

374.    The Underwriter Defendants deny that Paragraph 374 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

375.    The Underwriter Defendants deny that Paragraph 375 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

376.    The Underwriter Defendants deny that Paragraph 376 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

377.    The Underwriter Defendants deny the allegations in Paragraph 377.

378.    The Underwriter Defendants deny that Paragraph 378 completely and accurately describes the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for a complete and accurate description of its contents.

379.    The Underwriter Defendants deny the allegations in Paragraph 379, except admit that: (i) the CAC published the July 2, 2021 Announcement on its official website, and respectfully refer the Court to the announcement for a complete and accurate description of its contents; (ii) the CAC published an announcement on its official website on July 4, 2021, and respectfully refer the Court to the announcement for a complete and accurate description of its contents; and (iii) DiDi issued a press release on July 12, 2021, titled "DiDi Announces

Takedown of Additional Apps in China," and respectfully refer the Court to the release for a complete and accurate description of its contents.

380.    The Underwriter Defendants deny the allegations in Paragraph 380.

**D.    Defendants Were Negligent in Exercising their Due Diligence Responsibilities and Preparing the Registration Statement**

381.    The Underwriter Defendants deny the allegations in Paragraph 381.

382.    The Underwriter Defendants deny the allegations in Paragraph 382.

383.    The Underwriter Defendants deny the allegations in Paragraph 383.

**COUNT IV**

**Violations of §11 of the Securities Act
Against All Defendants**

384.    The Underwriter Defendants incorporate by reference their responses to Paragraphs 1–170 and 330–383.

385.    The Underwriter Defendants deny the allegations in Paragraph 385, except admit that Plaintiffs purport to bring this claim under Section 11 of the Securities Act.

386.    Paragraph 386 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 386.

387.    The Underwriter Defendants deny the allegations in Paragraph 387, except admit that Plaintiffs purport to advance two theories of liability for their claim under Section 11 of the Securities Act.

388.    The Underwriter Defendants deny the allegations in Paragraph 388.

389.    The Underwriter Defendants deny the allegations in Paragraph 389.

390.    Paragraph 390 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 390, except admit that they were the underwriters for the IPO.

391.    The Underwriter Defendants deny the allegations in Paragraph 391, except admit that Plaintiffs claim to have purchased DiDi ADS pursuant to and traceable to the IPO.

392.    The Underwriter Defendants deny the allegations in Paragraph 392, and respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

393.    Paragraph 393 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 393, except admit that this action was filed within three years of the effective date of the Registration Statement.

<u>**COUNT V**</u>

**Violations of §12(a)(2) of the Securities Act**
**Against the Underwriters and Didi**

394.    No response to Paragraph 394 is required to the extent it contains allegations relating to Section 12(a)(2) claims that are based on the alleged misstatements or omissions in the Underwriting Agreement, which the Court has dismissed.  *See* ECF No. 158 at 39.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–170 and 330–383.

395.    Paragraph 395 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 395, except admit that they offered, solicited the purchase of, and sold DiDi ADS in the IPO.

396.    Paragraph 396 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 396, except admit that Plaintiffs Shereen El-Nahas and Daniil Alimov claim to have purchased DiDi ADS in the IPO.

397.    Paragraph 397 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 397, and respectfully refer the Court to SEC Rule 159A for a complete and accurate description of its contents.

398.    The Underwriter Defendants deny the allegations in Paragraph 398, except admit that they offered, solicited the purchase of, and sold DiDi ADS in the IPO.

399.    The Underwriter Defendants deny the allegations in Paragraph 399, except admit that Plaintiffs purport to bring this claim under Section 12(a)(2) of the Securities Act, and purport to advance two theories of liability for that claim.

400.    The Underwriter Defendants deny the allegations in Paragraph 400.

401.    No response to Paragraph 401 is required because it contains allegations relating to Section 12(a)(2) claims that are based on the alleged misstatements or omissions in the Underwriting Agreement, which the Court has dismissed.  *See* ECF No. 158 at 39.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 401.

402.    No response to Paragraph 402 is required to the extent it contains allegations relating to Section 12(a)(2) claims that are based on the alleged misstatements or omissions in the Underwriting Agreement, which the Court has dismissed.  *See* ECF No. 158 at 39.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 402.

403.    No response to Paragraph 403 is required to the extent it contains allegations relating to Section 12(a)(2) claims that are based on the alleged misstatements or omissions in the Underwriting Agreement, which the Court has dismissed.  *See* ECF No. 158 at 39. Additionally, Paragraph 403 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 403.

404.     The Underwriter Defendants deny that Plaintiffs or the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss the claim against them with prejudice and order such further relief as the Court deems just and proper.

## COUNT VI

### Violations of §15 of the Securities Act
### Against Cheng and Liu

405.     Paragraph 405 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and are not named in Count VI.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–167 and 324–369.

406.     Paragraph 406 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and are not named in Count VI.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 406, except admit that Plaintiffs purport to bring this claim under Section 15 of the Securities Act.

407.     Paragraph 407 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Counts IV and V of the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and are not named in Count VI.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 407, except admit that: (i) Will Wei

Cheng was Founder, Chairman of the Board, and CEO of DiDi at the time of the IPO; and

(ii) Jean Qing Liu was Co-Founder, Director, and President of DiDi at the time of the IPO, and

respectfully refer the Court to the Offering Documents and DiDi's other filings with the SEC for

a complete and accurate description of Cheng's and Liu's roles at DiDi, share ownership, and

voting control.

