UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE DIDI GLOBAL INC. SECURITIES LITIGATION

Master Docket 1:21-cv-05807-LAK

This Document Relates To:  All Actions

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, the Parties to the above-captioned action (the "Action"), by and through the undersigned counsel, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.     Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Any document or information that is publicly available or is obtained voluntarily by a party from a non-party source that does not have a confidentiality obligation with respect to such material shall not be treated as confidential irrespective of designation. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     The Parties shall meet and confer if any party believes a production should bear a designation of "For Attorneys' or Experts' Eyes Only."

1

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the Parties may seek resolution by the Court. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. Nothing in this Protective Order constitutes an admission by any party that Confidential or Attorneys' or Experts' Eyes Only Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential and Attorneys' or Experts' Eyes Only Information.

4.      The challenging party shall initiate the dispute resolution process by providing written notice of each document whose designation it is challenging, identified by Bates number. The parties shall attempt to resolve each challenge in good faith.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process.

5.      In the event the parties cannot resolve a challenge, the parties may seek resolution by the Court under the Court's Individual Policies and Procedures and the Local Rules.  Unless and until the designating party has waived the designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

6.      The Confidential Information disclosed will be held and used by any person receiving such information solely for use in connection with this Action.

7.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

2

a.      The receiving party and counsel, including in-house counsel and co-counsel;

b.      Employees and agents of such counsel assigned to and necessary to assist in the litigation;

c.      The officers, directors and employees of the receiving party to whom disclosure is reasonably necessary for this action;

d.      Consultants, experts or vendors assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and who have signed the form attached hereto as Exhibit A;

e.      The Court or other person having access to any Confidential Information by virtue of his or her position with the Court;

f.      Any mediator and their supporting personnel;

g.      Any deposition witness or any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel associated with such officer and who have signed the form attached hereto as Exhibit A, but only during or in discussion of testimony by such persons and in connection with preparation therefor;

h.      The author, recipient, or custodian of the document, or anyone reasonably believed to have or had lawful access to the document; and

i.      Any other person agreed to by the Parties and on such conditions as may be agreed.

8.      Prior to disclosing or displaying the Confidential Information to those persons identified and described in Paragraph 7(a)-(i), counsel must:

a.      Inform the person of the confidential nature of the information or documents; and

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

9.      All documents designated as "ATTORNEYS' OR EXPERTS' EYES ONLY" shall not be disclosed to any person except the persons identified in section 7(a), (b), (d), (e), (f), (g), (h) and (i).  Prior to disclosing or displaying the Attorneys' or Experts' Eyes Only Information to those persons identified in this Paragraph, counsel must: (1) inform the person of the

3

confidential nature of the information and documents; and (2) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

10.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft or other improper or illegal purposes) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.  Notwithstanding the above, the producing party may redact PII consistent with Federal Rule of Civil Procedure 5.2(a).

12.    From the date of a deposition until thirty (30) business days after receipt of a final deposition transcript, such transcript shall be deemed Confidential Information in accordance with this Stipulation and Order unless the parties otherwise agree. Absent a timely written

designation (or other agreement between the parties as to timing) of some or all of the final transcript as Confidential or Attorneys' or Experts' Eyes Only, this presumptive designation shall lapse. The designation by a party or non-party of a transcript, exhibit, or video recording (or any portion of these) as Confidential or Attorneys' or Experts' Eyes Only Information shall be made in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice-versa.

13.     Under Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     The Parties shall follow Judge Kaplan's procedures with respect to filing under seal their own Confidential or Attorneys' or Experts' Eyes Only Information.  If a receiving party seeks to file with the Court or on appeal any Confidential or Attorneys' or Experts' Eyes Only Information produced by another party, or any papers containing or revealing such Confidential or Attorneys' or Experts' Eyes Only Information, the receiving party shall notify the producing party no less than three (3) business days prior to such filing and specifically identify the Confidential or Attorneys' or Experts' Eyes Only Information that it seeks to file with the Court. The receiving party shall meet and confer with the producing party in an attempt to reach

agreement concerning the potential filing of any Confidential or Attorneys' or Experts' Eyes Only Information. Absent the consent of the producing party under this Section or order of the Court, the receiving party shall file the Confidential or Attorneys' Eyes Only Information under seal. The producing party shall, within three (3) business days of the filing of the Confidential or Attorneys' or Experts' Eyes Only Information under seal, file a letter motion explaining the reasons for sealing the Confidential or Attorneys' or Experts' Eyes Only Information.

15.    If a Party seeks to use any Confidential or Attorneys' or Experts' Eyes Only Information produced by another party in any open-court proceeding in this Action, including, as evidence at any hearing or the trial, the proponent of the evidence shall use best efforts to advise the Court and the producing party in advance of the trial or proceedings that it intends to offer such Confidential or Attorneys' or Experts' Eyes Only Information. The proponent of the evidence shall use best efforts to meet and confer with the producing party at least three (3) business days prior to use of Confidential or Attorneys' or Experts' Eyes Only Information in an attempt to reach agreement concerning the potential use of such Confidential or Attorneys' or Experts' Eyes Only Information. Nothing in this Order, however, shall preclude a Party from using Confidential or Attorneys' or Experts' Eyes Only Information in any proceeding in the action, including but not limited to use for impeachment purposes. Nor shall anything in this Order preclude a party from seeking an appropriate protective order from the Court should that party seek to maintain the confidentiality of Confidential or Attorneys' Eyes Only Information used in open court. Notwithstanding, nothing in this section shall be construed to mean that Confidential or Attorneys' or Experts' Eyes Only Information may be used for any purpose other than in connection with this Action without the permission of the designating party or an order from the Court.

6

16.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' or Experts' Eyes Only Information to any person or in any circumstance not authorized under this Stipulation and Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Attorneys' or Experts' Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, (d) request such person or persons to execute the form attached hereto as Exhibit A, and (e) request such person or persons destroy any copies of the Confidential or Attorneys' or Experts' Eyes Only Information in their possession.

17.     At the conclusion of litigation, Confidential or Attorneys' or Experts' Eyes Only Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

18.     If any party has obtained Confidential or Attorneys' or Experts' Eyes Only Information under the terms of this Stipulation and Order and receives a subpoena, civil investigative demand, or other compulsory process commanding the production of such Confidential or Attorneys' or Experts' Eyes Only Information, the party shall promptly, and within a maximum of five (5) business days, notify the counsel of record for the designating party or non-party, in writing (including, but not limited to, by e-mail).  The designating party or non-party shall, within five (5) business days, inform the subpoenaed party either that it does not object to production of the Confidential or Attorneys' or Experts' Eyes Only Information or otherwise seek court protection to prevent the production.  If the designating party or non-party

fails to provide the subpoenaed party with a response, the subpoenaed party may produce the Confidential or Attorneys' or Experts' Eyes Only Information after ten (10) business days following the subpoenaed party's notification of the subpoena to the designating party or non-party.  In the event the designating party or non-party seeks court protection to prevent the production in a timely manner as described in this section, the subpoenaed party shall not produce any Confidential or Attorneys' or Experts' Eyes Only Information without the prior written consent of the designating party or non-party unless required by an order of a court of competent jurisdiction and with awareness of the objection.

19.     The provisions of this Stipulation and Order shall survive the conclusion of the Action.

20.     Parties and non-parties may, by written agreement and without further order of the Court, modify any non-material term of this Stipulation and Order (e.g., specified time periods) by written mutual agreement.

SO STIPULATED AND AGREED.

Dated:  May 17, 2024

*/s/ Corey Worcester*
_____
Corey Worcester
Renita Sharma
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10038
Tel: (212) 849-7000
Fax: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com

*Counsel for Defendants DiDi Global Inc., Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhuo, and Adrian Perica*

*/s/ Phillip Kim*
_____
Phillip Kim
Laurence Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

Scott Musoff
Robert Fumerton
Michael Griffin
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902
Fax: (212) 777-3902
smusoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant DiDi Global Inc.*

/s/ Jeffrey T. Scott
Jeffrey T. Scott
Andrew M. Kaufman
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498
Tel:  (212) 558-3082
Fax:  (212) 291-9138
scottj@sullcrom.com
kaufmana@sullcrom.com

Counsel for *Defendant Kentaro Matsui*

/s/ Matthew S. Kahn
Matthew S. Kahn
One Embarcadero Center
Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
mkahn@gibsondunn.com

Michael D. Celio (admitted *pro hac vice*)
Kevin J. White
310 University Avenue
Palo Alto, California 94301
Telephone: (650) 849-5300

/s/ Jonathan Rosenberg
Jonathan Rosenberg
Abby F. Rudzin
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
jrosenberg@omm.com
arudzin@omm.com

*Counsel for Defendants Goldman Sachs
(Asia) L.L.C.; Morgan Stanley & Co. LLC;
J.P. Morgan Securities LLC; BofA Securities,
Inc.; Barclays Capital Inc.; Citigroup Global
Markets Inc.; HSBC Securities (USA) Inc.;
UBS Securities LLC; Mizuho Securities USA
LLC; and China Renaissance Securities
(US) Inc.*

/s/ Sheryl Shapiro Bassin
Sheryl Shapiro Bassin
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
SBassin@wsgr.com

Ignacio E. Salceda (admitted *pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Tel: (650) 493-9300
Fax: (650) 493-6811
ISalceda@wsgr.com

*Counsel for Defendant Zhiyi Chen*

/s/ Stephen P. Blake
Stephen P. Blake
Bo Bryan Jin
SIMPSON THACHER & BARTLETT LLP

Facsimile:      (650) 949-5333                    2475 Hanover Street
mcelio@gibsondunn.com                             Palo Alto, CA 94304
kwhite@gibsondunn.com                             Telephone: (650) 251-5000
                                                  Facsimile: (650) 251-5002
Counsel fo*r Defendant Martin Chi Ping Lau*      sblake@stblaw.com
                                                  bryan.jin@stblaw.com

                                                  *Counsel for Defendant Daniel Yong Zhang*


**SO ORDERED.**


DATED: _____          _____
                                 Hon. Lewis A. Kaplan, U.S. District Judge

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 17th day of May 2024, this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Laurence Rosen*
Laurence Rosen

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEY EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.


DATED: _____

Signed: _____

_____
[print name]

Signed in the presence of: _____
(Attorney)