July 11, 2024

**VIA ECF**
The Honorable Lewis Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK:
              DiDi Global Inc.'s Letter Motion for a Protective Order
              Regarding Plaintiffs' Rule 30(b)(6) Deposition Notice

Dear Judge Kaplan:

DiDi Global Inc. ("DiDi" or the "Company") respectfully submits this letter in response to Plaintiffs' July 10, 2024 letter to the Court (ECF No. 196; the "Opposition") to correct the record and to inform the Court that given Plaintiffs' position, DiDi believes the dispute regarding Plaintiffs' 30(b)(6) notice to DiDi is now moot.[1]

Although Plaintiffs state that they "told DiDi it could delay its deposition until late September 2024, the same month DiDi must substantially complete its production of documents responsive to Plaintiffs' first set of document requests," and that "Plaintiffs then requested DiDi provide a date in October 2024, to no avail" (Opp. at 1), Plaintiffs are mistaken; Plaintiffs made no such offer at any time during the parties' negotiations.  Rather, during the parties' meet and confers, Plaintiffs maintained that a 30(b)(6) deposition must proceed in the near term and refused DiDi's suggestions that the 30(b)(6) deposition proceed after DiDi had produced documents.  For instance, on a June 14, 2024 meet and confer, Plaintiffs stated "we're not going to wait on documents" before taking the 30(b)(6) deposition because that was "not the strategy [Plaintiffs] were pursuing."  The next week, on a June 20, 2024 meet and confer, when Plaintiffs asked about the earliest date on which DiDi would agree to schedule a 30(b)(6) deposition, DiDi indicated it believed the deposition should occur after the Company produced the majority of its documents. Plaintiffs reiterated that they "don't think we'll wait that long" and then declared an impasse.

Given, as Plaintiffs note in their letter, that they have come to agreement with Morgan Stanley on a September deposition, it is possible that they have confused the parties' negotiations. In any event, Plaintiffs' current position mirrors the relief that DiDi has sought from the Court.  As such, the dispute reflected in DiDi's July 8, 2024 letter motion is moot.[2]

---

[1]     While DiDi disagrees with various aspects of the Opposition and reserves its rights, this letter is limited to addressing the resolution of the request made in DiDi's letter-motion.

[2]     Given DiDi's agreement to Plaintiffs' proposal, DiDi further believes that the parties can continue to meet and confer regarding the Topics, particularly as discovery proceeds, and also withdraws its motion regarding those topics as not currently ripe for resolution.

Respectfully submitted,

*/s/ Renita Sharma*

Renita Sharma
Corey Worcester
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10038
Tel: (212) 849-7000
Fax: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902
Fax: (212) 777-3902
smusoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant DiDi Global Inc.*