# MEMO ENDORSED

July 8, 2024

**VIA ECF**
The Honorable Lewis Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Denied as moot in light of dkt 197.

SO ORDERED 7/11/24
LEWIS A. KAPLAN, USDJ

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/24

Re: *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK:
DiDi Global Inc.'s Letter Motion for a Protective Order
Regarding Plaintiffs' Rule 30(b)(6) Deposition Notice

Dear Judge Kaplan:

Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's Individual Rules of Practice, DiDi Global Inc. ("DiDi" or the "Company") respectfully submits this Letter Motion for a Protective Order with respect to Plaintiffs' Amended Notice of a Rule 30(b)(6) Deposition, dated June 10, 2024 (enclosed herewith as **Exhibit 1**). The parties have met and conferred about the Amended Notice, but have been unable to reach a resolution. As a threshold matter, any Rule 30(b)(6) Deposition of DiDi at this time would be premature, impractical, and inefficient, including because neither party has produced documents yet. Moreover, most (if not all) of the requested topics are overbroad, unduly burdensome, irrelevant, or otherwise improper regardless of the timing of the deposition. Accordingly, DiDi respectfully requests that any Rule 30(b)(6) deposition be adjourned until the parties have substantially completed document production, at which time the parties can meet and confer on a new date and scope for any topics still at issue.

**BACKGROUND**

On May 6, 2024, only days after Defendants answered the Second Amended Complaint and weeks before the preliminary conference, Plaintiffs served a Rule 30(b)(6) notice (the "Initial Notice") demanding a deposition of DiDi on more than 80 topics and subparts. (**Exhibit 2**.) At this time, Plaintiffs had not even served a document request yet. In fact, the parties had just submitted their Rule 26(f) report the prior business day.

On May 22, 2024, the parties discussed the issue at the Court's initial conference. DiDi pointed out that the Initial Notice was premature and included many topics about the merits and substance of the case. (*See* May 22, 2024 Tr. at 14:15-15:2.) DiDi suggested any Rule 30(b)(6) deposition be postponed until after the parties produce documents. (*Id.*) Plaintiffs seemed to agree, proposing the parties "start[] with the 30(b)(6) and *have it by a date by which the documents will be produced*." (*Id.* at 14:1-2; *see also id.* at 6:25-7:2 ("So, we actually have issued 30(b)(6) deposition notices already. As far as taking depositions, *we need the documents*.").) There was no ripe dispute for the Court, and the parties agreed to meet and confer further. (*Id.* at 14:15-15:2.)

On June 7, 2024, DiDi sent Plaintiffs a letter reiterating that the Initial Notice was premature and substantively improper for a variety of reasons. DiDi also highlighted that many