UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE DIDI GLOBAL INC, SECURITIES LITIGATION

This document relates to:     All Cases
------------------------------------x

Master Docket
21-cv-5807 (LAK)

## ORDER ON MOTION TO COMPEL (Dkt 203)

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs' motion to compel is granted to the following extent:

1. The Court well understands the typical reliance by non-lead underwriters on due diligence performed by lead underwriters. Nevertheless, given that the seven non-lead underwriters each designated at least one person in their Initial Disclosures and given also the fact that the non-lead underwriters, as well as lead underwriters, bear a burden of proof with respect to the due diligence defense, each of the non-lead underwriters shall designate at least one custodian for purposes of searches for responsive discovery materials. The underwriters' position on this issue is unreasonable unless the non-lead underwriters are prepared to forego the due diligence defense.

2. Goldman Sachs and Morgan Stanley each shall include four custodians and JP Morgan two custodians in ESI searches. These figures should not be regarded as cast in stone, but reviewable as the matter progresses upon a real showing of need and proportionality.

3. The underwriters shall respond fully to Interrogatory Nos. 1 through 3. If indeed the underwriters "*have given* Plaintiffs precisely [the] information" (emphasis added) sought by Interrogatory Nos. 1 through 3, they should have no difficulty in providing that information under oath in the form typically used to prove such things to judges and juries. And to whatever extent they have not already given that information, but will do so via metadata contained in productions under the ESI protocol, they may qualify their responses to the interrogatory rather than furnish the information twice.

4. The underwriters shall respond fully to Interrogatory Nos. 4 through 7.

5. The underwriters shall respond to Interrogatory No,. 8 to the extent that they shall provide the names of employees who testified before the SEC. For the present, the Court will not require the production of all documents provided to the SEC. Once the IN RE DIDI GLOBAL INC, SECURITIES LITIGATION undewriters have completed their document production in this case, plaintiffs may raise the issue again if it cannot be resolved by agreement.

The motion is denied in all other respects.

SO ORDERED.

Dated:     September 19, 2024

Lewis A. Kaplan
United States District Judge