O'Melveny

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**MEMO ENDORSED**

November 21, 2024

Jonathan Rosenberg
D: +1 212 408 2409
jrosenberg@omm.com

The Honorable Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/24

Re:   *In re Didi Global Inc. Secs. Litig., No. 1:21-cv-05807*

Dear Judge Kaplan:

      We represent Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., China Renaissance Securities (US) Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC (collectively, "Underwriter Defendants"), in the above-referenced matter. Pursuant to the Confidentiality Stipulation and Protective Order (ECF 190), SDNY Local Rule 6.8, and Your Honor's Individual Filing Practices, we write to request approval to file under seal exhibits to the Underwriter Defendants' Opposition to Plaintiffs' November 19 letter motion to compel responses to Plaintiffs' first set of document requests under seal and publicly file a version of the letter with placeholder exhibits.

      The Underwriter Defendants have attached as exhibits to their Opposition: (i) documents produced by the Underwriter Defendants during discovery (Exhibits 7 to 10); (ii) excerpts of the Morgan Stanley & Co. LLC 30(b)(6) deposition transcript (Exhibit 5); and (iii) excerpts of the DiDi Global Inc. 30(b)(6) deposition transcript (Exhibit 6). The produced documents and Morgan Stanley deposition excerpts have been designated "Confidential" under the Protective Order, and the DiDi deposition excerpts have been designated "Attorneys' Eyes Only" under the Protective Order. The Protective Order provides that all "documents designated as "CONFIDENTIAL" shall not be disclosed to any person" other than, *inter alia*, the parties, their counsel, the Court, and other individuals agreed to by the parties. (ECF 190, ¶ 7.) Documents designated "ATTORNEYS' EYES ONLY" are even more strictly limited in dissemination. (*Id.* ¶ 9.)

      The exhibits attached to the Opposition include details about the Underwriter Defendants' confidential due diligence processes which, if disclosed, could cause competitive harm. Specifically, the produced documents are due diligence questionnaires prepared by the Underwriter Defendants and used in the course of their due diligence on the DiDi IPO, which reflect proprietary and commercially sensitive business information about the Underwriter Defendants' due diligence processes. The deposition excerpts likewise reflect sensitive information about Morgan Stanley's and the Underwriter Defendants' due diligence and DiDi's business. Courts "routinely permit parties to seal or redact commercially sensitive information in

**O'Melveny**

order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases); *see also Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *6–7 (D. Conn. May 16, 2023) ("Confidential commercial information of a business" [including] "confidential research, internal business documents and information about a business's operations" – "has been recognized repeatedly as a proper subject for sealing.") (sealing documents including non-public, proprietary information about business's internal processes and procedures); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (sealing "proprietary and commercially sensitive information" about "marketing program" and "marketing strategy"). Thus, the Underwriter Defendants seek to file under seal the exhibits that are copies of documents designated as "Confidential" or "Attorneys' Eyes Only."

The Underwriter Defendants are publicly filing their Opposition with placeholder exhibits and electronically filing under seal a copy of the Opposition with unredacted exhibits. The below Appendix lists the parties and their counsel of record who should have access to the sealed document.

Respectfully submitted,

*/s/ Jonathan Rosenberg*
Jonathan Rosenberg

cc: All counsel of record via ECF

Granted.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

11/22/24

2