

**The Rosen Law Firm**
INVESTOR COUNSEL

**MEMO ENDORSED**

December 10, 2024

**BY ECF**

Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/24

Re:   *In re DiDi Global Inc. Secs. Litig.*, No. 1:21-cv-05807
       Motion to Compel Underwriters' Search Terms and Custodians

Dear Judge Kaplan:

This motion to compel relates to the Underwriters' collection and review of relevant documents responsive to the first Set of Requests for the Production of Documents to the Underwriters ("RFPs"), to which responses were served June 28, 2024 (Ex. A).

**A. Search Terms and Custodians**

The Underwriters[1] continue to refuse to negotiate in good faith on both custodians (the subject of an earlier motion) and search terms. Never once providing hit counts for either side's proposed search terms, in violation of the ESI Protocol, the Underwriters unilaterally commenced document collection and review using custodians and search terms to which Plaintiffs have objected, while at the same time delaying their Court-ordered responses to interrogatories designed to help Plaintiffs select custodians. Predictably, they now contend it is prejudicial to use Plaintiffs' proposed search terms or custodians. It is not.

On July 5, 2024, Plaintiffs served their Second Set of Interrogatories on the Underwriters (the "Interrogatories") seeking information as to the specific roles of the members of the IPO deal team so that Plaintiffs could make an informed decision on appropriate custodians. On August 15, Underwriters proposed 8 search terms and 5 custodians. (Ex. B at 2-3). In response on August 23, Plaintiffs counter-proposed 48 search terms and requested hit counts as required by the so-Ordered ESI Protocol (ECF #194), making clear that custodian selection was dependent on the Underwriters' interrogatory responses. (Ex. C at 3).

On September 9, Plaintiffs moved to compel the Underwriters to answer the Interrogatories and to increase the number of custodians. On September 19, the Court granted the motion, in part, requiring 10 custodians for the lead Underwriters (4 each for Morgan Stanley and Goldman Sachs and 2 for JP Morgan) and one each for non-leads, and to fully respond to the Interrogatories – relief requested so that Plaintiffs could identify appropriate custodians. (ECF #208). After nearly two months of prodding by Plaintiffs, explaining that amended responses were necessary to select

---

[1] Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Secs. LLC, BofA Secs. Inc., Barclays Capital Inc., China Renaissance Secs. (US) Inc., Citigroup Global Markets Inc., HSBC Secs. (USA) Inc., UBS Secs. LLC, and Mizuho Secs. USA LLC are referred to herein as "the Underwriters".

THE ROSEN LAW FIRM, P.A.   275 MADISON AVENUE, 40TH FLOOR   NEW YORK, NY 10016   TEL: (212) 686-1060   FAX: (212) 202-3827

Memorandum Endorsement         In re Didi Global Inc. Secs. Litig., 21-cv-5807 (LAK)

      The motion is granted insofar as it seeks an order requiring (1) Morgan Stanley to include Ren Chen as a custodian and (2) the underwriter defendants to review for responsiveness all IPO working group communications involving their respective custodians for the five-day period from July 2, 2021, through July 6, 2021.  The motion is otherwise denied.

      SO ORDERED.

Dated:      December 19, 2024

                                                  Lewis A. Kaplan
                                          United States District Judge