MEMO ENDORSED

**The Rosen Law Firm**
INVESTOR COUNSEL

December 10, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/24

The Honorable Lewis A. Kaplan
United States District Court, Southern District Court of New York
500 Pearl Street
New York, NY 10007

Re: *In re DiDi Global Inc. Secs. Litig., No. 1:21-cv-05807*

Dear Judge Kaplan:

We represent Lead Plaintiff Junhong Cao, and named plaintiffs Shereen El-Nahas, Daniil Alimov, Alaka Holdings Ltd., Bosco Wang, and Njal Larson (collectively, "Plaintiffs"), in the above-referenced matter. Pursuant to the Confidentiality Stipulation and Protective Order (ECF #190), SDNY Local Rule 6.8, and Your Honor's Individual Filing Practices, we write to request permission to file under seal exhibits to the Plaintiffs' Motion to Compel responses to Plaintiffs' Second Set of Document Requests and publicly file a version of the letter motion with placeholder exhibits.

The Plaintiffs have attached as exhibits to their Motion to Compel documents that have been designated confidential under the Protective Order or documents that contain discussions of such confidential information. Plaintiffs ask the Court to seal the following documents because they are confidential or contain confidential information: (i) November 26, 2024, Letter to Underwriter Counsel re Search Terms and Custodians (Exhibit F-1); (ii) Excerpts of the Transcript of Morgan Stanley 30(b)(6) Deposition Witness David Lau (Exhibit H); (iii) Series of Email between Plaintiffs' Counsel and Underwriters' Counsel, dated December 6 re: Custodians (Exhibit I); and (iv) a document Goldman Sachs produced in discovery, DiDi Working Group List (Exhibit J).

The foregoing documents and Morgan Stanley deposition excerpts should be designated "Confidential" under the Protective Order. The Protective Order provides that all "documents designated as "CONFIDENTIAL" shall not be disclosed to any person" other than, *inter alia*, the parties, their counsel, the Court, and other individuals agreed to by the parties. (ECF #190, ¶ 7.)

The foregoing exhibits attached to Plaintiffs' Motion to Compel include communications between Plaintiffs' counsel and Underwriters' counsel that discuss confidential documents and deposition testimony, as well as actual confidential deposition testimony, and any disclosure may violate the Protective Order. Defendants' designation of the materials as Confidential under the Protective Order indicates that they may contain sensitive, proprietary or confidential

information about their business and operations.

Courts permit sealing requests that are narrowly tailored to prevent unauthorized dissemination of confidential business information, the protection of which outweighs the public's right of access. *Samsung Electronics Co., Ltd. v. Microchip Technology Inc.*, 2024 WL 4169353, at *3 (S.D.N.Y. Sept. 12, 2024); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"); *see e.g., Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations."); *see also Kewazinga Corp. v. Google LLC*, 2021 WL 1222122, at *7 (S.D.N.Y. July 17, 2024) (granting in part motion to seal confidential technical information to extent redactions narrowly tailored).

Plaintiffs are publicly filing their Motion to Compel with placeholder exhibits and electronically filing under seal a copy of the Motion with unredacted exhibits. The below Appendix lists the parties and their counsel of record who should have access to the sealed document.

Respectfully submitted,

*/s/ Laurence Rosen*

Laurence Rosen


cc: All counsel of record via EC

*[signature]*

*[signature] 12/19/24*

**2**