**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION | CASE NO. 21-CV-5807 (LAK)(VF)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT ALAKA HOLDINGS, LTD. AS LEAD PLAINTIFF IN PLACE OF JUNHONG CAO**<br><br><u>CLASS ACTION</u> |

For the reasons set forth below and in the accompanying declarations, current Lead Plaintiff Junhong Cao ("Cao") and Named Plaintiff Alaka Holdings, Ltd. ("Alaka") respectfully request the Court appoint Alaka as Lead Plaintiff in place of Cao, who seeks to withdraw from the action.

## I.  INTRODUCTION

### A.  Cao and Alaka Have Advanced the Litigation on Behalf of the Class

This action was filed on July 6, 2021. ECF 1. In accordance with the provisions of the Private Securities Litigation Act of 1995 ("PSLRA"), Cao and Alaka both filed motions to be appointed as the Lead Plaintiff. ECF 11 and 16. On October 12, 2021, the Court appointed Junhong Cao to lead the prosecution of the action on behalf of the putative class. ECF 69. On January 7, 2022, Cao, joined by named plaintiffs Alaka, Shereen El-Nahas, Bosco Wang, Daniil Alimov, and Njal Larson (collectively "Plaintiffs"), filed the First Amended Complaint for Violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 against DiDi Global, Inc. ("DiDi"), and certain of its present and former officers and directors and underwriters of DiDi's initial public offering ("IPO"). ECF 88.[1] Certain defendants filed motions to dismiss on March 8, 2022. ECF 92 and 95. In response, Plaintiffs requested, Defendants agreed to, and the Court approved the filing of the Second Amended Complaint ("Complaint")—filed on May 5, 2022. ECF 100, 105-106. All Defendants moved to dismiss the Complaint. ECF 112, 115, 130, and 151.

---

[1] The officer and director defendants are Will Wei Cheng, Jean Qing Liu, Alan Yue Zhuo, Stephen Jingshi Zhu, Daniel Yong Zhang, Zhiyi Chen, Martin Chi Ping Lau, Adrian Perica and Kentaro Matsui (the "Individual Defendants"). The underwriter defendants in this Action are Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., Citigroup Global Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC, (the "Underwriter Defendants" and with Didi and the Individual Defendants, collectively "Defendants").

On March 14, 2024, the Court denied the motions in full. ECF 158. Defendants answered the Complaint on May 3, 2024. ECF 174-181, 183. Thereafter, the Court entered orders with respect to the parties' stipulations concerning confidentiality and electronically stored information and a Scheduling Order. ECF 190, 192 and 194. Discovery commenced on May 22, 2024. ECF 182. Although fact discovery was initially scheduled to conclude on April 1, 2025, the Court granted Defendants' request for an extension until June 24, 2025. ECF 206.

Plaintiffs have expended substantial efforts in discovery. Plaintiffs and Defendants have served and responded to multiple sets of document requests and interrogatories. The process of arriving at the proper scope of document demands and obtaining sufficient responses to interrogatories entailed the exchange of extensive correspondence and a score of meet and confers. In October 2024, Plaintiffs took two Rule 30(b)(6) depositions (Morgan Stanley in New York and Didi in Hong Kong), after extensive negotiation of the topics to be covered. To date, Plaintiffs have reviewed over 190,000 documents, comprising nearly 1.86 million pages.

Plaintiffs have filed five motions to compel discovery. ECF 199, 203, 219, 230, and 243. The parties have engaged PRC legal experts concerning the pending motion to compel DiDi's 30(b)(6) deposition testimony. ECF 243 and 257. On January 6, Alaka and four other named plaintiffs filed a motion for class certification and appointment as class representatives, and approval of class counsel. ECF 261.

Cao has been actively working with her lawyers overseeing the litigation since filing a motion to be appointed Lead Plaintiff in September 2021.[2] Now, however, because of personal reasons, she requests to withdraw as Lead Plaintiff and from the action. Cao Decl. at ¶7. Named

---

[2] *See* Declaration of Junhong Cao in Support of Motion to Appoint Alaka Holdings, Ltd. as Lead Plaintiff in Place Of Junhong Cao ("Cao Decl.") Rosen Decl., Exhibit 1 at ¶¶3-6.

plaintiff Alaka, which has also overseen counsel and the litigation, requests that the Court appoint it as Lead Plaintiff in place of Cao.[3]

### B. Alaka Satisfies the Requirements to Be Named Lead Plaintiff

Alaka is a sophisticated investor which had originally moved to be appointed as Lead Plaintiff. Alaka Decl. ¶3; ECF 16. As the table below demonstrates, of the six lead plaintiff movants with the largest losses, Alaka has the next largest combined losses after Ms. Cao—over $1.6 million. (The table is derived from the competing movants' papers.[4]) As such, Alaka is the proper choice to serve as Lead Plaintiff in place of Cao.

| Movant | Section 10(b) Loss | Section 11 Loss[5] | Combined Losses |
|---|---|---|---|
| Junhong Cao | $3,636,176 | $696,610 | $4,332,786 |
| Alaka Holdings Ltd. | $1,120,560 | $486,220 | $1,606,780 |
| First Flag Supply Chain, Inc.[6] | $1,176,528 | $195,603 | $1,372,131 |
| Leonard Ross | $702,288 | $151,000 | $853,288 |
| Alireza Saifi | $546,014 | $120,800 | $666,814 |
| Raphael Fleischer | $30,142 | $6,176 | $36,318 |
| Group Total | $576,156 | $126,976 | $703,132 |
| Wonsuk Suh | $478,876 | $304,762[7] | $783,638 |

---

[3] Declaration of Alaka Holdings, Ltd. in Support of Motion to Appoint Alaka Holdings, Ltd. as Lead Plaintiff in Place of Junhong Cao ("Alaka Decl.") at ¶7. (Rosen Decl. Exhibit 2).

[4] See ECF 14-3 (Cao); ECF 18-3 (Alaka); ECF 35-2 (First Flag); ECF 32-2, (Ross); ECF 30-3, (Saifi & Fleischer); and ECF 21-2, (Suh).

[5] With the exception of Alaka and Suh, movants did not provide their Section 11 losses. All Section 11 losses are calculated using movants trades listed in their initial PSLRA certifications..

[6] First Flag's loss figures combine its own losses with two others' losses, which were assigned to First Flag. ECF 35-2 and 35-5.

[7] Suh calculated his Section 11 losses as $375,991. ECF 21-2 at 8. However, this loss in incorrect as Suh appears to have the wrong price for the date of suit. The correct price for date of suit results in a loss of $304,762.

3

Alaka also satisfies the typicality and adequacy requirements. Alaka meets the typicality requirement as its claims arise from the same misleading offering documents and officer certificate, and are based on the same factual and legal theories as the rest of the Class. Alaka meets the adequacy requirement because it has no conflicts with the Class and is represented by experienced securities class action counsel with demonstrated success in this and other securities fraud class actions, in particular against China-based, U.S.-listed companies. ECF 14-4 and 53 at 8.

In addition to meeting the qualifications for serving as the Lead Plaintiff, Alaka also has been actively involved in this litigation since its inception. As a named plaintiff, Alaka has participated in discovery and, in conjunction with moving to serve as a class representative, will soon sit for a deposition. Alaka Decl. at ¶6. For these reasons, the substitution of Alaka in place of Cao as Lead Plaintiff will not cause any undue prejudice or delay in the prosecution of the action. Cao and Alaka respectfully request the Court grant their motion and appoint Alaka as the substitute Lead Plaintiff.

## II.     ARGUMENT

### A.     The Court Is Empowered to Grant a Motion to Substitute the Lead Plaintiff

"Despite the absence of explicit authorization under the PSLRA or Rule 23, courts have the 'ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action.'" *Billhofer v. Flamel Techs., S.A.*, 2010 WL 3703838 at *2 (S.D.N.Y. Sept. 21, 2010) (quoting *In re NYSE Specialists Secs. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007)).

Because movants who previously complied with the PSLRA's lead plaintiff requirements have already demonstrated an interest in serving in a representative capacity on behalf of the class,

4

"[i]n general, courts have only considered lead plaintiff motions filed outside of the sixty-day window when necessary to have a lead plaintiff to represent the class." *NYSE Specialists*, 240 F.R.D. at 142. Otherwise, "where a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required published notice." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120 n.5 (S.D.N.Y.2002) ("*IPO*"); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.,* 862 F. Supp. 2d 322, 327 (S.D.N.Y. 2012) (quoting *IPO*); *Billhofer*, 2010 WL 3703838, at *4 (granting motion for withdrawal and substitution); *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 439-40 (E.D. Va. 2000) (rejecting movant with largest losses as substitute lead plaintiff because it had not filed a motion within 60 days of the initial notice).

Moreover, it is unlikely that there will be a timely or adequate newcomer, since the statute of repose has run for the Securities Act claims and is not tolled.[8] In any event, "[p]laintiffs who moved for lead plaintiff appointment within sixty days of the original notice are entitled to priority over [new movants]." *In re Smith Barney Transfer Agent Litig.,* 2011 WL 6318988, at *2 (S.D.N.Y. Dec. 15, 2011). Here, named plaintiff Alaka is ready and willing to assume the responsibility of Lead Plaintiff. This case is 3 ½ years old; there is no need to bring discovery— which has been moving full steam ahead for the past eight months—to a grinding halt.

### B. The Court Should Appoint Alaka as the Lead Plaintiff

In cases, where a lead plaintiff must be replaced, courts in this District have employed a three-part standard for appointing a new lead plaintiff that tracks the requirements for lead plaintiff selection under the PSLRA. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Specifically, courts evaluate:

---

[8] The Securities Act claims are subject to a three-year statute of repose. 15 U.S.C. § 77m. Statutes of repose are not tolled. *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc*., 582 U.S. 497, 510, 137 S. Ct. 2042, 2052 (2017).

5

  (1)  whether a proposed substitute lead plaintiff previously filed an initial complaint or made a timely request for appointment as lead plaintiff at the inception of the litigation;

  (2)  whether the substitute lead plaintiff has the largest financial interest in the action; and

  (3)  whether the substitute lead plaintiff otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.

*See, e.g., In re SLM Corp. Secs. Litig.,* 258 F.R.D. 112, 116 (S.D.N.Y.2009). As the *IPO* court noted, "[i]t only stands to reason that the appropriate lead plaintiff would be the next 'most adequate' plaintiff in accordance with the above criteria." 214 F.R.D. at 120. Here, that is Alaka.

### 1. Alaka timely moved to be appointed Lead Plaintiff

On July 6, 2021, the day the action commenced, notice thereof was published in accordance with the PSLRA's requirement to advise class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and that class members had sixty days to seek appointment as lead plaintiff. ECF 14-1. Due to the Labor Day holiday, the 60-day deadline for filing lead plaintiff motions fell on September 7, 2021. Alaka timely filed its lead plaintiff motion on September 7, 2021, within the 60-day statutory period. ECF 16. Thus, Alaka satisfies the first requirement to be appointed as lead plaintiff.

### 2. Alaka has the largest financial interest

"Because this action involves alleged violations of both the Exchange Act and the Securities Act, the combined loss for the Exchange Act and the Securities Act is the appropriate loss to determine which lead plaintiff has suffered the greatest total losses." *Duane & Virginia Lanier Tr. v. Sandridge Energy, Inc.*, 2016 WL 1056653, at *2 n. 4 (W.D. Okla. Mar. 16, 2016); *see also In re Block, Secs. Litig.*, 2024 WL 639470, at *5 n. 5 (S.D.N.Y. Feb. 15, 2024) (rejecting request to appoint lead plaintiff for Securities Act claims because "[c]ours do not assess a lead

6

plaintiff's financial stake in the litigation per claim"); *Maeshiro v. Yatsen Holding Ltd.*, 2023 WL 4684106, at *5 & n.6 (S.D.N.Y. Jul. 21, 2023) (same); *Crews v. Rivian Auto., Inc.*, 2022 WL 17883615, at *4-5 (C.D. Cal. July 1, 2022) (approving movant with largest combined Securities Act and Exchange Act losses); *Hoang v. ContextLogic, Inc.*, 2022 WL 1539533, at *4 (N.D. Cal. May 16, 2022) (same); *Sundaram v. Freshworks Inc.*, 2023 WL 1819158, at *3 (N.D. Cal. Feb. 8, 2023) (movant with both §§11 and 12 claims appointed lead plaintiff over objection that only §11 losses should be considered).

Combining Securities Act and Exchange Act losses, as the table on page 3 shows, Alaka has the largest financial interest of all the persons, entities and groups who timely filed lead plaintiff motions. Alaka purchased 322,000 shares of Didi American Depositary Shares ("ADSs") on June 30, 2021 (the day of DiDi's IPO),[9] for a purchase price of $4,991,000. Alaka lost $1,606,780 consisting of $1,120,560 in Exchange Act losses and $486,220 in Securities Act losses. Alaka thus has the greatest financial interest in the litigation.

### 3. Alaka meets the other requirements of Rule 23

The PSLRA provides that, in addition to possessing the largest financial interest, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In assessing a lead plaintiff movant, the "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). "The Rule 23 analysis for purposes of appointing a lead plaintiff is significantly less detailed than the Rule otherwise requires. One need

---

[9] Alaka's initial PSLRA certification listed the settlement date for its purchase as July 2, 2021 rather than the trade date of July 30, 2021. *See* ECF 35-2. Alaka's trade confirmations are attached as Exhibit 3 to the Rosen Decl. indicating the trade and settlement dates for its purchase and sales.

7

only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *NYSE Specialists*, 240 F.R.D. at 135 n. 9 (quoting *IPO*, 214 F.R.D. at 121) (cleaned up).

### a. Alaka's claims are typical of the Class's

A plaintiff satisfies the typicality requirement if it "has suffered the same injuries as the other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 265 (S.D.N.Y. 2019) (quoting *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011). Here, Alaka's claims arise from its purchase of DiDi shares pursuant to an allegedly misleading registration statement, and a scheme to defraud, and like all class members, it suffered losses when DiDi's share price declined in response to public disclosures. "This is the same course of events that allegedly injured the other members of the class," satisfying the typicality requirement. *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 62 (S.D.N.Y. 2022) (quoting *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015)) (typicality satisfied where lead plaintiff movant seeks "recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions with respect to a single course of conduct"). Alaka satisfies the typicality requirement.

### b. Alaka has no conflicts with the Class and has retained experienced counsel

Alaka unquestionably meets Rule 23(a)(4)'s requirement that the representative party will fairly and adequately protect the interests of the class. "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291,

8

297 (S.D.N.Y. 2010). "The purpose of the adequacy inquiry is to 'uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Perrigo Co. PLC Secs. Litig.*, 493 F. Supp. 3d 291, 294 (S.D.N.Y. 2020) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 2250 (1997). Alaka possesses the same interest in the litigation and suffered the same injury following its purchase of DiDi shares as all other class members. Thus, Alaka has no actual or potential conflicts of interest.

That Alaka is a sophisticated investor with deep business experience further evidences its adequacy to serve as Lead Plaintiff. Alaka's director and owner has been investing for decades. He earned an MBA from Harvard Business School; graduated with First Class Honors in Aeronautical Engineering from Imperial College of London; and founded and manages a private equity firm. Alaka Decl. at ¶3. Alaka's business and financial expertise demonstrates it will adequately represent the interests of the Class.

Further evidencing its adequacy, Alaka has been actively participating in the case as a named plaintiff since the filing of the first amended complaint in January 2022. ECF 88. Alaka has been regularly communicating with counsel concerning this case. Alaka Decl. at ¶6. Alaka has produced documents in response to defendants' document requests, answered interrogatories, and is scheduled to sit for a deposition in support of its motion to be appointed as a class representative. *Id*.

As set forth in Sec. I, above, and as the Court is aware, Alaka retained counsel who have vigorously pursued the Class's interests before this Court, including, *inter alia*, by researching the Class's claims before filing the Complaint, which withstood Defendants' motions to dismiss, and by filing, and winning in part, several motions to compel discovery. Alaka's ongoing participation

as a named plaintiff in the litigation, to date, shows it will continue to advance the litigation and protect the interests of the Class.

### 4. Substituting Alaka causes no undue prejudice or delay

Appointing Alaka to serve as Lead Plaintiff in Cao's stead will not cause undue prejudice to Defendants or delay in prosecution of the action because Alaka is already named in the Complaint and stands ready, willing, and able to lead the Class. In *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550, 553 (2004), the court appointed substitute lead plaintiffs where each of the proposed substitute lead plaintiffs had already moved for appointment as a class representative, had engaged in significant discovery, and had been in regular contact with counsel and had been actively monitoring the litigation. *Id.* at 552. The court found that defendants were unable to prove that their addition, which would allow the actions to continue to move forward, would prejudice the defendants.

Here, just as in the *IPO* case, the proposed new lead plaintiff Alaka has moved to be appointed a class representative, is a named plaintiff in the operative complaint, has actively participated in discovery, has been in regular contact with counsel, and has been monitoring the litigation. Alaka Decl. at ¶6. Appointing Alaka as Lead Plaintiff will allow a seamless lead plaintiff transition, avoid any prejudice to defendants, and prevent any delay of the proceedings.

### III.   CONCLUSION

For the reasons stated herein, the Court should issue an Order: (1) allowing Junhong Cao to withdraw as Lead Plaintiff and dismissing her individual claims, and (2) substituting Alaka Holdings, Ltd. as Lead Plaintiff in her stead.

| | |
|---|---|
| Dated: January 6, 2025 | Respectfully submitted, |

                                    **THE ROSEN LAW FIRM, P.A.**

By: /s/*Laurence Rosen*
Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Howald

275 Madison Ave, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
       pkim@rosenlegal.com
       jchen@rosenlegal.com
       dtyrekarp@rosenlegal.com
       rhowald@rosenlegal.com

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2025, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Appoint Alaka Holdings, Ltd. as Lead Plaintiff in place of Junhong Cao was served by CM/ECF to the parties registered to the Court's CM/ECF system**.**

                                                /s/*Laurence Rosen*
                                                Laurence Rosen
Case 1:21-cv-05807-LAK-VF Document 270 Filed 01/07/25 Page 13 of 13

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of January 2025, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Appoint Alaka Holdings, Ltd. as Lead Plaintiff in place of Junhong Cao was served by CM/ECF to the parties registered to the Court's CM/ECF system**.**

                                                /s/*Laurence Rosen*
                                                Laurence Rosen