> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #
> DATE FILED: 1-22-25

January 21, 2025

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

Re:  *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK:
<u>DiDi Global Inc.'s Motion to Seal</u>

Dear Judge Kaplan:

Pursuant to this Court's Standing Order, 19-mc-00583, Your Honor's Individual Rules of Practice, and the Confidentiality Stipulation and Protective Order (ECF No. 190) ("Protective Order"), Defendants DiDi Global Inc. ("DiDi"), Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhuo, and Adrian Perica (together with DiDi, "Defendants") respectfully requests permission to file their response ("Response") to Plaintiffs' Motion to Appoint Alaka Holdings, Ltd. as Lead Plaintiff in Place of Junhong Cao (the "Motion") and attached exhibit under seal with leave to file a public version of the Opposition with placeholders.

### I.  Standard

Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

In particular, a party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d 120; *see e.g., Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *see also Kewazinga Corp. v. Google LLC*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in part motion to seal confidential technical information to extent the proposed redactions were narrowly tailored).

SO *Granted*

LEWIS A. KAPLAN, USDJ
1/22/2025

1

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.   Materials to be Sealed

DiDi's Response and the attached exhibit refer to the deposition testimony of named Plaintiff Shereen El-Nahas, which has been designated as highly confidential pursuant to the Protective Order. Any disclosure of such information may violate the Protective Order.[1]

DiDi's request to seal these documents is narrowly tailored to protect its interests and the interests of third parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate the Motion.

Respectfully submitted,

/s/ Corey Worcester

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902

---

[1] The Protective Order provides that any "documents designated as 'CONFIDENTIAL' shall not be disclosed to any person" other than, *inter alia*, the parties, their counsel, the Court, and other individuals agreed to by the parties. Protective Order, ¶ 7.

2

Fax: (212) 777-3902
smusoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant DiDi Global Inc.*

cc:  All counsel of record via ECF