quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

February 5, 2025

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *In re Didi Global Inc. Securities Litigation* (S.D.N.Y.), Case No. 1:21-cv-05807-LAK
       DiDi's Request for Extension to Respond to Plaintiffs' Motion to Compel (Dkt. 285)

Dear Judge Kaplan:

Defendant DiDi Global Inc. ("DiDi") respectfully requests that the Court grant it three weeks, until February 26, 2025, to respond to Plaintiffs' Letter Motion to Compel DiDi's Production of Documents (ECF No. 285; the "Motion"), filed on February 3, 2025.[1]  DiDi has conferred with Plaintiffs, and Plaintiffs do not oppose this request.

DiDi requests this extension for three reasons.  **First**, Plaintiffs filed the Motion the evening of February 3, 2025, attaching roughly 1,400 pages of material as exhibits, including an expert report, the English portion of which is 70 pages long.  DiDi requests additional time to sufficiently review and respond to the volume of material produced by Plaintiffs along with the Motion, including, specifically, the expert report of Professor Zhang Hong (ECF No. 285-10; the "Hong Report").

**Second**, while DiDi does not intend to raise issues already addressed by this Court's prior order on Plaintiff's motion to compel deposition testimony (ECF No. 276) except to the extent necessary to preserve issues for appeal, DiDi requires time to consider and potentially address new issues raised in the Motion.  These new issues include, among others: references to various PRC

---

[1]  We submit this letter to Your Honor at this time so as to attempt to comply with the Court's rules, which require that requests for extensions be submitted two business days before the due date.  However, because we did not receive the Motion until the evening of February 3, we were not able to request an extension until today.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

laws and regulations[2] that were either not included or not discussed in depth in Plaintiff's prior motion to compel deposition testimony (ECF No. 243) or DiDi's opposition thereto (ECF No. 257); a recently published research study on "Countermeasures for China to Respond to the Expansion of the Extraterritorial Application of European and American Data Laws" (Hong Report ¶ 45); and arguments related to specific documents from DiDi's document productions.

*Third*, DiDi notes that it is reaching out to the PRC government authorities again—in light of the Court's recent decision on Plaintiff's motion to compel deposition testimony—with respect to what, if any, additional deposition testimony and documents it may be allowed to provide to Plaintiffs. Particularly given the Chinese New Year holiday travelling, additional time may permit DiDi to obtain further guidance.

Defendants have not previously requested any extension of the deadline to respond to the Motion.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Corey Worcester*

R. Corey Worcester

cc:  All counsel of record via ECF

---

[2] These include, among others, Regulations on the Management of Network Data Security (Hong Report ¶ 27), Regulations on Promoting and Regulating Cross-border Data Flows (*id.* ¶¶ 27, 61, 74), and Provisions on the Administration of Automobile Data Security (*id.* ¶¶ 13, 15, 27, 36, 61, 78-79).