Memorandum Endorsement          In re DiDi Global, Inc. Secur. Litig., 21-cv-5807 (LAK)

       DiDi moves to file its memorandum of law in support of its motion for certification for interlocutory appeal under seal, claiming that it concerns "competitively sensitive business operations" or that its disclosure "would put [the moving party] at a competitive disadvantage." (citations and internal quotation marks omitted).

       As DiDi concedes, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006). The Court has reviewed the memorandum with care. It is not persuaded that the *Lugosch* findings, or anything approaching them, are appropriate here.

       Motion (Dkt 291) denied.

       SO ORDERED.

Dated:     February 13, 2025

                                          /s/ Lewis A. Kaplan
                                          Lewis A. Kaplan
                                          United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/25

February 12, 2025

**VIA ECF**
The Honorable Lewis Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

# MEMO ENDORSED

Re:   *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK:
DiDi Global Inc.'s Motion to Seal

Dear Judge Kaplan:

Pursuant to this Court's Standing Order, 19-mc-00583, Your Honor's Individual Rules of Practice, and the Confidentiality Stipulation and Protective Order (ECF No. 190) ("Protective Order"), Defendant DiDi Global Inc. ("DiDi") respectfully requests permission to file its Memorandum of Law in Support of its Motion for Certification for Interlocutory Appeal Pursuant to 12 U.S.C. § 1292(b) (the "Motion") of this Court's January 22, 2025 Memorandum Opinion (ECF No. 276; the "Order") under seal.

### I.   Standard

Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

In particular, a party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d 120 (cleaned up); *see e.g., Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *see also Kewazinga Corp. v. Google LLC*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in part motion to seal confidential technical information to the extent the proposed redactions were narrowly tailored).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would