quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

February 19, 2025

<u>VIA ECF</u>

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   <u>*In re Didi Global Inc. Securities Litigation* (S.D.N.Y.), Case No. 1:21-cv-05807-LAK</u>

Dear Judge Kaplan:

On behalf of Defendant DiDi Global Inc. ("DiDi" or the "Company"), we write to provide the Court with an update in advance of the deposition scheduled to begin on February 20, 2025 in accordance with the Court's January 22, 2025 Order (ECF 276, the "Order").

As explained in the December 31, 2024 Declaration of Calvin Liu (ECF No. 257-5), upon the commencement of discovery in this action, DiDi sought permission from Chinese government authorities to disclose certain information in this litigation, including as part of the Rule 30(b)(6) deposition of DiDi. That permission was granted with respect to some information and denied as to other information. As a result, at the October 30-31, 2024 Rule 30(b)(6) deposition of DiDi, DiDi's corporate representative declined to answer certain questions which called for testimony the disclosure of which was contrary to Chinese law.

As DiDi further noted in its Letter Motion for an extension of time to complete a renewed 30(b)(6) deposition (ECF No. 290, "Extension Motion"), following receipt of the Court's Order, DiDi has shared the Court's Order, among other materials and developments from the case, with the Chinese authorities and has sought further guidance from the Chinese authorities with respect to what required information DiDi is permitted under Chinese law to produce. That conversation is ongoing. Accordingly, although DiDi anticipates that its corporate representative will be able to offer some additional information, the representative will again decline to provide other sensitive testimony that is prohibited from disclosure by PRC law at the deposition currently scheduled for February 20-21, 2025.

  DiDi has offered to Plaintiffs to conduct the forthcoming deposition remotely to mitigate the costs of travel to Hong Kong. Plaintiffs have rejected this offer, stating instead that they intend to move forward with the deposition in person. DiDi will therefore make a corporate designee available for an in-person deposition on the dates noticed by Plaintiffs.

  DiDi provides this update now in the interest of transparency and clarity to avoid any doubt as to how its deponent will testify. It does so, in part, due to prior disagreements as to the discussions between the parties in advance of the October 30-31, 2024 deposition. In particular, although Plaintiffs represented in their opposition to DiDi's Extension Motion that DiDi did not then inform Plaintiffs that it would be unable to respond to questions about discussions with PRC regulators (ECF No. 295 at 2). DiDi made clear to Plaintiffs prior to the October 30-31, 2024 deposition that Chinese law may prevent the witness from answering certain questions. During the parties' meet and confer on October 2, 2024, DiDi's counsel confirmed that due to PRC law restrictions, DiDi's corporate designee may testify that he was "not allowed to testify to [the] substance" of certain conversations with regulators.[1] Plaintiffs' counsel responded that in the event the designee was unable to answer a question, Plaintiffs "would expect the witness would simply say 'I can't discuss'" that topic, and that DiDi should provide the specific basis for its objection.

  We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*/s/ R. Corey Worcester*

R. Corey Worcester


cc: All counsel of record via ECF

---

[1] Due to prior disagreements concerning what was said during previous meet and confers, DiDi thereafter requested that all meet and confers be recorded.