February 28, 2025

Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *In re Didi Global Inc. Secs. Litig.,* No. 1:21-cv-05807
            Motion to Compel Defendant DiDi Global Inc.'s Responses to Interrogatories

Dear Judge Kaplan:

Plaintiffs move to compel Defendant DiDi Global Inc.'s ("DiDi") responses to two of Plaintiffs' Third Set of Interrogatories, which DiDi is withholding on the basis of PRC blocking statutes.

Plaintiffs previously moved to compel (i) DiDi's Rule 30(b)(6) testimony after DiDi's witness invoked PRC blocking statutes to refuse to provide testimony concerning DiDi's interactions with PRC regulators; and (ii) responsive, non-privileged documents DiDi redacted or withheld from production on the basis of PRC blocking statutes. This Court granted Plaintiffs' motion to compel DiDi's Rule 30(b)(6) testimony, holding that while it is not "clear cut" whether PRC law prohibited the discovery sought, a comity analysis weighs in favor of production. Plaintiffs' motion to compel DiDi's production of documents is currently pending in front of the Court.

At the Court's initial conference with the Parties, Your Honor instructed DiDi that "the U.S. rules apply," and "[i]f a foreign party invokes blocking statutes and the like, it will not stop me from ordering discovery and a timetable that suits the needs of this case in this court." May 22 Tr. at 5, Ex. 1. DiDi's counsel assured the Court that "Defendants are not objecting to production based on any blocking statutes or foreign statutes." *Id*. DiDi is now invoking blocking statutes to refuse to provide testimony, documents, and interrogatory responses.

The Court's decision compelling DiDi's Rule 30(b)(6) testimony is equally applicable here. Plaintiffs' interrogatories seek information concerning DiDi's interactions with PRC regulators during the relevant time period concerning data collection, privacy, cybersecurity, or DiDi's IPO. The interrogatories seek the same type of information that this Court compelled DiDi to provide in its 30(b)(6) deposition. DiDi refused to provide substantive responses to these interrogatories, citing PRC blocking statutes. The interrogatories seek information central to Plaintiffs' claims, PRC law does not prevent DiDi from providing the information, and – even if it did – a comity analysis weighs heavily in favor of compelling responses. The Court should grant this Motion in its entirety.

    A.    **Background**

Plaintiffs served their Third Set of Interrogatories on DiDi on November 15, 2024. Ex. 2. DiDi served responses and objections to the interrogatories on December 16, 2024 (the "Objections"). Ex. 3. The Objections provided substantive responses to Interrogatory Nos. 15 and 16, but DiDi invoked PRC blocking statutes in refusing to provide substantive responses to Interrogatory Nos. 13 and 14 (the "Interrogatories"). The Interrogatories are:

- **<u>Interrogatory No. 13:</u>** Identify the dates, locations, attendees (including names, titles and employer) and describe the purposes of, and matters discussed at, all meetings from

1

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 -1060 ♦ FAX: (212) 202 -3827

- February 1, 2021 to July 23, 2021, between representatives of DiDi and representatives of PRC government agencies concerning any of the following subject matters: (i) data collection; (ii) national security; (iii) Geographical Mapping Information; (iv) state secrets; (v) storage of data or information overseas or cross-border data transfer; (vi) cybersecurity; (vii) data protection; (viii) personal privacy; (ix) information security; (x) network security; (xi) critical information infrastructure or the obligations of a critical information infrastructure operator; (xii) DiDi's IPO.
- **Interrogatory No. 14:** For the period from January 1, 2021 through July 2, 2021, identify all inquiries or requests for information or documents from any PRC government agency regarding the collection, processing, use, sharing or storage of personal data or security protocols for such data, or sensitive, valuable or consumer data, and identify the PRC government agencies making the inquiry, or issuing the request, the date of the inquiry or request, the documents or information requested or inquired about, and if and when DiDi provided such documents or information to the PRC government agencies.

DiDi objected to both Interrogatories, stating in relevant part that ███████  ███████ Based on that objection, DiDi responded that it ███████

On February 3, 2025, Plaintiffs requested to meet and confer concerning the Objections, and the parties met and conferred on February 13, 2025. At the meet and confer, DiDi confirmed that (i) the PRC blocking statutes DiDi is invoking are the same as those it invoked in refusing to provide relevant, non-privileged testimony and documents; and (ii) it was not standing on any objections other than PRC blocking statutes.

**B. There is no conflict of law**

To determine "whether foreign law stands as a bar to discovery, the party opposing production bears the burden of proving what that law is and demonstrating why it impedes production." *S.E.C. v. Gibraltar Glob. Sec., Inc.*, 2015 WL 1514746, at *2 (S.D.N.Y. Apr. 1, 2015). The declaration of Professor Zhang Hong (Ex. 4) demonstrates that DiDi fails to establish that PRC law precludes DiDi from providing substantive responses to the Interrogatories.

First, DiDi fails to establish any PRC laws that preclude discovery of *any* communications between DiDi and the PRC government. *See* Ex. 4, at ¶¶9-13.

Second, crucially, PRC law places the burden on DiDi to attempt to declassify any purported state secrets, and DiDi has failed to do so. Ex. 4, at ¶¶9-13. DiDi has not demonstrated that any PRC governmental authority has classified the withheld information as state secrets or other confidential information in writing, nor has DiDi demonstrated that any PRC governmental authority has explicitly prohibited their disclosure. DiDi has not informed Plaintiffs whether DiDi

---

[1] DiDi also served a wholly inadequate partial response to Interrogatory No. 13: ███████ Ex. 3.

has even discussed the Interrogatories with PRC governmental authorities, much less provided any evidence that they have been instructed to withhold the requested information. Further, as the Court has observed, the two declarations DiDi has submitted from its general counsel (ECF Nos. 257-5 and 310-7) fail to establish what information (if any) the government has instructed DiDi to withhold or the legal basis for any such instruction. *See* ECF No. 276 at 8 & n.17 ("DiDi's submission provides no additional information about what the instruction was or the legal basis for it, and "there is not sufficient indication that the Chinese government has expressed a view that the disclosure at issue would violate Chinese law or threaten its national interests.").[2]

"Without a demonstrable conflict, no comity analysis is necessary." *In re Aphria, Inc. Sec. Litig.*, 2024 WL 4335819, at *3 (S.D.N.Y. Sept. 27, 2024).

### C. A Comity Analysis Weighs Strongly in Favor of Compelling Production

"It is well settled that [foreign blocking] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 & n.29 (1987). The Supreme Court has established five factors for courts to consider when conducting a comity analysis. "The fifth factor-the balancing of national interests-is the most important, as it directly addresses the relations between sovereign nations." *Gibraltar*, 2015 WL 1514746, at *5. The relevant factors weigh strongly in favor of disclosure.

1. <u>Importance of Information to the Litigation</u>. The Interrogatories seek information essential to proving Plaintiffs' claims. Ex. 2. Interrogatory No. 13 seeks information concerning DiDi's meetings with PRC regulators with regard to certain topics related to data security, privacy, cybersecurity, and DiDi's IPO. As the Court observed in its it order granting Plaintiffs' motion to compel deposition testimony, Plaintiffs' claims "heavily rely on interactions between DiDi and Chinese regulators." ECF No. 276, at 8. Similarly, Interrogatory No. 14 seeks information concerning any PRC governmental inquiries or requests for information to DiDi concerning those same topics in the months leading up to the IPO. Ex. 2. This information is equally important to Plaintiffs' claims. *See* ECF No. 158 at 36-37 (holding the SAC adequately alleged the falsity of DiDi's representation that "'[t]here are no' undisclosed 'governmental actions . . . including . . . inquiries or investigations' involving the Company that would 'have a Material Adverse Effect' on it); *id.* at 4-5 (Plaintiffs adequately alleged "the CAC directed Didi to postpone its IPO" until "Didi had completed . . .  a thorough self-inspection of its business, operations and policies. . . to ensure compliance with all applicable laws and regulations concerning national security, network security, data security, and/or the collection and protection of private personal information.").

2. <u>Specificity of Request</u>. The Interrogatories are narrowly tailored, and DiDi is not standing on any objection concerning overbreadth.

3. <u>Origin of Information</u>. The information likely originated in China.

4. <u>Alternative Means</u>. As the Court previously held, Plaintiffs have no plausible alternative means of obtaining the information DiDi is withholding. ECF 276, at 8. "[C]ourts in this district repeatedly have held that proceeding via the Hague Convention is 'not a viable alternative

---

[2] [redacted]

method' of securing discovery from China." *Id*. (quoting *Owen v. Elastos Found.,* 343 F.R.D. 268, 287 (S.D.N.Y. 2023)); Ex. 4, at ¶¶41-48. Further, parties are not required to "first resort to Convention procedures whenever discovery is sought from a foreign litigant." ECF 276, at 8-9 (quoting *Aerospatiale*, 482 U.S. at 542).

5. <u>Balance of National Interests</u>. The US has an undeniably strong interest in regulating its securities markets. ECF 276, at 7 (citing cases). Further, the US "has a substantial interest in fully and fairly adjudicating matters before its courts, and achieving that goal is only possible with complete discovery." *Id*. (quoting *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 206 (S.D.N.Y. 2013). China has an interest in enforcing its laws, but "it is not evident that disclosure of information about DiDi's interactions with Chinese regulators would undermine those interests in any material way." ECF 276, at 8. Finally, there is "no reliable evidence that the Chinese government has objected to disclosure of this information," and, even if it had, the "'very broad flexibility in defining state secrets' under Chinese law further weakens the nexus between China's legitimate interests and non-disclosure." *Id*., at 7-8.[3]

Some courts in the Second Circuit also consider two additional factors: the hardship of compliance and good faith. *Wultz*, 910 F. Supp. 2d at 553. These factors also weigh in favor of disclosure. First, DiDi's Objections are not in good faith. DiDi: (i) falsely told the Court it was not invoking blocking statutes, (ii) failed to tell Plaintiffs its intent to withhold all government information during meet and confers, and (iii) baselessly redacted hundreds of documents that are obviously not protected under PRC law (*see* ECF No. 285 at 2-3). DiDi's position is solely for its litigation advantage. Second, DiDi also fails to establish any hardship. DiDi has not cited any PRC-based company that was punished for abiding by the discovery orders of a US court. Ex. 4, at ¶¶77-83; *see, e.g., Concepts NREC, LLC v. Qiu*, 662 F. Supp. 3d 496, 532 (D. Vt.), *objections overruled,* 698 F. Supp. 3d 698 (D. Vt. 2023) (enforcing subpoena, in part, because "the Court has no information demonstrating that a Chinese individual or entity has been penalized under the DSL or other Chinese laws for compliance with a discovery demand in a U.S. court"). DiDi has faced no consequences for providing information concerning its interactions with PRC regulators to the Underwriters as part of the normal due diligence process[4], and the Underwriters (including PRC-based China Renaissance) have faced no consequences for producing material DiDi is withholding (*see* ECF No. 285 at 2-4). DiDi cannot use the United States markets to enrich themselves while escaping liability from US investors. *See, e.g., Valsartan,* 2021 WL 6010575, at *18 ("Even though between a 'legal rock and hard place', PRC defendants cannot enter the U.S. market expecting a possible shield from unfavorable discovery by PRC blocking statutes.").

Plaintiffs respectfully request the Court order DiDi to provide substantive responses to the Interrogatories.

---

[3] [redacted]

[4] Withholding such information from the Underwriters would preclude the Underwriters from conducting adequate due diligence into DiDi's IPO. DiDi has not – and cannot – provide any good faith explanation of how PRC law allows DiDi to provide this information to non-PRC-based underwriters while withholding it from Plaintiffs.

                        Respectfully submitted,

                        **THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Howald
Brent J. LaPointe
275 Madison Ave, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
       philkim@rosenlegal.com
       jchen@rosenlegal.com
       dtyrekarp@rosenlegal.com
       rhowald@rosenlegal.com
       blapointe@rosenlegal.com

*Lead Counsel for Plaintiffs*

5

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**