# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE DIDI GLOBAL INC. SECURITIES LITIGATION**<br><br>This Document Relates To:  All Actions | Master Docket<br><br>Case No. 1:21-cv-05807-LAK-VF<br><br>**PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DIDI GLOBAL, INC.** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, Lead Plaintiff Junhong Cao and named Plaintiffs Shereen El-Nahas, Alaka Holdings Ltd., Bosco Wang, Daniil Alimov, and Njal Larson (together, "Plaintiffs"), by and through their undesigned counsel, hereby demand that Defendant Didi Global, Inc. ("Defendant"), answer fully and in writing and under oath the following Interrogatories and serve each of its answers within thirty (30) calendar days on The Rosen Law Firm, P.A., 275 Madison Ave, 40th Floor, New York, NY, 10016.

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests in Local Civil Rule 26.3 of the SDNY Local Rules applies to these document requests.

2. "PRC" refers to People's Republic of China.

3. "CAC" refers to the PRC Cybersecurity Agency and any and all of its local offices of any level across PRC. This term has the same meaning as defined in the Complaint.

4. "DiDi" means DiDi Global, Inc. and all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, direct and indirect

1

subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

5.  "You" and "Your" refers to DiDi as defined above.

6.  "CSL" refers to the PRC Cybersecurity Law, effective as of June 1, 2017.

7.  "Personal data" means all kinds of information, whether recorded by electronic or other means, related to identified or identifiable natural persons.

8.  The terms "all," "any," and "each" must each be construed as encompassing "any" and "all."

9.  The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word includes the plural, and vice versa.

## INSTRUCTIONS

1.  Each Interrogatory must be answered separately, fully, and specifically in writing under penalties of perjury, unless it is objected to, in which event the reasons for the objection must be stated in lieu of the answer in a separate document. Each answer or objection must be preceded by the Interrogatory to which it responds. The answers must be signed by You.

2.  In answering these Interrogatories, You are required to provide complete answers. For each answer, You must include all information that You know or that is available to You, including any and all information that You can obtain from: (1) making inquiry of Your principals, agents, employees, attorneys, representatives, any person acting or purporting to act on Your behalf, and any other persons in active concert and participation with You or with them, whether past or present and without regard to whether such relationship currently exists or has been terminated; and (2) making examination of any and all documents or tangible things in Your

possession, custody, or control that in any way refer or relate to the information sought by these Interrogatories.

3. Each Interrogatory is to be construed as asking for the source of any information provided in Your answer thereto, including the identification of each person from whom You obtained any information provided in Your answer and a description of any documents or tangible things relied upon by You in making Your answer. Unless otherwise specifically so stated in Your answer, Your answer will be deemed to include all of Your own personal knowledge.

4. These Interrogatories are continuing, so as to require additional answers if You obtain any further information that is responsive to any Interrogatory between the time these Interrogatories are served and the time of trial in this action. Such supplementary responses are to be served on the undersigned counsel promptly up to the final resolution of this action, whether by trial or otherwise.

5. Estimates or approximations should be given, but only where precise data cannot be supplied. Any estimates or approximations should be designated as such and should include statements as to the reason precise data cannot be supplied.

6. If You claim privilege or any other testimonial immunity to any information responsive to an Interrogatory, please provide the following information for each such claim: (a) the nature of the privilege or immunity; (b) the identity of the originator or author of the document or communication for which the privilege or immunity is claimed; (c) the identity of each recipient of the document or communication; and (d) a summary of the document or communication claimed to be privileged.

7. If any of the foregoing Definitions and Instructions have not been fully complied with or followed in answering an Interrogatory, identify each Definition or Instruction with which

You have not complied or followed, and state the grounds for such non-compliance in Your answer to the Interrogatory.

## **INTERROGATORIES**

13. Identify the dates, locations, attendees (including names, titles and employer) and describe the purposes of, and matters discussed at, all meetings from February 1, 2021 to July 23, 2021, between representatives of DiDi and representatives of PRC government agencies concerning any of the following subject matters: (i) data collection; (ii) national security; (iii) Geographical Mapping Information; (iv) state secrets; (v) storage of data or information overseas or cross-border data transfer; (vi) cybersecurity; (vii) data protection; (viii) personal privacy; (ix) information security; (x) network security; (xi) critical information infrastructure or the obligations of a critical information infrastructure operator; (xii) DiDi's IPO.

14. For the period from January 1, 2021 through July 2, 2021, identify all inquiries or requests for information or documents from any PRC government agency regarding the collection, processing, use, sharing or storage of personal data or security protocols for such data, or sensitive, valuable or consumer data, and identify the PRC government agencies making the inquiry, or issuing the request, the date of the inquiry or request, the documents or information requested or inquired about, and if and when DiDi provided such documents or information to the PRC government agencies.

15. Prior to June 30, 2021, describe any efforts or attempts You made to determine whether DiDi was or could be subject to the PRC legal definition of a Critical Information Infrastructure Operator ("CIIO") under the 2017 CSL and any conclusions DiDi made concerning its then current status or potential future status as a CIIO and its associated obligations as a CIIO.

16. Prior to June 30, 2021, identify any PRC government agency or third-party professionals or consultants from whom you sought guidance concerning DiDi's status as a CIIO or a potential CIIO under the 2017 CSL, and describe the opinions provided and conclusions reached during such consultations and whether any written records concerning such consultations were prepared.

| | |
|---|---|
| DATED:  November 15, 2024 | **THE ROSEN LAW FIRM, P.A.**<br><br>By: */s/Laurence Rosen*<br>Laurence M. Rosen<br>Phillip Kim<br>Jing Chen<br>Daniel Tyre Karp<br>Robin Howald<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827<br>Emails: philkim@rosenlegal.com<br>lrosen@rosenlegal.com<br>jchen@rosenlegal.com<br>dtyrekarp@rosenlegal.com<br>rhowald@rosenlegal.com<br><br>*Lead Counsel for Plaintiffs*<br><br>and<br><br>**GLANCY PRONGAY & MURRAY LLP**<br>Kara M. Wolke (admitted pro hac vice)<br>Leanne H. Solish (admitted pro hac vice)<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Fax: (310) 201-9160<br>Emails: kwolke@glancylaw.com<br>lsolish@glancylaw.com<br><br>*Additional Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2024, a true and correct copy of the foregoing document was e-mailed to counsel of record for Defendants.

*/s/ Laurence Rosen*
Laurence Rosen
