**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION | Master Docket 1:21-cv-05807-LAK <br><br> This Document Relates To: All Actions |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DIDI GLOBAL INC.'S MOTION FOR CERTIFICATION FOR**
**INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  The Court Should Certify the Order for Interlocutory Appeal Pursuant to Section 1292(b) ...................................................................................................................2

    A.  The Order Did Not Properly Address Hardship or Good Faith ...............................2

    B.  DiDi Meets The Requirements For Certification Of An Interlocutory Appeal ........................................................................................................................4

        1.  The Order Presents Controlling Questions Of Law .....................................4

        2.  The Court's Differing Application Of The International Comity Factors Establishes A Substantial Ground For A Difference Of Opinion .......................................................................................................6

        3.  An Immediate Appeal Will Materially Advance Termination Of The Litigation ................................................................................................9

II.  DiDi Properly Sought Certification Pursuant to Section 1292 ..........................................9

CONCLUSION ................................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

*In re A2P SMS Antitrust Litig.*,
  2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) ................................................................................6

*Averbach v. Cairo Amman Bank*,
  2025 WL 504612 (S.D.N.Y. Feb. 14, 2025) ............................................................................3, 5

*Balintulo v. Daimler AG*,
  727 F.3d 174 (2d Cir. 2013) ......................................................................................................6

*Banerjee v. Zhangmen Educ.*,
  2023 WL 2711279 (S.D.N.Y. Mar. 30, 2023) ...........................................................................6

*CE Int'l Res. Holdings v. S.A. Minerals Ltd.*,
  2013 WL 2661037 (S.D.N.Y. June 12, 2013) ...........................................................................8

*Chevron Corp. v. Berlinger*,
  629 F.3d 297 (2d Cir. 2011) ....................................................................................................10

*Chevron Corp. v. Donziger*,
  296 F.R.D. 168 (S.D.N.Y. 2013) (Kaplan, J.) ..........................................................................2

*In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*,
  2019 WL 1988525 (S.D.N.Y. May 6, 2019) ..........................................................................3, 7

*Concepts NREC, LLC v. Qiu*,
  662 F. Supp. 3d 496 (D. Vt. 2023) ............................................................................................5

*Dagan Invs. v. First High-Sch. Educ.*,
  2023 WL 8452223 (S.D.N.Y. Dec. 6, 2023) .............................................................................6

*Dill v. JPMorgan Chase Bank, N.A.*,
  2021 WL 3406192 (S.D.N.Y. Aug. 4, 2021) .............................................................................5

*Doubleline Capital LP v. Odebrecht Fin.*,
  2021 WL 4596561 (S.D.N.Y. Oct. 6, 2021) ..............................................................................8

*In re Fosamax Prods. Liab. Litig.*,
  2011 WL 2566074 (S.D.N.Y. June 29, 2011) ...........................................................................7

*German v. Fed. Home Loan Mortg. Corp.*,
  2000 WL 1006521 (S.D.N.Y. July 19, 2000) ............................................................................9

*Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*,
  2025 WL 252913 (S.D.N.Y. Jan. 21, 2025) ..............................................................................4

*Glatt v. Fox Searchlight Pictures Inc.*,
 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ..................................................................5, 6

*Haping v. 17 Educ. & Tech.*,
 2023 WL 8716895 (S.D.N.Y. July 20, 2023) ........................................................................6

*JPMorgan Chase Bank v. Cook*,
 322 F. Supp. 2d 353 (S.D.N.Y. 2004) .................................................................................10

*Kashef v. BNP Paribas S.A.*,
 2022 WL 1617489 (S.D.N.Y. May 23, 2022) ...................................................................5, 8

*Linde v. Arab Bank, PLC*,
 706 F.3d 92 (2d Cir. 2013) .................................................................................................1, 4

*Matthew Bender & Co. v. W. Pub. Co.*,
 240 F.3d 116 (2d Cir. 2001) ..................................................................................................8

*Miller v. Arab Bank, PLC*,
 2023 WL 2731681 (E.D.N.Y. Mar. 31, 2023) ......................................................................5

*Milliken & Co. v. Bank of China*,
 758 F. Supp. 2d 238 (S.D.N.Y. 2010) ...................................................................................7

*Minpeco, S.A. v. Conticommodity Servs.*,
 116 F.R.D. 517 (S.D.N.Y. 1987) ............................................................................1, 3, 7, 8

*Motorola Credit Corp. v. Uzan*,
 293 F.R.D. 595 (S.D.N.Y. 2013) ...........................................................................................8

*In re New Oriental Educ. & Tech Grp. Inc. Sec. Litig.*,
 2023 WL 4278745 (S.D.N.Y. May 26, 2023) ......................................................................6

*Owen v. Elastos Found.*,
 343 F.R.D. 268 (S.D.N.Y. 2023) ...........................................................................................5

*Parrot v. Guardian Life Ins. Co. of Am.*,
 338 F.3d 140 (2d Cir. 2003) ..................................................................................................6

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
 2022 WL 602485 (N.D. Ill. Mar. 1, 2022) ............................................................................7

*Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*,
 2019 WL 1261352 (W.D. Ky. Mar. 19, 2019) .....................................................................7

*Richmark Corp. v. Timber Falling Consultants*,
 959 F.2d 1468 (9th Cir. 1992) ...............................................................................................7

*Romea v. Heiberger & Assocs.*,
    988 F. Supp. 715 (S.D.N.Y. 1998) ...........................................................................5, 7

*S.E.C. v. Coinbase, Inc.*,
    2025 WL 40782 (S.D.N.Y. Jan. 7, 2025) ................................................................5, 10

*Societe Internationale Pour Participations Industrielles Et Commerciales, S.A., v. Rogers*,
    357 U.S. 197, 78 S.Ct. 1987 (1987) ..........................................................................1, 4

*Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa*,
    482 U.S. 522, 544, 107 S.Ct. 2542 (1958) ....................................................................4

*Tantaros v. Fox News Network, LLC.*,
    465 F. Supp. 3d 385 (S.D.N.Y. 2020) ...........................................................................6

*TCP Diversified Tech. Fund v. Gaotu Techedu Inc.*,
    2025 WL 416872 (E.D.N.Y. Feb. 6, 2025) ....................................................................6

*Tiffany (NJ) LLC v. Qi Andrew*,
    276 F.R.D. 143 (S.D.N.Y. 2011) ...................................................................................3

*In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*,
    2021 WL 6010575 (D.N.J. Dec. 20, 2021) ....................................................................7

*Winkler v. Metro. Life Ins.*,
    340 F. Supp. 2d 411 (S.D.N.Y. 2004) .........................................................................10

*Zakrzewska v. The New Sch.*,
    598 F. Supp. 2d 426 (S.D.N.Y. 2009) ...........................................................................5

**Statutes**

28 U.S.C. § 1292(b) ...........................................................................................1, 2, 7, 9, 10

**Other Authorities**

*Black's Law Dictionary* (12th ed. 2024) ...............................................................................9

iv

**PRELIMINARY STATEMENT**

In *Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa*, the Supreme Court enumerated five factors for courts to consider when applying the international comity test. *See* 482 U.S. 522, 544, 107 S.Ct. 2542, 2556 n.28 (1987) ("*Aerospatiale*"). Interpreting that case and others, courts in the Second Circuit have routinely balanced two additional factors when applying that test: "the hardship of the party facing conflicting legal obligations and whether that party has demonstrated good faith in addressing its discovery obligations." *See Linde v. Arab Bank, PLC*, 706 F.3d 92, 110 (2d Cir. 2013); *Minpeco, S.A. v. Conticommodity Servs.*, 116 F.R.D. 517, 522 (S.D.N.Y. 1987). This Court declined to address or gave little weight to those factors. DiDi thus seeks certification of the Court's Order[1] pursuant to 28 U.S.C. Section 1292(b) so that the Second Circuit may clarify whether, and with what weight, district courts must consider these two additional criteria. DiDi has met all factors, and certification of this issue—which has the potential to affect not only additional motions in this case, but also many forthcoming and existing cases—is appropriate here.

Plaintiffs' Opposition (ECF No. 305, the "Opposition" or "Opp.") repeatedly misstates the relief sought by DiDi, claiming that DiDi is seeking to have the Second Circuit reconsider the Court's findings. But contrary to Plaintiffs' assertions, DiDi does not argue that certification would permit it to "choose not to provide discovery" if it "believe[s] they could be found in violation of PRC law." Opp. at 2-3. DiDi simply seeks certification of an appeal to determine the relevant factors to be considered for this and every other pending and forthcoming discovery dispute in this action (and any others) that would implicate DiDi's discovery obligations in light of PRC law. Notably, DiDi has already produced the discovery compelled by the Order through

---

[1] Defined terms shall have the meaning ascribed to them in Defendants' Opening Brief in Support of Interlocutory Certification, ECF No. 293 ("Motion" or "Mot.").

1

a renewed Rule 30(b)(6) deposition, thus, the only effect of a Second Circuit decision would be to clarify the legal landscape for future disputes. Given the posture of this issue, the Second Circuit is unlikely to have the opportunity to clarify the relevant factors in the absence of an interlocutory appeal, making it precisely the type of issue that is appropriate for appellate review.

## ARGUMENT[2]

**I.     The Court Should Certify the Order for Interlocutory Appeal Pursuant to Section 1292(b)**

### A. The Order Did Not Properly Address Hardship or Good Faith

Plaintiffs assert throughout their Opposition that this Court has already considered hardship of compliance and good faith, and therefore certification of an appeal is unnecessary. Not so.

In the Order, the Court held that the question of whether to "order parties subject to their jurisdiction to produce evidence even though the act of production may violate such statutes" requires a particularized analysis that "involves consideration of" five factors enumerated by the Supreme Court in *Aérospatiale*. Order at 6. The Court further noted that "[s]ome courts in this Circuit consider [] the hardship of compliance," but expressly gave "limited weight to this consideration, as it [wa]s not among the relevant factors listed by the Supreme Court." *Id.* And although the Court has considered good faith in other cases, the Court omitted this factor from consideration here. *See Chevron Corp. v. Donziger*, 296 F.R.D. 168, 213 (S.D.N.Y. 2013) (Kaplan, J.) ("Courts in the Second Circuit consider also the 'hardship of compliance on the party or witness from whom discovery is sought [and] the good faith of the party resisting discovery.'"

---

[2] Plaintiffs waste significant ink arguing that a stay is unwarranted. Opp. at 15-16. Notably, DiDi never sought a stay of discovery, only of the application of the Order. *See* Mot. at 14 ("Indeed, except for the discovery at issue in the Order, discovery will remain ongoing, and the case will continue to be litigated while the appeal is briefed and argued."). But as Plaintiffs are well-aware, DiDi's Rule 30(b)(6) representative was deposed on February 20, 2025, nearly a week before Plaintiffs filed their Opposition, mooting the request to stay the Order. Critically, moreover, DiDi's representative was able to answer nearly every question posed by Plaintiffs.

2

(quoting *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 151 (S.D.N.Y. 2011)).  The Court's holding that it was not required to consider these factors, notwithstanding decades of case law within the Second Circuit to the contrary, warrants certification of the appeal to clarify the relevant factors.  Indeed, even in the weeks since the Motion was filed, at least one case in this District has conducted this international comity analysis—highlighting the frequency with which this issue is litigated and the value of having the Second Circuit clarify which factors should be given weight.  *See, e.g., Averbach v. Cairo Amman Bank*, 2025 WL 504612 (S.D.N.Y. Feb. 14, 2025) (weighing hardship of compliance and good faith).

Plaintiffs aver (Opp. at 6-7) that nevertheless, the Court evaluated DiDi's hardship of compliance, finding that it was satisfactorily addressed by "reject[ing] . . . that it could be subject to severe criminal sanctions in China."  Plaintiffs further opine, (*id.* at 7-8), that the Court considered good faith because it "enumerated DiDi's conduct" in the facts and procedural history section of the Order.  These arguments are without merit.  As regards hardship of compliance, while the Court discussed the potential criminal sanctions DiDi might face, it explicitly stated (Order at 6) that it would accord this factor "limited weight," notwithstanding that multiple other courts in this District have found this to be one of the most important factors that should be considered in the comity analysis.  *See, e.g.*, *Minpeco*, 116 F.R.D. at 522 (collecting cases); *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, 2019 WL 1988525, at *2 (S.D.N.Y. May 6, 2019) ("the competing interests of the countries involved and the hardship imposed by compliance" are the most important factors the analysis).

Indeed, as DiDi argued (Mot. at 11) and Plaintiffs failed to address, the Supreme Court too has said that "[i]t is hardly debatable that fear of criminal prosecution constitutes a weighty excuse for nonproduction, and this excuse is not weakened because the laws preventing compliance are

3

those of a foreign sovereign." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A., v. Rogers*, 357 U.S. 197, 211, 78 S.Ct. 1987, 1095 (1958). The *Aerospatiale* Court cited *Rogers* favorably for the proposition that "statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence" but never overruled the guidance to consider hardship in doing so and noted that "[t]he lesson of comity is that neither the discovery order nor the blocking statute can have the same omnipresent effect that it would have in a world of only one sovereign." 482 U.S. at 544, 107 S.Ct. at 2556 n.29; *see also Arab Bank*, 706 F.3d at 115 (quoting *Rogers* for the proposition that "criminal prosecution constitutes a weighty excuse for nonproduction").

And on good faith, mere "recitation of [] facts [do] not constitute factual findings and should not be construed as such." *See Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*, 2025 WL 252913, at *1 n.1 (S.D.N.Y. Jan. 21, 2025). Any factual statements made by the Court are insufficient to create a finding of good faith or lack thereof, especially in light of the Court's statement that it was declining to consider factors not set forth explicitly by the Supreme Court in *Aerospatiale*. Indeed, "international comity calls for more than an examination of only *some* of the interests of *some* foreign states," *Arab Bank*, 706 F.3d at 111 (emphasis in original), and for a court to conduct a balancing test, it must afford the proper weight to each factor in a "holistic, multi-factored analysis," *id.* at 112, rather than simply list each one.

**B. DiDi Meets The Requirements For Certification Of An Interlocutory Appeal**

**1. The Order Presents Controlling Questions Of Law**

The Order's comity analysis presents controlling questions of law because it both "significantly affect[s] the conduct of the action" and would "affect a large number of cases" that are

4

likely to present the same issue.³ *See Glatt v. Fox Searchlight Pictures Inc.*, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013). Plaintiffs do not dispute that DiDi's motion presents a "'pure' legal issue" (Opp. at 10), or that the factors courts ought to consider in the international comity test are pure questions of law that the Second Circuit could "decide quickly and cleanly." *See Dill v. JPMorgan Chase Bank, N.A.,* 2021 WL 3406192, at *4 (S.D.N.Y. Aug. 4, 2021) (cleaned up); Mot. at 6. Likewise, they provide no compelling reason why an appeal "would require the Second Circuit to wade into the underlying facts[.]" Opp. at 5. And in fact, an opinion on *which factors should be applied* would not require the Second Circuit to *actually apply* those factors.

Instead, Plaintiffs baselessly speculate that a clarifying decision from the Second Circuit would not affect "a large number of cases" or "significantly affect the scope of the litigation." Opp. at 11-12. Plaintiffs are wrong. A Second Circuit decision on this issue would undoubtedly impact a large number of cases in this Circuit where the international comity test is regularly and increasingly employed. *See, e.g.*, *Averbach*, 2025 WL 504612; *Miller v. Arab Bank, PLC*, 2023 WL 2731681 (E.D.N.Y. Mar. 31, 2023) ; *Concepts NREC, LLC v. Qiu,* 662 F. Supp. 3d 496 (D. Vt. 2023); *Owen v. Elastos Found.*, 343 F.R.D. 268 (S.D.N.Y. 2023); *Kashef v. BNP Paribas S.A.*, 2022 WL 1617489 (S.D.N.Y. May 23, 2022) (each case applying all seven factors); *see also supra* at 3 (discussing cases applying the test since the Motion was filed).⁴ Indeed, securities cases involving Chinese companies trading ADSs and the impact of PRC regulations on those companies are increasingly common in this Circuit, demonstrating a likelihood that the question of comity as

---

³ Plaintiffs' erroneously state that a "controlling question" requires a ruling that would "'dramatically reduce the scope of the case.'" Opp. at 11 (quoting *S.E.C. v. Coinbase, Inc.*, 2025 WL 40782, at *8 (S.D.N.Y. Jan. 7, 2025)). But *Coinbase* held only that it was sufficient, rather than necessary, for the movant to show that reversal reduces the scope of the case. *See id*.

⁴ For this reason, Plaintiffs' attempts to distinguish *Romea v. Heiberger & Assocs.*, 988 F. Supp. 715 (S.D.N.Y. 1998) and *Zakrzewska v. The New Sch.*, 598 F. Supp. 2d 426 (S.D.N.Y. 2009) (Opp. at 12) are unavailing.

5

it pertains to PRC law will begin to frequently arise. *See, e.g.*, *Dagan Invs. v. First High-Sch. Educ.*, 2023 WL 8452223 (S.D.N.Y. Dec. 6, 2023); Opp'n to Def.'s Mot. to Dismiss, *In re New Oriental Educ. & Tech Grp. Inc. Sec. Litig.*, 2023 WL 4278745 (S.D.N.Y. May 26, 2023); *Banerjee v. Zhangmen Educ.*, 2023 WL 2711279 (S.D.N.Y. Mar. 30, 2023); *Haping v. 17 Educ. & Tech.*, 2023 WL 8716895 (S.D.N.Y. July 20, 2023); *TCP Diversified Tech. Fund v. Gaotu Techedu Inc.*, 2025 WL 416872 (E.D.N.Y. Feb. 6, 2025).

This rash of cases has created a "legal question" that "is of special consequence" to courts in this Circuit. *Tantaros v. Fox News Network, LLC.*, 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020) (citing *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013)) (courts "should not hesitate to certify an interlocutory appeal" for consequential issues). And in fact, this is a question that will otherwise be unlikely to reach the Second Circuit in most cases once discovery concludes and the merits of the case have been litigated (or the case has settled). It thus presents exactly the type of "ephemeral question . . . that might disappear in the light of a complete and final record" that is appropriate for review at this stage in the litigation. *Glatt*, 2013 WL 5405696, at *1 (cleaned up). Given the dearth of opportunity to create decisional law on such important discovery issues, the Court should permit the Second Circuit to weigh in on this increasingly critical question. *See In re A2P SMS Antitrust Litig.*, 2015 WL 876456, at *7 (S.D.N.Y. Mar. 2, 2015) (granting certification where there was a "backdrop of inconclusive Supreme Court authority, non-existent Second Circuit authority, and divided lower court authority across the country"); *Parrot v. Guardian Life Ins. Co. of Am.*, 338 F.3d 140, 144 (2d Cir. 2003) ("When existing authority is inconclusive, we have deemed certification appropriate.").

> **2. The Court's Differing Application Of The International Comity Factors Establishes A Substantial Ground For A Difference Of Opinion**

This Court declined to apply weight to the hardship factor or consider good faith, two factors

that most other district courts in this Circuit have evaluated and weighed in their international comity analyses. *See, e.g.*, *Minpeco*, 116 F.R.D. at 522; *In re Commodity Exch.*, 2019 WL 1988525, at *2; *Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 246 (S.D.N.Y. 2010) (collecting cases). The Order was also in conflict with courts outside the Second Circuit, which likewise routinely apply all seven factors when conducting an international comity analysis. *See, e.g.*, *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2022 WL 602485, at *3 (N.D. Ill. Mar. 1, 2022) (collecting cases); *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 2019 WL 1261352, at *13-14 (W.D. Ky. Mar. 19, 2019) (collecting cases); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) ("Other factors that we have considered relevant are the extent and the nature of the hardship that inconsistent enforcement would impose upon the person[.]"); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 2021 WL 6010575, at *4 (D.N.J. Dec. 20, 2021) ("Courts of the Second Circuit and other jurisdictions have added two more factors to the balancing analysis"). In such a situation, where there is a conflict among courts as to the reach or application of law, substantial ground for a difference of opinion exists and makes the issue appropriate for interlocutory review. *See In re Fosamax Prods. Liab. Litig.*, 2011 WL 2566074, at *5 (S.D.N.Y. June 29, 2011) ("There is substantial ground for difference of opinion when the authority on a point of law is in conflict, or when there is a relative lack of authority on the precise question." (cleaned up)); *see also Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 716 (S.D.N.Y. 1998) (Kaplan, J.) (certifying Section 1292(b) appeal where there was a "conflict among the circuits").

Plaintiffs do not challenge that other courts within this Circuit apply the factors that this Court determined to be irrelevant. Nor could they: the Order itself states that "[s]ome courts in this Circuit consider the hardship of compliance on the party or witness from whom discovery is

sought." Order at 6. And indeed, cases applying all seven factors abound in this Circuit. *See, e.g.*, *Doubleline Capital LP v. Odebrecht Fin.*, 2021 WL 4596561, at *11-14 (S.D.N.Y. Oct. 6, 2021); *CE Int'l Res. Holdings v. S.A. Minerals Ltd.*, 2013 WL 2661037, at *8-16 (S.D.N.Y. June 12, 2013); *Minpeco*, 116 F.R.D. at 523-29; *Motorola Credit Corp. v. Uzan*, 293 F.R.D. 595, 599-601 (S.D.N.Y. 2013); *Kashef*, 2022 WL 1617489, at *4. Instead, Plaintiffs argue only that the cases cited by DiDi stem from an earlier version of the Restatement of Foreign Law. Opp. at 12. In doing so, they ignore the multitude of cases in recent years (following the enactment of the Restatement (Third) of Foreign Relations Law), *supra*, that still require analysis of these factors, demonstrating that this is an issue for which Second Circuit guidance would be beneficial.

Nor do Plaintiffs challenge that the Second Circuit has never directly opined on whether a district court *must* consider the hardship and good faith factors, making it one of first impression. Instead, they argue that this is not an issue of first impression because the weight to be afforded an element in a multi-element test is not an issue of law. Opp. at 13. As an initial matter, DiDi is seeking an opinion not *only* on the weight to be afforded, but also whether these two factors should be considered at all. And in any event, Plaintiffs' assertion is not correct, as the Second Circuit regularly directs district courts on the appropriate weight to afford any one factor. *See, e.g.*, *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001) (instructing courts to afford "substantial weight" to a finding of "objective reasonableness" when evaluating factors to consider in deciding whether to award attorney's fees).[5]

---

[5] Plaintiffs' citation to *In re Vitamin C Antitrust Litigation* (Opp. at 13) does not require otherwise, as the movant in that case was seeking to have the Second Circuit make findings that the case should have been dismissed on principles of international comity, not the weight that should be afforded any one specific factor. *See* 2012 WL 425234, at *2-3 (E.D.N.Y. Feb. 9, 2012). And, the case *was* eventually dismissed on international comity grounds. *See* 8 F.4th 136 (2d Cir. 2021).

Plaintiffs go on to regurgitate their arguments that the Court's order already addressed these factors (Opp. at 13) which, as set forth *supra*, are incorrect. But the fact remains that: (1) multiple courts within the Second Circuit utilize hardship and good faith in the international comity analysis; (2) this Court declined to do so; and (3) the Second Circuit has never directly opined on this question. This is the epitome of an issue of first impression. *See* CASE, *Black's Law Dictionary* (12th ed. 2024) (defining a "case of first impression" as one "that presents the court with an issue of law that has not previously been decided by any controlling legal authority").

### 3. An Immediate Appeal Will Materially Advance Termination Of The Litigation

Understanding the correct application of the comity test will aid in more swift resolution of pending and future discovery motions in this action, which will necessarily speed up termination of the action and avoid additional unnecessary motion practice. *See German v. Fed. Home Loan Mortg. Corp.*, 2000 WL 1006521, at *2 (S.D.N.Y. July 19, 2000) ("[A] ruling by the Circuit would greatly simplify the scope of discovery . . . . Thus, an immediate appeal would more likely advance the litigation to its ultimate conclusion than delay it."). Indeed, in addition to the motion to compel that Plaintiffs filed on February 3, 2025, on February 28, Plaintiffs filed yet another motion to compel interrogatory responses presenting similar issues of international comity. *See* ECF No. 313. Certification to the Second Circuit will assist in the resolution of these motions and any future discovery motions that Plaintiffs intend to bring in this matter.[6]

## II. DiDi Properly Sought Certification Pursuant to Section 1292

Plaintiffs falsely characterize DiDi's position as seeking a ruling that it "can choose to not

---

[6] Plaintiffs' argument that certification is unwarranted because most cases settle (Opp. at 14) is speculative and insufficient to deny certification where DiDi has satisfied the test for certification and does intend to appeal the Order. The logical conclusion of this argument is that interlocutory appeal is never appropriate, which is contrary to the text and existence of Section 1292(b).

9

provide discovery," which is "the province of a motion for reconsideration." Opp. at 2-3. Plaintiffs mischaracterize the relief sought by DiDi and their argument is thus plainly incorrect.

As an initial matter, reconsideration would not be appropriate on this posture. A "motion for reconsideration is appropriate *only* where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion[.]" *JPMorgan Chase Bank v. Cook*, 322 F. Supp. 2d 353, 354 (S.D.N.Y. 2004) (cleaned up) (emphasis added). But DiDi's motion seeks certification to clarify whether and with what weight courts must consider good faith and hardship. That is, DiDi seeks certification precisely *because* there is no controlling law on the application of these additional factors—a legal question more appropriately addressed on appeal. *See, e.g.*, *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) ("Identification of the correct legal standard raises a pure question of law[.]").

Nor was DiDi required to move for reconsideration or seek a writ of mandamus prior to requesting certification of an interlocutory appeal. *See Coinbase*, 2025 WL 40782, at *14 (certifying interlocutory appeal where defendants did not seek reconsideration). Indeed, the law is clear that "[a] motion for reconsideration is not a substitute for an appeal." *Winkler v. Metro. Life Ins.*, 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004). Moreover, Plaintiffs admit that mandamus is an extraordinary remedy and do not explain how or why DiDi ought to have requested it. DiDi's decision not to pursue either avenue should have no impact on the merits of its Motion.

## **CONCLUSION**

DiDi respectfully requests that this Court certify the Order pursuant to 28 U.S.C. § 1292(b).

Dated: March 5, 2025                              Respectfully submitted,

                                                  */s/ Corey Worcester*

                                                  Corey Worcester
                                                  Renita Sharma
                                                  Sam Cleveland
                                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                  295 Fifth Avenue
                                                  New York, New York 10016
                                                  Tel: (212) 849-7000
                                                  coreyworcester@quinnemanuel.com
                                                  renitasharma@quinnemanuel.com
                                                  sam.cleveland@quinnemanuel.com

                                                  Scott Musoff
                                                  Robert Fumerton
                                                  Michael Griffin
                                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                                  One Manhattan West
                                                  New York, New York 10001
                                                  Tel: (212) 735-3902
                                                  smusoff@skadden.com
                                                  robert.fumerton@skadden.com
                                                  michael.griffin@skadden.com

                                                  *Counsel for Defendant DiDi Global Inc.*

## **CERTIFICATE OF WORD COUNT COMPLIANCE**

I, R. Corey Worcester, an attorney duly admitted to practice, before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that annexed Memorandum of Law was prepared using Microsoft Word and the document contains 3,485 words as calculated by the application's word-counting function, excluding the parts of the Affirmation exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury the forgoing statements are true and correct. Executed on this 5th day of March, 2025 in New York, New York.

> */s/ Corey Worcester*
> R. Corey Worcester