UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE DIDI GLOBAL INC. SECURITIES LITIGATION                    Master Docket
                                                               21-cv-5807 (LAK)

This document applies to:          All Actions
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

Appearances:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/25

Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Bronzaft Howald
THE ROSEN LAW FIRM, P.A.

Gregory Linkh
GLANCY PRONGAY & MURRAY LLP

*Attorneys for Plaintiffs*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

*Attorneys for Defendant Didi Global Inc.*

Jonathan Rosenberg
Abby F. Rudzin
Shane A. Hunt
William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP
*Attorneys for Defendants Goldman Sachs (Asia)*
*L.L.C., Morgan Stanley & Co. LLC, J.P.*
*Morgan Securities LLC, BofA Securities Inc.,*

2

*Barclays Capital Inc., Citigroup Global Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP
*Attorneys for Defendants Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhuo, and Daniel Yong Zhang*

Sheryl Shapiro Bassin
Ignacio E. Salceda (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
*Attorneys for Defendant Zhiyi Chen*

Matthew S. Kahn
Michael D. Celio (*pro hac vice*)
Kevin J. White
GIBSON DUNN & CRUTCHER LLP
*Attorneys for Defendant Martin Chi Ping Lau*

Corey Worcester
Renita Sharma
QUINN EMANUEL URQUHART & SULLIVAN, LLP
*Attorneys for Defendants Adrian Perica and Kentaro Matsui*

Jeffrey T. Scott
Andrew M. Kaufman
SULLIVAN & CROMWELL LLP
*Attorneys for Defendant Kentaro Matsui*

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs move to compel the production of documents from Defendant DiDi Global, Inc. ("DiDi") withheld or redacted on the basis Chinese blocking statutes.[1]  DiDi contends that

---

[1]  Dkt 286.

3

Chinese data security, state secrets, and criminal laws prohibit disclosure of the documents. Plaintiffs counter that DiDi waived any protection of these documents, Chinese law does not bar discovery, and even if it does the Court should still compel testimony.

The Court addressed similar issues in memorandum opinion dated January 22, 2025, granting plaintiffs' motion to compel deposition testimony from DiDi's Rule 30(b)(6) witness ("January 22 Order").[2]  There, the Court held that (1) it was not clear cut whether Chinese law prohibited the sought after testimony, and (2) regardless of whether Chinese law prohibited the testimony, an order compelling disclosure was appropriate.[3]  In particular, the Court held that  the balance of national interests — the most important factor in the analysis[4] — favored disclosure.[5]

### Facts and Background

On May 22, 2024, plaintiffs issued their first set of requests for the production of documents to DiDi.[6]  On June 25, 2024, DiDi served its responses and objections.  DiDi objected to the requests "to the extent that they purport to require DiDi and the Individual Defendants to produce Documents, the production of which is prohibited by applicable law."

Since that time, DiDi has identified over 40,000 documents responsive to plaintiffs'

---

[2]

Dkt 276.

[3]

*Id.* at 7.

[4]

*Chevron Corp. v. Donziger*, 296 F.R.D. 168, 206 (S.D.N.Y. 2013).

[5]

Dkt 276 at 7–8.

[6]

The requests for production were also directed at individual defendants.

4

requests.  According to DiDi's general counsel, DiDi submitted those documents to Chinese authorities to obtain approval prior to producing them.  Based on the "feedback" it received, DiDi produced approximately 37,000 documents without redactions and 1,500 documents with redactions and withheld approximately 2,100 documents.  On December 16, 2025, DiDi produced withhold and redaction logs reflecting which documents it was withholding or redacting.

## *Discussion*

### *1.    Legal Standard*

The January 22 Order sets forth the legal standard governing discovery disputes in which a party invokes a foreign blocking statute.  In sum, the analysis consists of two questions: (1) would disclosure of the sought after information violate the statute and, if so, (2) should the Court compel disclosure notwithstanding the foreign statute in consideration of the principles of international comity.[7]

In a still pending motion for certification for interlocutory appeal of the January 22 Order,[8] DiDi argues that the Court overlooked two factors — hardship of compliance and good faith — that it purportedly was required to consider in its comity analysis.  DiDi's argument falters on multiple points.

First, as explained in the January 22 Order, the Supreme Court's opinion enumerating the relevant factors to consider does not include hardship of compliance or good faith.  DiDi cites

---

[7]    January 22 Order at 6.

[8]    Dkt 292.

5

*Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*[9] for the proposition that the Supreme Court has endorsed consideration of hardship and good faith.  But that decision analyzed those factors in determining the appropriate sanctions for failure to comply with an order requiring production — not in determining whether to order production in the first instance.[10]  The Court conspicuously did not mention those factors in its subsequent decision, *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*,[11] which laid out the appropriate factors to consider in deciding whether to order production.[12]

Second, there is no Second Circuit authority requiring consideration of these factors.  DiDi cites *Linde v. Arab Bank, PLC*[13] in support of its position.  But the court there stated that consideration of hardship and good faith was appropriate "when deciding whether to impose sanctions."[14]  It did not endorse, much less require, district courts' consideration of those factors in analyzing whether to order production.  Third, the Court did consider the hardship of compliance in its January 22 Order.[15]

---

[9]      357 U.S. 197 (1958).

[10]      *Id.* at 211–12.

[11]      482 U.S. 522 (1987).

[12]      *Id.* at 544 n.28.

[13]      706 F.3d 92 (2d Cir. 2013).

[14]      *Id.* at 110.

[15]      Jan 22 Order at 9–10.

6

Nevertheless, the Court analyzes good faith and hardship of compliance in its analysis below and gives them appropriate weight.

*2.    Waiver*

As an initial matter, plaintiffs argue that DiDi waived any protection of the withheld and redacted documents by (1) failing to move for a protective order, (2) failing to serve timely withhold and redaction logs as required by the ESI Protocol,[16] and (3) failing to provide the necessary information in the logs it belatedly served.  These three arguments are unpersuasive.

First, DiDi did not waive any protection by not moving for a protective order.

Second, DiDi asserts that it produced a log of withheld documents within the time frame required by the ESI Protocol, and plaintiffs have not provided any information to the contrary. And while DiDi admits that its production a log of redacted documents was not timely under the ESI Protocol, plaintiffs have not shown that they were prejudiced by this delay or that DiDi's conduct warrants waiver.

Third, plaintiffs have not provided any authority supporting the argument that failure to provide all of the information called for in an ESI Protocol warrants a finding of waiver, especially where the party's omission was not done in bad faith.[17]

Accordingly, DiDi has not waived whatever protection, if any, applicable to the

---

[16]
     *See* Dkt 194.

[17]
     DiDi asserts that its logs "contained all data DiDi could provide under PRC law."  Although, as set forth below, the Court does not credit entirely this explanation, there is no indication of bad faith.

withheld and redacted documents.


3.      *Conflict of Law*

Defendants argue that Chinese law prohibits disclosure of the sought after documents. DiDi has provided declarations from two experts on Chinese law, each of whom states that Chinese laws and regulations require DiDi to obtain approval from Chinese competent authorities before producing documents to plaintiffs. Plaintiffs' expert on Chinese law does not dispute that DiDi must obtain such approval.

DiDi's general counsel avers that DiDi has submitted the documents responsive to plaintiffs' discovery requests to Chinese authorities and requested their permission to produce them to plaintiffs. He further states that the Chinese authorities allowed the majority of documents to be produced and required redaction or withholding of certain documents. The Court finds no reason to discredit the sworn declaration of DiDi's general counsel. Accordingly, the Court concludes that Chinese law prohibits disclosure of the sought after documents.


4.      *Comity Analysis*

The comity analysis yields a much closer result than the analysis at issue in the January 22 Order.

With respect to the balance of national interests — the most important factor — both the United States and China have legitimate interests at stake. Chinese authorities' objection to the

production of documents demonstrates their legitimate interest in nondisclosure.[18] At the same time, "the United States has a substantial interest in fully and fairly adjudicating matters before its courts, and achieving that goal is only possible with complete discovery."[19] This interest is strongest where the sought after information is important to the litigation and there are no other means of obtaining the information, factors discussed below.

It is difficult to determine the importance of the documents to the litigation based on the record before the Court. Plaintiffs have not demonstrated that the information withheld from the redacted documents is important to the litigation. As defendants point out, the redactions in the exhibits attached to plaintiffs' motion do not appear to contain information important to this litigation. The documents withheld in their entirety at least are responsive to plaintiffs' requests. Beyond that, however, there is not enough information to determine their importance to the litigation. The withhold log does not indicate (1) which request(s) any withheld document is responsive to, (2) the subject or file name of the withheld document, or (3) any other information about the document from which its importance may be discerned.

There are realistic alternative means for obtaining at least some of the sought after information.[20] First, the underwriter defendants already have produced 1527 of the 1556 documents

---

[18]    *Cf.* January 22 Order at 8 n.17 (no sufficient indication that the Chinese government expressed a view that the disclosure at issue would violate Chinese law).

[19]    *Chevron*, 296 F.R.D. at 206 (cleaned up) (quoting *Gucci Am., Inc. v. Curveal Fashion*, No. 09-cv-8458(RJS)(THK), 2010 WL 808639, at *2 (S.D.N.Y. Mar. 8, 2010)).

[20]    DiDi raises also the Hague Convention on Evidence as an alternative means of seeking the sought after information. For the reasons stated in the January 22 Order, this avenue does not present a readily available means of obtaining the sought after information, especially where Chinese authorities have objected specifically to the production of the documents at

on the redaction log in unredacted form.  For these documents, an order compelling production is unnecessary.  Second, plaintiffs may be able to obtain information through deposition questions or interrogatories.[21]

The remaining factors do not point clearly in either direction:

• Specificity of Requests: The requests for production have been the subject of negotiation between the parties, and the parties have reached agreement on revised requests.  DiDi contends that some of plaintiffs' requests have "tangential relevance to the litigation" but does not specify which if any of the requests lack relevance or specificity.

• Origin of Information: The withheld documents originated in China.

• Hardship of Compliance: DiDi argues that compliance would subject DiDi and its officers to severe criminal liability.  The Court does not credit this argument for the same reasons stated in the January 22 Order.  Moreover, by its own account, DiDi has not faced severe criminal liability — or, based on the information before the Court, any hardship at all — for substantially complying with the January 22 Order.  At the same time, DiDi may be subject to sanctions for producing documents in contravention of explicit instruction not to do so from Chinese authorities.

• Good Faith: The Court has no reason to question DiDi's good faith with respect to

---

issue.

[21]

Pursuant to the January 22 Order, plaintiffs conducted a deposition of DiDi's Rule 30(b)(6) witness at which, according to DiDi, the witness answered nearly all questions on relevant factual issues.  Plaintiffs have filed a motion to compel DiDi's responses to interrogatories, Dkt 314, which has not yet been fully briefed and is currently pending.

the matter before the Court.

Based on the foregoing, an order compelling production of all the redacted and withheld documents is not appropriate here, at least yet.  For the redacted documents, the vast majority have been produced by other defendants.  For the remaining redacted documents, plaintiffs have not demonstrated that the redacted information is of central importance to this case or that it cannot be obtained via other means.  However, production of at least a subset of the withheld documents may be warranted given the United States' interest in full and fair adjudication of this matter.

Accordingly, DiDi shall produce a revised withhold log providing: (1) which request(s) the document is responsive to, and (2) a description of the document's contents sufficient for plaintiffs to determine the importance of the document to the litigation.[22]  Following production of the revised withhold log, plaintiffs may file a motion to compel specific documents or categories of documents.  Such a motion must state with specificity the plausible basis for inferring (1) the importance of the document(s) to the litigation, (2) the inability to obtain the information in the document(s) via other means.

### *Conclusion*

For the foregoing reasons, plaintiffs' motion to compel (Dkt 286) is granted to the extent that Defendant DiDi Global Inc. shall, on or before March 20, 2025, produce a revised log

---

[22] DiDi states that the log "contained all data DiDi could provide under PRC law."  This representation is not credible where the description field for almost every document simply states "government information."

providing, for each withheld document, (1) which request(s) the document is responsive to, and (2) a description of the document's contents sufficient for plaintiffs to determine the importance of the document to the litigation.  Plaintiffs' motion is denied in all other respects, without prejudice to renewal.

        SO ORDERED.

Dated:      March 7, 2025

                                     Lewis A. Kaplan
                          United States District Judge