| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>IN RE DIDI GLOBAL INC. SECURITIES LITIGATION<br><br>This document applies to:         All Actions<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | **NOT FOR PUBLICATION**<br><br>Master Docket<br>21-cv-5807 (LAK) |

**MEMORANDUM AND ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/08/2025

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs move for reconsideration of the Court's March 24 order ("March 24 Order")[1] granting in part and denying in part their motion to compel Defendant DiDi Global, Inc. ("DiDi") to respond to two of plaintiffs' interrogatories ("Interrogatories MTC").[2] Plaintiffs argue that the March 24 Order erred by relying on obsolete discovery deadlines and by using a "central importance" standard. Plaintiffs argue further that new evidence warrants reconsideration or, in the alternative, that the Court should compel at least a partial response to Interrogatory 13.

*Background*

The Interrogatories MTC sought to compel answers to interrogatories concerning interactions between DiDi and representatives of Chinese government agencies. DiDi objected that Chinese data security, state secrets, and criminal laws prohibited disclosure of the requested information. In the March 24 Order, the Court held that (1) Chinese law prohibited disclosure of the information at issue, and (2) an order compelling a response to one of plaintiffs' interrogatories was

---

[1] Dkt 336.

[2] Dkt 314 (Interrogatories MTC); Dkt 338 (motion for reconsideration)

2

appropriate, but an order compelling a response to the other contested interrogatory ("Interrogatory 13")[3] was not appropriate. Plaintiffs' motion seeks reconsideration of the Court's conclusion as to the comity analysis with respect to Interrogatory 13.

The Court's comity analysis weighed multiple factors, per the standard set forth in multiple decisions of this Court addressing similar discovery disputes in this litigation.[4] Those factors included the balance of national interests, the importance to the litigation, the alternative means of obtaining the information sought, the specificity of the requests, the origin of information, the hardship of compliance, and DiDi's good faith.

The motion for reconsideration challenges the Court's conclusion as to one of those factors — the importance of the information to the litigation. With respect to Interrogatory 13, the Court wrote in relevant part:[5]

> Some of the information responsive to Interrogatory 13 is relevant to plaintiffs' claims. But plaintiffs have not demonstrated that a comprehensive list of all meetings with Chinese regulators over a six month period touching on a broad range of topics is of central importance to the litigation. Nor have they demonstrated that the mere fact of meetings between DiDi and Chinese authorities and corresponding basic details — as opposed to the substance of what was discussed at those meetings

---

[3] Interrogatory 13 states: " Identify the dates, locations, attendees (including names, titles and employer) and describe the purposes of, and matters discussed at, all meetings from February 1, 2021 to July 23, 2021, between representatives of DiDi and representatives of PRC government agencies concerning any of the following subject matters: (i) data collection; (ii) national security; (iii) Geographical Mapping Information; (iv) state secrets; (v) storage of data or information overseas or cross-border data transfer; (vi) cybersecurity; (vii) data protection; (viii) personal privacy;(ix)information security; (x) network security; (xi) critical information infrastructure or the obligations of a critical information infrastructure operator; (xii) DiDi's IPO."

[4] *See, e.g.*, Dkt 276; Dkt 320; Dkt 329.

[5] Dkt 336 at 7–9 (footnotes omitted).

Case 1:21-cv-05807-LAK-VF   Document 343   Filed 04/08/25   Page 3 of 8

3

— is central to their ability to prove their claims.

To the extent plaintiffs argue that the information sought is important because it could lead to the identification of other relevant evidence, the discovery deadlines in this case render that argument moot. Plaintiffs filed this motion on February 28, 2025. Fact discovery closes on April 1, 2025. Even if the Court had granted the motion to compel the next day the Court was open (March 3), without allowing DiDi to respond, and ordered DiDi to comply the same day — a practical impossibility — there still would not have been time for plaintiffs to issue additional interrogatories or requests for production and for DiDi to respond before the close of fact discovery. Further, plaintiffs have not identified any pending depositions for which responses to Interrogatory 13 would prove relevant.

### *Discussion*

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[6]

Plaintiffs first point out, accurately, that the March 24 Order overlooked the fact that the Court previously had approved an extension of the discovery deadline until June 24, 2025, twelve weeks after the original April 1, 2025, deadline.[7] Plaintiffs assert that the extended deadline would allow them to obtain additional discovery based on information provided in response to Interrogatory 13, were the Court to compel DiDi to provide the requested information. They are correct on that narrow point. But this does not move the ball toward their intended goal.

The Court's analysis with respect to the impending discovery deadline in the March 24 Order was ancillary to the Court's consideration of the importance of the sought after information.

---

[6] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[7] Dkt 206.

4

The argument that the information plaintiffs seek might allow them to discover additional information was raised in a parenthetical in plaintiffs' reply brief.[8] This consideration was not integral to plaintiffs' argument in support of their motion. Nor did this consideration play a substantial part in the Court's analysis of the importance of the information to the litigation — much less in the Court's conclusion regarding the comity analysis overall, which considered multiple other factors. The extended discovery deadline does not alter the Court's conclusion that "plaintiffs have not demonstrated that a comprehensive list of all meetings with Chinese regulators over a six month period touching on a broad range of topics is of central importance to the litigation."[9]

Plaintiffs next argue that the March 24 Order "erred by using a 'central importance' standard."[10] Plaintiffs contend that (1) they must demonstrate only that the requested information is relevant to their claims, not centrally important to their claims, and (2) the Court erroneously required a showing that the sought after information was centrally important to plaintiffs' claims.

This argument, whatever its semantic attraction to plaintiffs, is not persuasive. In deciding whether to compel production of information notwithstanding the effect of a foreign blocking statute, a court "need not find that the documents are 'vital to a proper defense of this action.'"[11] However, the mere fact that sought after documents are relevant to the litigation is not

---

[8] Dkt 331-1 at 2.

[9] Dkt 336 at 8.

[10] Dtk 341 at 5.

[11] *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 204 (S.D.N.Y. 2013) (quoting *Reino De Espana v. Am. Bureau of Shipping*, 03 Civ. 3573 (LTS), 2005 WL 1813017, at *7 (S.D.N.Y. Aug. 1, 2005)).

5

alone sufficient to warrant an order compelling production. "[P]roduction is favored when the evidence sought from the producing party is *directly probative* of the issues of the case."[12] Moreover, as set forth above, the importance of the documents to the litigation is one of multiple factors considered by courts in the international comity analysis. Indeed, the "most important factor in the comity analysis" is the balance of national interests — not the importance of the information to the litigation.[13]

Here, the Court held that some of the information sought by Interrogatory 13 was relevant to plaintiffs' claims, but that the information sought was not of central importance to those claims.[14] The Court did not, as plaintiffs suggest, employ a "central importance standard,"[15] nor did the Court purport to require a showing of central importance to justify an order compelling production. Rather, the Court assessed the degree of importance of the sought after information to the litigation and weighed that in combination with other factors. The Court's conclusion that the information was not of central importance — *i.e.* that it was not "directly probative of the issues of the case"[16] — factored into the Court's overall decision, which included analysis of additional

---

[12] *Id.* at 204–05 (emphasis added) (quoting *Reino De Espana*, 2005 WL 1813017, at *7); *see also Schansman v. Sberbank of Russia PJSC*, No. 19 CIV. 2985 (ALC) (GWG), 2025 WL 630810, at *15 (S.D.N.Y. Feb. 27, 2025) (compelling production of information that was "both relevant and crucial to the litigation of plaintiffs' claims" (quoting *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 211 (E.D.N.Y. 2007)).

[13] *Id.* at 206.

[14] Dkt 336 at 8.

[15] Dkt 341 at 5.

[16] *Chevron*, 296 F.R.D. at 204–05 (quoting *Reino De Espana*, 2005 WL 1813017, at *7).

6

factors, that an order compelling a response to Interrogatory 13 was not appropriate.

Plaintiffs have not identified any authority — much less a controlling decision — that the Court overlooked in its analysis regarding the importance of the sought after information. Accordingly, reconsideration of that aspect of the March 24 Order is not warranted.

Plaintiffs' last argument in support of reconsideration is that "new evidence . . . demonstrates that Plaintiffs have no alternative means of discovering the requested information."[17] Plaintiffs point to DiDi's response to Interrogatory 14,[18] in which DiDi stated that it "does not possess records of [its] communications with government authorities." Plaintiffs argue that this response provides new evidence that they have no alternative means of obtaining the requested information. However, as plaintiffs concede, this is not new evidence — DiDi's 30(b)(6) witness previously testified that DiDi did not maintain written records of such meetings. Moreover, the March 24 Order did not rely on or even suggest the production of written records as an alternative means of obtaining the sought after information.[19] This purportedly new evidence therefore does not alter the Court's conclusion. And, finally, despite the absence of written records, DiDi's response to Interrogatory 14 provides a substantive account of multiple inquiries from Chinese authorities and

---

[17] Dkt 341 at 7.

[18] Interrogatory 14 states: "For the period from January 1, 2021 through July 2, 2021, identify all inquiries or requests for information or documents from any PRC government agency regarding the collection, processing, use, sharing or storage of personal data or security protocols for such data, or sensitive, valuable or consumer data, and identify the PRC government agencies making the inquiry, or issuing the request, the date of the inquiry or request, the documents or information requested or inquired about, and if and when DiDi provided such documents or information to the PRC government agencies."

[19] Dkt 336 at 9–10.

7

DiDi's responses to those inquiries. DiDi's response to Interrogatory 14 thus does not alter the Court's analysis in the March 24 Order in any respect.

Plaintiffs argue in the alternative that the Court should compel DiDi to respond to a revised, narrower version of Interrogatory 13. Plaintiffs' proposed revised interrogatory would narrow the time period, specify certain agencies rather than all PRC regulators, and narrow the meeting topics that must be disclosed.[20] This proposed interrogatory addresses, to an extent, the concern that the full scope of the information previously sought was overbroad and thus not important to plaintiffs' claims. This proposed alternative is arguably suited for a separate motion to compel, rather than a motion for reconsideration, since plaintiffs' proposed alternative was not raised in their original motion and arguably would call for another comity analysis.

Nevertheless, in the interests of avoiding unnecessary motion practice, the Court directs the parties to meet and confer regarding plaintiffs' proposed revised Interrogatory 13. Following the meet and confer, plaintiffs and DiDi shall file a joint status report of no more than four pages (1) indicating that the parties have agreed on a revised interrogatory to which DiDi will provide responsive information, or (2) outlining the parties' respective positions, including the text for a revised interrogatory proposed by each party.

---

[20] Plaintiffs' proposed revised Interrogatory 13 states: "Identify the dates and attendees and describe the purposes of, and matters discussed at, all meetings from April 1, 2021 to July 23, 2021, between representatives of DiDi and representatives of the Cyberspace Administration of China, the Chinese Securities Regulatory Commission, the Ministry of Industry and Information Technology, or the National Development Reform Commission concerning any of the following subject matters: (i) data collection; (ii) Geographical Mapping Information; (iii) storage of data or information overseas or cross-border data transfer; (iv) cybersecurity; or (v) DiDi's IPO."

## *Conclusion*

For the foregoing reasons, plaintiffs' motion for reconsideration (Dkt 338) is denied. Plaintiffs and Defendant DiDi Global, Inc. shall meet and confer, no later than April 15, 2025, regarding plaintiffs' proposed revised Interrogatory 13. Plaintiffs and DiDi shall file, no later than April 17, 2025, a joint status report of no more than four pages (1) indicating that the parties have agreed on a revised interrogatory to which DiDi will provide responsive information, or (2) outlining the parties' respective positions, including the text for a revised interrogatory proposed by each party.

SO ORDERED.

Dated:   April 8, 2025

_____
Lewis A. Kaplan
United States District Judge