

May 23, 2025

The Honorable Lewis A. Kaplan
United States District Court, Southern District Court of New York
500 Pearl Street
New York, NY 10007

Re:   *In re DiDi Global Inc. Secs. Litig.*, No. 1:21-cv-05807
      **Plaintiffs' Response to DiDi's Request for Extension (ECF 385)**

Dear Judge Kaplan:

Plaintiffs write in opposition to Defendant DiDi Global Inc.'s ("DiDi") request for a four-week extension (the "Request," ECF 385) to respond to Plaintiffs' four-page letter motion (the "Motion," ECF 383).

First, DiDi fails to establish why it needs four additional weeks to respond to a four-page letter motion. DiDi complains about needing time to "sufficiently review" the "roughly 365 pages of material" that Plaintiffs attached as exhibits to the Motion, but the vast majority of those pages are DiDi's own privilege logs (ECF 383-1 – ECF 383-4). DiDi should be intimately familiar with its own privilege logs. Further, DiDi has already responded to the Motion's arguments because Plaintiffs raised these issues with DiDi – identifying the legal issues and documents it would move on – in a March 27, 2025 letter to DiDi (ECF 383-6), to which DiDi responded on April 4, 2025 (ECF 383-5). Finally, the expert report Plaintiffs attached to their Motion focuses on two narrow issues: (i) whether DiDi's relevant in-house counsel were licensed attorneys at the time of the challenged communications; and (ii) whether PRC law recognizes attorney-client privilege or attorney work product protection. DiDi fails to explain why it needs four additional weeks to address these topics (which DiDi already addressed in its April 4 letter). ECF 383-5.

Second, DiDi's Request - to file its opposition on the day that document discovery ends – is just the latest example of DiDi's attempt to improperly delay the production of important documents and curtail Plaintiffs' ability to take effective depositions. DiDi's refusal to produce these important documents – DiDi's internal communications and communications with PRC regulators – has thus far prevented Plaintiffs from taking depositions. *Id*. Earlier this week, the Court set June 24, 2025 as the deadline for document production and gave Plaintiffs two additional months – to August 25, 2025 – to take depositions. ECF 381. Under DiDi's proposed schedule, if the motion is successful, DiDi would produce the challenged documents well after the document discovery deadline, and Plaintiffs would have no time to translate and review the documents prior to taking depositions.

Third, DiDi's claim that Plaintiffs waited "over five months after receiving DiDi's initial

1

privilege logs" is misleading. Request at 2. Of the 983 documents the Motion challenges, DiDi asserted privilege and/or work product protection for 954 of them (**over 97%**) for the first time on March 20, 2025. After Plaintiffs identified deficiencies in DiDi's March 20 log, DiDi served a revised log on April 11, 2025. ECF 383-4. As explained in the Motion, DiDi logged these 866 documents on their *PRC law withhold logs* in December 2024 and January 2025. Importantly, DiDi did not assert privilege protection over these documents in those PRC law withhold logs and did not include these documents in the initial privilege logs they served in December 2024 and January 2025. Instead, in violation of the applicable rules, DiDi first asserted *privilege* claims over these documents on March 20, 2025 – months after they had been logged as withheld pursuant to PRC blocking statutes, and only after the Court ordered DiDi to revise its deficient PRC law withhold logs (ECF 320). Indeed, there are 105 documents newly listed as privileged on the April 11, 2025 log – which were originally logged on DiDi's December 2024 PRC law withhold log – that DiDi no longer claims are protected by PRC blocking statutes. That means PRC authorities cleared these documents for production, and DiDi simply came up with new reasons to withhold them. In short, Plaintiffs could not have moved on these documents five months ago because DiDi inexplicably failed to assert privilege claims over them until months later.

Plaintiffs respectfully request that the Court grant DiDi no more than one additional week – to June 2, 2025 – to file its response to Plaintiffs' letter Motion.

Respectfully submitted,

*/s/ Laurence Rosen*

Laurence Rosen


cc: All counsel of record via ECF

2