**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

**MEMO ENDORSED**

WRITER'S DIRECT DIAL NO.
(212) 849-7471

WRITER'S EMAIL ADDRESS
coreyworcester@quinnemanuel.com

May 23, 2025

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/25

Re:   *In re Didi Global Inc. Securities Litigation* (S.D.N.Y.), Case No. 1:21-cv-05807-LAK
      **DiDi's Request for Extension to Respond to Plaintiffs' Motion to Compel (Dkt. 383)**

Dear Judge Kaplan:

Defendant DiDi Global Inc. ("DiDi") respectfully requests that the Court grant it an additional four weeks, until June 24, 2025, to respond to Plaintiffs' Letter Motion to Compel Production of Documents withheld as privileged (ECF No. 383; the "Motion"), filed on May 22, 2025.[1] DiDi has conferred with Plaintiffs, and Plaintiffs consent to a one-week extension of DiDi's deadline to respond. *See* Ex. A.

DiDi served its initial privilege and redaction logs on December 16, 2024. It served its first supplemental privilege log on January 14, 2025, and its second supplemental privilege log on March 20, 2025. On May 12, 2025, the parties stipulated and agreed to a schedule for briefing and page limits on Plaintiffs' motion to compel production of documents, which included documents that were withheld on the basis of privilege. That stipulation was so-ordered by the Court on May 13, 2025. *See* ECF No. 368 (the "Order"). Plaintiffs filed their motion to compel production of documents pursuant to the Order on May 16, 2025. *See* ECF No. 371. Notwithstanding that that motion to compel sought documents from DiDi's privilege logs, Plaintiffs did not argue at that time that privilege was inappropriately asserted.

---

[1] We recognize that the Court's rules require that requests for extensions be submitted two business days before the due date. However, because we did not receive the Motion until the late afternoon of May 22, 2025, we were not able to request an extension within the time prescribed by the Court's rules.

**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

  Yet, on May 22, 2024, nearly a week later and over five months after receiving DiDi's initial privilege logs, Plaintiffs filed the Motion, attaching roughly 365 pages of material as exhibits, including a 28-page expert report on Chinese law. DiDi requests additional time to sufficiently review and respond to the volume of material submitted by Plaintiffs with the Motion, including the expert report of Professor Zhengyu Xin (ECF No. 383-7; the "Xin Report"), which will likely require the preparation of a rebuttal expert report. Notably, Plaintiffs have had over five months to draft their motion papers and expert report, and DiDi seeks sufficient additional time to permit it to adequately respond.

  DiDi has not previously requested an extension of the deadline to respond to the Motion.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ R. Corey Worcester*

R. Corey Worcester

cc: All counsel of record via ECF

DiDi shall respond to the motion to compel (Dkt 383) no later than June 6, 2025.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
5/23/25

2