USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-28-25

# The Rosen Law Firm
INVESTOR COUNSEL

May 22, 2025

The Honorable Lewis A. Kaplan
United States District Court, Southern District Court of New York
500 Pearl Street
New York, NY 10007

SO ORDERED Granted
LEWIS A. KAPLAN
5/28/25

Re: *In re DiDi Global Inc. Secs. Litig., No. 1:21-cv-05807*

Dear Judge Kaplan:

    We represent Lead Plaintiff Alaka Holdings Ltd. and named plaintiffs Shereen El-Nahas, Daniil Alimov, Bosco Wang, and Njal Larson (collectively, "Plaintiffs"), in the above-referenced matter. Pursuant to the Confidentiality Stipulation and Protective Order, entered on May 22, 2024 (ECF 190), SDNY Local ECF Rule 6.8, and Your Honor's Individual Filing Practices, we write to request permission to file under seal Exhibits 1-4, 6, and 16 to Plaintiff's Letter Motion to Compel Production of Documents Withheld Based on Assertions of Attorney-Client Privilege and Attorney Work Product and exhibits attached thereto.

    Absent a consent of the designating party or a contrary Order from this Court, the Confidentiality Stipulation and Protective Order requires Plaintiffs to file the above-referenced documents under seal pursuant to DiDi's designation. ECF 190, at ¶14 ("Absent the consent of the producing party under this Section or order of the Court, the receiving party shall file the Confidential or Attorney's Eyes Only Information under seal.") DiDi has designated the materials at issue "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the Confidentiality Stipulation and Protective Order. Plaintiffs do not concede the propriety of maintaining this material under seal and note that "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action, in this case [d]efendants." *DiRussa v. Dean Winter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). There is a presumption favoring access to judicial records, but "the decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312, 55 L.Ed.2 570 (1978). The public interest (and thus, the presumption of access) may be weaker in connection with documents exchanged in discovery than those attached to or referenced in public filings. *See United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2nd Cir.1995) (measuring weight of presumption of access by "role of material at issue in the exercise of Article III judicial power"); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (stating that the rule that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require

judicial resolution of the merits is subject to the common-law right."). However, the determination as to whether to seal remains with the Court; the agreement of the parties, is irrelevant to the propriety of granting a motion to seal. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

While Plaintiffs do not concede (or agree) that DiDi has established a basis to designate these materials as Confidential or Attorneys' Eyes Only—let alone to support sealing of judicial records—we submit this Motion, to the Court's sound discretion, in accordance with the ¶14 of the Confidentiality Stipulation and Protective Order.

Appendix A below lists the parties and their counsel of record who should have access to the sealed documents.

Dated: May 22, 2025                                              Respectfully submitted,

                                                                 */s/ Laurence Rosen*
                                                                 Laurence Rosen

cc: All counsel of record via ECF

2

Appendix A – Parties and Counsel to be Permitted Access

**Defendants**

**Defendants Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., Citigroup Global Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC**

O'MELVENY & MYERS LLP

Jonathan Rosenberg
Abby F. Rudzin

**Defendant DiDi Global Inc.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Michael Charles Griffin
Robert Alexander Fumerton
Scott D. Musoff

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester
Sam Cleveland

**Defendants Will Wei Cheng, Alan Yue Zhuo, Jean Qing Liu, Jingshi Zhu, and Adria Perica**

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester

**Defendant Zhiyi Chen**

WILSON SONSINI GOODRICH & ROSATI, P.C.

Sheryl Shapiro Bassin
Alexander Luhring
Ignacio E. Salceda

**Defendant Martin Chi Ping Lau**

GIBSON, DUNN & CRUTCHER LLP

3

Matthew Stewart Khan
Kevin James White
Michael D. Celio

**Defendant Kentaro Matsui**

BLANK ROME LLP

Andrew Mitchell Kaufman
Emily Grasso

SULLIVAN AND CROMWELL

Jefferey T. Scott

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester

**Defendant Daniel Yong Zhang**

SIMPSON THACHER & BARTLETT LLP

Bo Bryan Jin
Stephen Patrick Blake

QUINN EMANUEL URQUHART & SULLIVANT LLP

Renita Sharma
Richard Corey Worcester

AKIN GUMP STRAUSS HAUER & FELD LLP

Ziwei Xiao

**Plaintiffs**

THE ROSEN LAW FIRM, P.A.

Laurence M. Rosen
Jing Chen
Daniel Tyre-Karp
Robin Howald
Yitzchok Fishbach
Brent LaPointe

GLANCY PRONGAY & MURRAY LLP

Kara Wolke
Leanne Heine Solish

5