

O'Melveny & Myers LLP  T: +1 212 326 2000
1301 Avenue of the Americas  F: +1 212 326 2061
Suite 1700  omm.com
New York, NY 10019-6022

May 30, 2025

**Jonathan Rosenberg**
D: +1 212 408 2409
jrosenberg@omm.com

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *In re Didi Global Inc. Secs. Litig., No. 1:21-cv-05807*

Dear Judge Figueredo:

We represent the Underwriter Defendants[1] and, under Your Honor's April 23, 2025 order (ECF No. 357), the Confidentiality Stipulation and Protective Order (ECF No. 190), SDNY Local Rule 6.8, and Your Honor's Individual Filing Practices, we write to explain the reasons for permanently sealing Exhibits 1 and 2 to the Reply Declaration of Laurence Rosen in Support of Plaintiffs' Motion for Class Certification (ECF No. 346, "Rosen Reply Declaration").[2] Goldman Asia produced Exhibits 1 and 2 to the Rosen Reply Declaration and designated them "FOR ATTORNEYS' OR EXPERTS' EYES ONLY," which under the Protective Order requires the receiving party to file under seal absent consent of the designating party or a contrary order from this Court, and the producing party to file a letter explaining the sealing reasons (ECF No. 190, ¶ 14).

## I.   Legal Standard for Sealing

Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *1 (S.D.N.Y. Mar. 20, 2024) (Figueredo, Mag. J.) (internal quotation marks omitted) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Under *Lugosch*, the presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. For example, courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, Mag. J.) (collecting cases); *see also Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *6–7 (D. Conn. May 16,

---

[1] The Underwriter Defendants are Goldman Sachs (Asia) L.L.C. ("Goldman Asia"), Morgan Stanley & Co. LLC ("Morgan Stanley"), J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., China Renaissance Securities (US) Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC.

[2] The Court's April 23, 2025 order directed Goldman Asia to explain by May 30 if it seeks to permanently seal Exhibits 1 and 2 to the Rosen Reply Declaration.

2023) (sealing documents that included non-public, proprietary information about business's internal processes and procedures because "[c]onfidential commercial information of a business"—including "confidential research, internal business documents and information about a business's operations"—"has been recognized repeatedly as a proper subject for sealing"). Such information can include specific details about trades or trading activity. *See, e.g.*, *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details).

**II.     Rosen Reply Declaration Exhibits 1 and 2 Should Be Permanently Sealed**

Rosen Reply Declaration Exhibits 1 and 2 reflect confidential, competitively sensitive information about stabilizing transactions in connection with DiDi's IPO. In IPOs, underwriters typically support the trading of the offered securities through various types of transactions (e.g., stabilizing or short-covering transactions) that may have the effect of stabilizing or maintaining the market price. Underwriters compete against each other for the stabilization-agent role to execute these transactions.[3] A stabilization agent's strategy and execution are therefore confidential and competitively sensitive. Exhibit 1, bearing Bates numbers GS-DIDI-00819289–GS-DIDI-00819291, is a confidential filing addressed to FINRA, NYSE, and NASDAQ under SEC Regulation M, by Goldman Asia's SEC-registered broker-dealer affiliate Goldman Sachs & Co. LLC ("GSC"), reporting short-covering transactions that Goldman Asia's co-lead underwriter for DiDi's IPO, Morgan Stanley, executed as stabilization agent for the IPO. Exhibit 2, bearing Bates numbers GS-DIDI-00819259–GS-DIDI-00819260, GS-DIDI-00819265, and GS-DIDI-00819267, are excerpted email communications between GSC and Morgan Stanley about executing those transactions.

These exhibits contain dates, prices, and volumes of Morgan Stanley's short-covering transactions, reflecting proprietary and commercially sensitive business information about its stabilizing or short-covering strategies. Such information, if revealed, "may provide valuable insights into [Morgan Stanley's] current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing documents related to, among other things, movant's "merchandizing strategies, policies, and sales" (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)), and applying *Lugosch*). Further, the exhibits illustrate trading strategies presently utilized by the leads for short-covering activity, which weighs in favor of sealing the data even when the data is years old. *See City of Providence v. BATS Glob. Markets, Inc.*, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (redacting data that is "over a decade old" because the sensitive business information "remains applicable today" (internal citations omitted)). Thus, the Court should grant Plaintiffs' motion to seal (ECF No. 344) as to Exhibits 1 and 2.

---

[3] *See, e.g.*, Bagwan Chowdhry & Vikram Nanda, *Stabilization, Syndication, and Pricing of IPOs*, 31 J. of Fin. & Quantitative Analysis 25, 25 (1996).



      The below Appendix lists the parties and their counsel of record who should have access to Exhibits 1 and 2.

                                                  Respectfully submitted,

                                                  */s/ Jonathan Rosenberg*
                                                  Jonathan Rosenberg

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
                        **Dated:** 6/2/25

The motion to seal is GRANTED. The Clerk of Court is directed to maintain the viewing restrictions on the exhibits filed at ECF No. 346. This resolves the motion at ECF No. 391.