June 6, 2025

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:   *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK:
             DiDi Global Inc.'s Motion to Seal

Dear Judge Kaplan:

      Pursuant to this Court's Standing Order, 19-mc-00583, Your Honor's Individual Rules of Practice, and the Confidentiality Stipulation and Protective Order (ECF No. 190) ("Protective Order"), Defendant DiDi Global Inc. ("DiDi") respectfully requests permission to file its Opposition ("Opposition") to Plaintiffs' Motion to Compel DiDi's Production of Documents Withheld under PRC Blocking Statutes (ECF No. 371) ("Motion") and certain attached exhibits (Exhibits A-G and I) under seal.

    **I.**    **Standard**

      Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

      In particular, a party's interest in preserving sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (concluding that district court abused its discretion by denying request to seal confidential financial information). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d 120; *see, e.g., Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in part motion to seal confidential technical information to extent the proposed redactions were narrowly tailored).

      To this end, courts grant motions to seal documents that implicate "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of

competitively sensitive business information." *In re Lifetrade Litig.*, 2023 WL 6211958, at *2 (S.D.N.Y. Sept. 25, 2023); *see also Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (finding as sufficient to defeat presumption favoring disclosure those documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage."); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

Courts also permit sealing where, as here, the documents at issue implicate international comity concerns. *See In re Terrorist Attacks on September 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (finding international comity justified sealing of documents related to Saudi officials); *see also Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug 18, 2017) (sealing report containing "highly sensitive, traditionally nonpublic . . . information . . . of a foreign government" (internal quotation marks omitted)); *Straus v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5-6 (E.D.N.Y. Oct. 6, 2011) (sealing documents prohibited from disclosure by French law).

## II.  Materials to be Sealed

DiDi's Opposition and certain exhibits attached thereto contain commercially sensitive and confidential information about its business and operations, as well as sensitive information pertaining to PRC regulatory and governmental matters, which has been properly designated as confidential pursuant to the Protective Order. These documents also refer to communications between Plaintiffs' counsel and Defendants' counsel that discuss confidential information. Any disclosure of these documents may violate principles of international comity as well as the Protective Order and may cause harm to DiDi. The Opposition also includes references to documents (ECF Nos. 326 and 371 with accompanying exhibits) that the Court has already permitted to be filed under seal. *See* ECF Nos. 328 and 375).

Accordingly, DiDi respectfully requests that the Court grant its request to file under seal the following documents that have been designated confidential under the Protective Order, should be designated confidential under the Protective Order, or contain discussion of such confidential information: (i) DiDi's Opposition to Plaintiffs' Motion to Compel; and (ii) certain exhibits (Exhibits A-G and I) attached thereto.

DiDi's request is narrowly tailored to protect its interests and the interests of third parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate the Motion.

Respectfully submitted,

*/s/ Corey Worcester*

Corey Worcester
Renita Sharma
Sam Cleveland
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com
samcleveland@quinnemanuel.com

*Counsel for Defendants DiDi Global Inc., Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhou, Zhiyi Chen, Daniel Yong Zhang, and Adrian Perica*

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902
Fax: (212) 777-3902
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant DiDi Global Inc.*

cc: All counsel of record via ECF