

June 6, 2025

**BY ECF**

Honorable Valerie Figueredo
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Didi Global Inc. Securities Litigation*, Case No. 1:21-cv-05807

Dear Judge Figueredo:

In accordance with Your Honor's April 10, 2025 order (ECF No. 349) and the Confidentiality Stipulation and Protective Order (ECF No. 190, the "Protective Order"), Plaintiffs[1] explain, below, the reasons for permanently sealing Exhibit 4 to the Reply Declaration of Laurence Rosen in Support of Plaintiffs' Motion for Class Certification (ECF No. 346-4, "Exhibit 4").

Separately, in accordance with the parties' Confidentiality Stipulation and Protective Order (ECF No. 190) and Rule I.g of Your Honor's Individual Practices in Civil Cases, Plaintiffs respectfully request that the Court seal Exhibits D-G to the Declaration of Laurence Rosen filed herewith, which contain or refer to information the Underwriter Defendants[2] designated as "FOR ATTORNEYS' OR EXPERTS' EYES ONLY." Plaintiffs also respectfully request that the Court seal portions of the brief and declaration filed herewith to the extent they reference the material in Exhibits D-G. For the reasons set forth in the Underwriter Defendants' Letter Motion to Permanently Seal Exhibits 1 and 2 to the April 9, 2025, Declaration of Laurence Rosen, filed May 30, 2025 (ECF 391) and granted June 2, 2025 (ECF 393), Plaintiffs request the Court seal this material.

Plaintiffs' motions to seal deposition testimony filed in conjunction with their class certification briefing (ECF 262 and 344) were filed in accordance with the parties' past practice pertaining to the sealing of deposition testimony.[3] Exhibit 4 contains excerpts from the transcript of the Fed. R. Civ. P 30(b)(6) deposition of Alaka, which Plaintiffs designated as "Confidential, Attorneys' Eyes Only" pursuant to the Protective Order. The excerpted portions of the transcript include testimony from Alaka's designee regarding private personal information concerning

---

[1] Plaintiffs are Lead Plaintiff Alaka Holdings Ltd. ("Alaka"), and named plaintiffs Shereen El-Nahas, Daniil Alimov, Bosco Wang, and Njal Larson.

[2] The Underwriter Defendants are Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., China Renaissance Securities (US) Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC.

[3]  The Court previously granted the parties' motions to seal both their opponents' and their own deposition testimony. *E.g.*, ECF 231, granted at ECF 253; ECF 242 granted at ECF 254; ECF 273, granted at ECF 277; ECF 325, granted at ECF 328. *Cf. Imig, Inc. v. Omi Elec. Appliance Compay Co., Ltd.*, 2021 WL 9628853, at *2 (E.D.N.Y. Jan. 11, 2021) (parties' agreement that material was covered by Protective Order weighed in favor of sealing).

1

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827

Alaka's designee and owners and Alaka's trading strategies, objectives, and transactions. The Court has discretion to permit documents to be filed under seal where, as here, they contain such information. As explained below, sealing Exhibit 4 is consistent with the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

"[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312-13 (1978). In exercising that discretion, the public's right to access must be "balance[d] [against] competing considerations," including but not limited to "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120 (internal quotations and citations omitted).[4] Courts permit sealing when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Consistent with the principles set forth in *Lugosch*, Plaintiffs respectfully submit that countervailing privacy interests outweigh the presumption of public access for Exhibit 4.

Many of the excerpts in Exhibit 4 contain the private, personal information of Alaka's designee including the designee's home address, biographical information, and family affairs, *inter alia*.[5] Courts have recognized a privacy interest in protecting such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties ... including home addresses, biographical information, telephone numbers and compensation"); *see also, e.g.*, *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (granting motion to seal and noting that "courts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties.") (citing cases). Additionally, the parties' so-ordered ESI Protocol expressly permits the parties to redact personal information, including address and telephone number, from documents produced during discovery. ECF 194 at 24-25 (as entered). The personal information in the deposition testimony filed with the Court should be afforded the same level of privacy protection as a document similarly redacted which may also be filed with the Court after its production.

A significant portion of the excerpts in Exhibit 4 contain information regarding Alaka's and its designee's "trading strategies, objectives, and transactions …[,] the type of information, … [that] overcomes the presumption of public disclosure." *Dodona I*, 119 F. Supp. 3d at 156; *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (similar).[6]

---

[4] Examples of such privacy interests vary widely and include, but are not limited to, "'[f]inancial records of wholly owned business, family affairs, illnesses, and embarrassing conduct with no public ramifications." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

[5] *See, e.g.*, Exhibit 4 at 8:8-9:2, 13:14-17, 16-22:9, 151:13-152:3, 156:3-157:25.

[6] *E.g.*, Exhibit 4 at 40:1-41:20, 53:4-55:25, 61:4-65:25, 67:15-70:9, 85:1-87:25, 89:3-8, 90:12-93:25, 95:7-96:12, 99:8-100:6, 103:4-105:24, 109:1-24, 122:12-126:20, 156:12-24.

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827

3

      In light of the foregoing, with no intervenor asking the Court for access to Exhibit 4, which was filed under temporary seal five months ago, the balance of the public's right to access and Alaka's privacy interests favors permanent sealing of Exhibit 4.

      The Appendix below lists the parties and their counsel of record who should have access to the sealed documents.

Respectfully Submitted,

/s/ Laurence Rosen
Laurence Rosen

cc:    All counsel of record via ECF

3

**THE ROSEN LAW FIRM, P.A.** ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827

Appendix – Parties and Counsel to be Permitted Access

**Defendants**

**Defendants Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Barclays Capital Inc., Citigroup Global Markets Inc., China Renaissance Securities (US) Inc., HSBC Securities (USA) Inc., UBS Securities LLC, and Mizuho Securities USA LLC**

O'MELVENY & MYERS LLP

Jonathan Rosenberg
Abby F. Rudzin

**Defendant DiDi Global Inc.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Michael Charles Griffin
Robert Alexander Fumerton
Scott D. Musoff

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester
Sam Cleveland

**Defendants Will Wei Cheng, Alan Yue Zhuo, Jean Qing Liu, Jingshi Zhu, and Adria Perica**

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester

**Defendant Zhiyi Chen**

WILSON SONSINI GOODRICH & ROSATI, P.C.

Sheryl Shapiro Bassin
Alexander Luhring
Ignacio E. Salceda

**Defendant Martin Chi Ping Lau**

GIBSON, DUNN & CRUTCHER LLP

Matthew Stewart Khan
Kevin James White
Michael D. Celio

**Defendant Kentaro Matsui**

BLANK ROME LLP

Andrew Mitchell Kaufman
Emily Grasso

SULLIVAN AND CROMWELL

Jefferey T. Scott

QUINN EMANUEL URQUHART & SULLIVAN LLP

Renita Sharma
Richard Corey Worcester

**Defendant Daniel Yong Zhang**

SIMPSON THACHER & BARTLETT LLP

Bo Bryan Jin
Stephen Patrick Blake

QUINN EMANUEL URQUHART & SULLIVANT LLP

Renita Sharma
Richard Corey Worcester

AKIN GUMP STRAUSS HAUER & FELD LLP

Ziwei Xiao

**Plaintiffs**

THE ROSEN LAW FIRM, P.A.

Laurence M. Rosen
Jing Chen
Daniel Tyre-Karp
Robin Howald
Yitzchok Fishbach
Brent LaPointe
Eric Bi

GLANCY PRONGAY & MURRAY LLP

Kara Wolke
Leanne Heine Solish