THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Howald
275 Madison Ave, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
　　　　philkim@rosenlegal.com
　　　　jchen@rosenlegal.com
　　　　dtyrekarp@rosenlegal.com
　　　　rhowald@rosenlegal.com

*Lead Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION<br><br>This Document Related To: All Actions | Master Docket<br><br>21-CV-5807 (LAK)(VF)<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF CLASS CERTIFICATION, RESPONDING TO DEFENDANTS' SUR-REPLY**<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |

I.      THE EVIDENCE SUBMITTED SUPPORTS THE PROPOSED CLASS PERIOD

Defendants ask the Court to reduce the 22-day class period to 6 days without submitting the evidence required to support both their assertion that all curative information was disclosed by the market open on July 6 *and* that the statistically-significant 29.9% price decline at the end of the class period, *following* news that PRC authorities might force DiDi to delist from the NYSE, was unrelated to their fraud. █████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█ The Court previously accepted this loss causation theory:

> "[DiDi's] rationale seems to be that the post-IPO events plaintiffs identify as having revealed the omitted risk of going public—*i.e.*, the CAC's sanctioning of Didi—was not '*new*' information …. This argument fails …. where, as here, the full contours of the allegedly fraudulent omission emerged in dribs and drabs."
> ECF 158 at 51-52 (emphasis in original).

As Plaintiffs have shown with evidence (ECF 355 at 13-14, ECF 355-1 at 2-6, 9 and ECF 355-2 at 18-19, 32-35), in light of the CAC's further "sanctioning of DiDi" over the next few weeks—*i.e.*, 25 apps removed from apps stores and super-apps, seven-agency on-site probe, possible forced delisting—*and* a statistically-significant 29.9% price drop at the end of the class period, whether the July 4-6 news was fully curative is a question for summary judgment or trial. Criticism of the method of calculating retardation of price decline on and after July 6 is different from proving inflation was dissipated by fully curative news by July 6.

The only legal purpose for which an underwriter may engage in stabilizing transactions is

---

[1] Transcript of the Deposition of Terrence Hendershott, Ph.D., taken May 28, 2025 ("Hendershott Tr.") at 24:25–25:8; 131:21-132:14 (Ex. F to the Declaration of Laurence M. Rosen ("Rosen Decl.")).
[2] Hendershott Tr. 208:4-20.

to prevent or retard a decline in the share price.[3] ████████████

████████████████████████████████

████████████████████████████████

█████████████████████████ ██ ████

████████████████████████████████

████████████████████████████████

████████████████ █████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████

███████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████████ In *In re Allstate Corp. Secs. Litig.*, 2020 WL 7490280 (N.D. Ill. Dec. 21, 2020), defendants argued that no new news had been revealed at the end of the class period, and, consequently, its expert "did not perform any empirical testing" concerning the cause of the 10% drop at the end of the class period. *Id.* at *5. The court found this failure "fatal to defendants' attempts to defeat class certification." *Id.* Defendants were required to submit evidence that news released by the morning of July 6 had a fully curative effect. As they twice declined to do so, there is no basis to shorten the class period.

---

[3] 17 CFR § 242.104(b) ("Stabilizing is prohibited except for the purpose of preventing or retarding a decline in the market price of a security."); *see Billing v. Credit Suisse First Boston Ltd.*, 426 F.3d 130, 139-40 (2d Cir. 2005), *rev'd on other grounds sub nom. Credit Suisse Sec. (USA) LLC v. Billing*, 551 U.S. 264, 127 S. Ct. 2383 (2007) (so holding).

## II. DR. AGGARWAL'S ANALYTICAL METHODS ARE RELIABLE

Dr. Aggarwal's rebuttal report[4] shows that he used widely-accepted scientific methods to calculate the effect of stabilizing purchases to retard price declines that would have otherwise occurred. Rosen Decl., Ex. G at 2-13 (Aggarwal Reb. at ¶¶6-32 & Ex. 1). ▮

▮ bad news that continued until July 22. Cmplt. ¶¶241-54 (ECF 106 at 79-84). The more detailed trade data MS finally produced only bolsters Dr. Aggarwal's initial findings.[6] Aggarwal Reb. at ¶¶24-25 & Ex. 1.

▮ But post-IPO markets are presumed to be inefficient. *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 42-43 (2d Cir. 2006). For this reason, academic literature shows the price effects of stabilizing trades can last for *at least* 40 days. ECF 355-2 at 9 n.7, 11 & n. 11. That stabilizing trades bolstered DiDi's share price ▮ is consistent with these findings. Dr. Aggarwal's demand model of price elasticity draws upon well-accepted studies showing a 3% to 30% change in price for each 1% change in demand. ECF 355-2 at 9-10 (¶¶19-20). DiDi's 4.29% demand elasticity, *id.* at 28, is at the very low end of the range. This shows MS's stabilizing purchases caused fraud-induced inflation to remain in DiDi's share price until the end of the Class Period.

---

[4] The Court-authorized (ECF 353 at 2) Rebuttal Report of Rajesh Aggarwal, Ph.D., dated June 6, 2025 ("Aggarwal Reb."), is attached as Ex. G to the Rosen Decl.

▮

[6] Defendants criticized Dr. Aggarwal's initial report (ECF 377 at 3 n.1) because it was not based on more detailed trading data — data the Underwriters willfully withheld for many months. *See* Rosen Decl. at ¶¶3-20 & Exs. A-E.

Dated: June 6, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/*Laurence Rosen*

Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Howald
275 Madison Ave, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
      philkim@rosenlegal.com
      jchen@rosenlegal.com
      dtyrekarp@rosenlegal.com
      rhowald@rosenlegal.com

*Counsel for Plaintiffs and the Proposed Class*

and

**GLANCY PRONGAY & MURRAY LLP**

Gregory Linkh
30 Park Ave, Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Fax: (212) 884-0988
Email: glinkh@glancylaw.com

and

Kara Wolke
Leanne Heine Solish
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Phone: 310-201-9150

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/ *Laurence M. Rosen*