# Exhibit C



O'Melveny & Myers LLP　　T: +1 212 326 2000
1301 Avenue of the Americas　F: +1 212 326 2061
17th Floor　　　　　　　　　omm.com
New York, NY 10019

September 11, 2024

Jonathan Rosenberg
D: +1 212 408 2409
jrosenberg@omm.com

**VIA E-MAIL**

Laurence M. Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016

Re:　Plaintiffs' Second Request to the Underwriters for the Production of Documents in *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK (S.D.N.Y.)

Dear Larry:

We received your August 29 letter about the Underwriter Defendants' July 5 Responses and Objections to Plaintiffs' Second Request for the Production of Documents from the Underwriter Defendants (the "Responses"). Here are our responses.

**RFP No. 41**. We decline your request to extend the search for documents sufficient to show the Underwriter Defendants' stabilizing transactions before July 2, 2021, and beyond July 7, 2021. As we have advised you, our investigation to date indicates that is the period in which stabilizing transactions occurred. Your speculation that stabilizing transactions must have occurred through the 40-day "quiet period" (through August 9, 2021) is not a basis to expand the search. In any event, we suggest that we table the issue for now, and once you've had a chance to review our production for the July 2–7, 2021 period, you let us know why you believe an additional search is necessary.

**RFP No. 42**. As we have stated, the identities, addresses, and amount of shares purchased by holders of DiDi's ADS are not relevant to this issue in this case. We disagree that this information is typically disclosed in securities litigation, even in the class notice context. Nevertheless, to the extent the central deal files contain non-privileged (and non-PRC law protected) documents describing IPO allocations to various investors, that will be part of the Underwriter Defendants' productions.

**RFP No. 43**. The Underwriter Defendants have agreed to produce non-privileged documents, if any, through July 2, 2021, discussing or reflecting communications with prospective ADS purchasers if they are contained in the Underwriter Defendants' central deal files or in the ESI that the Underwriter Defendants have agreed to collect and review in response to Plaintiffs' other Requests. Plaintiffs appear to believe that this time period should be extended through July 23, 2021, to capture communications you speculate must have happened after the CAC's July 2, 4, and 9 announcements. As you know, Morgan Stanley has agreed to prepare its 30(b)(6) witness to testify about Topic No. 19: "approved official Morgan Stanley communication(s), if any, to IPO investors from July 2, 2021, to July 21, 2021, regarding the PRC's July 2, 4, 9, and 16, 2021 actions concerning DiDi." We will agree to extend the time period of that topic through July 23, 2021, and will likewise produce any non-privileged (and non-PRC law protected) approved official Morgan Stanley communications to DiDi ADS holders about the CAC's announcements for that same time period. In addition, we will conduct a similar search for any such



approved official communications by the other Lead Underwriters, Goldman Sachs and JP Morgan, and produce any such non-privileged (and non-PRC law protected) communications.

\* \* \*

Very truly yours,

*/s/ Jonathan Rosenberg*

Jonathan Rosenberg