408.    Paragraph 408 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Counts IV and V of

the Complaint, which expressly incorporate only Paragraphs 1–167 and 324–369, and are not

named in Count VI.  *See* Complaint ¶¶ 384, 394.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 408.

## XI. PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs or the putative class are entitled to any

relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request

that the Court dismiss the claims against them with prejudice and order such further relief as the

Court deems just and proper.

## XII. JURY TRIAL DEMANDED

The Underwriter Defendants state that no response to Plaintiffs' demand for trial by jury

is required.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without assuming any burden of proof, persuasion, or production not otherwise legally

assigned to the Underwriter Defendants as to any element of Plaintiffs' claims, brought

individually and on behalf of the putative class, the Underwriter Defendants assert the following

defenses:

## FIRST DEFENSE

The Section 11 and Section 12(a)(2) claims asserted against the Underwriter Defendants fail to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and the putative class lack standing to sue under the Securities Act, or to assert the Section 11 or 12(a)(2) claims against the Underwriter Defendants.

## THIRD DEFENSE

The Underwriter Defendants are not liable to Plaintiffs or the putative class because the Offering Documents and the Underwriting Agreement filed with the Offering Documents did not contain any false or misleading statements of material fact or omissions of material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statement not contained in the Offering Documents, the Underwriting Agreement, and materials incorporated therein.

## FOURTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted from the Offering Documents or the Underwriting Agreement filed with the Offering Documents, or to correct any information disclosed in the Offering Documents or the Underwriting Agreement.

## FIFTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the alleged omissions of material fact in the Offering Documents and the

Underwriting Agreement filed with the Offering Documents were not material to the investment decisions of a reasonable investor.

## SIXTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act because any allegedly material information allegedly omitted from the Offering Documents and the Underwriting Agreement filed with the Offering Documents was already disclosed and/or publicly known.

## SEVENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Documents and the Underwriting Agreement accompanying the Offering Documents became effective, that the statements in the Offering Documents and the Underwriting Agreement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## EIGHTH DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## NINTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of experts retained to assist in preparing such documents, including independent

auditors, tax specialists, and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, including that the Underwriter Defendants were entitled to rely on and did rely reasonably and in good faith upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Registration Statement that, subject to the conditions therein, the Registration Statement did not violate Section 11 of the Securities Act.

## TENTH DEFENSE

Any damages or injuries suffered by the Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

## ELEVENTH DEFENSE

Damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## TWELFTH DEFENSE

To the extent the Offering Documents, the Underwriting Agreement accompanying the Registration Statement, and materials incorporated therein are determined to have contained false or misleading statements or material omissions (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries

allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## THIRTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents or the Underwriting Agreement accompanying the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FOURTEENTH DEFENSE

Any damages or injuries suffered by Plaintiffs, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants, because any loss or diminution in value of DiDi stock, or any alleged damages or injuries suffered by Plaintiffs, are not the result of any alleged misrepresentations or omissions in the Offering Documents or the Underwriting Agreement accompanying the Offering Documents, and instead are the result of superseding, intervening, or independent cause unrelated to any act or omission on the part of the Underwriter Defendants, and are the proximate result, either in whole or in part, of actions or omissions of persons or entitles other than the Underwriter Defendants.

## FIFTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part by laches, estoppel, waiver, unclean hands, Plaintiffs' inequitable conduct, Plaintiffs' actions, omissions, or negligence, or other equitable doctrine.

## SIXTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs, the putative class, or others over which the Underwriter Defendants had no control.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased DiDi securities with actual or constructive knowledge of the risks involved in an investment in DiDi securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## NINETEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased DiDi securities with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto.

## TWENTIETH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class would have purchased DiDi securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TWENTY-FIRST DEFENSE**

The putative class is not certifiable under Federal Rule of Civil Procedure 23.

**TWENTY-SECOND DEFENSE**

Plaintiffs do not meet the adequacy or typicality requirements of Federal Rule of Civil Procedure 23.

**TWENTY-THIRD DEFENSE**

Plaintiffs and the putative class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

**TWENTY-FOURTH DEFENSE**

Plaintiffs and the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**TWENTY-FIFTH DEFENSE**

Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint, and are barred from recovering any damages which might reasonably have been avoided.

**TWENTY-SIXTH DEFENSE**

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

**TWENTY-SEVENTH DEFENSE**

Any amounts to which Plaintiffs or the putative class may be entitled must be set off by any amounts received or benefits gained.

**TWENTY-EIGHTH DEFENSE**

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**JURY TRIAL DEMANDED**

The Underwriter Defendants hereby respectfully demand a jury trial.

**WHEREFORE**, the Underwriter Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1.      That this action may not be maintained as a class action.

2.      That the Complaint, and each purported cause of action, is dismissed with prejudice;

3.      That the Court grant the Underwriter Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.      That the Court award the Underwriter Defendants any such other and further relief as the Court may deem just and proper.

DATED:      May 3, 2024                  Respectfully submitted,

                                        _/s/ Jonathan Rosenberg_

                                        **O'MELVENY & MYERS LLP**

                                        Jonathan Rosenberg
                                        Abby F. Rudzin
                                        Times Square Tower, 7 Times Square
                                        New York, New York 10036
                                        Telephone: (212) 326-2000
                                        Facsimile: (212) 326-2061
                                        jrosenberg@omm.com
                                        arudzin@omm.com

William K. Pao (*pro hac vice*)
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
wpao@omm.com

*Attorneys for Defendants Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., Citigroup Global Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC*