Memorandum Endorsement                              DiDi Global Inc. Sec. Litig., 21-cv-5807 (LAK)

      Plaintiffs move to enlarge the number of depositions allowed to 27 and to allow examination of deposition witnesses who testify through interpreters for up to 14 total hours. Defendants have offered to agree to enlargement of the number of depositions to 15 but argue that further enlargement is unwarranted.

      Clearly there must be justification for allowing so many depositions in excess of the presumptive limit of ten, especially in light of the proportionality requirement that overrides discovery in civil cases. But defendants seriously minimize or ignore the justifications in this case.

      As an initial matter, this is a very large litigation. It is, as plaintiffs argue, "a complex securities class action involving 20 defendants arising from the crash of the second largest Chinese IPO ($4.4 billion)" in which plaintiffs claim more than $2.3 billion in damages. The presumptive limit of ten depositions was not framed with litigation of this scope in mind.

      Second, obtaining documentary evidence from Didi has been extraordinarily difficult in light of it having invoked Chinese laws said to prohibit disclosure of documents and provision of other discovery, especially documents that appear to be relevant to the crux of this case. *See, e.g., In re DiDi Global Sec. Litig.*, 21-cv-5807 (LAK), 2025 WL 1735412, at *4–5 (S.D.N.Y. June 23, 2025); *id.*, 2025 WL 1069074 (S.D.N.Y. Apr. 8, 2025) *id.*, 2025 WL 896053 (Mar. 24, 2025); *id.*, 2025 WL 833437 (S.D.N.Y. Mar. 17, 2025); *id.*, 2025 WL 743964 (Mar. 7, 2025); *id.*, 2025 WL 267893 (Jan. 22, 2025).

      Third, plaintiffs assert claims under Section 11 of the Securities Act of 1933 against three lead underwriting firms and nine individuals, each of whom asserts the due diligence defense on which each bears the burden of proof. Simple fairness warrants an appropriate opportunity to conduct discovery with respect to those defendants.

      Fourth, defendants' claims of undue burden, given the nature and stakes of this litigation and the extent to which plaintiffs have been limited in getting important discovery by other means, are tendentious.

      Accordingly, plaintiffs' motion (Dkt 419) is granted to the extent that plaintiffs may conduct up to 27 depositions and the permitted duration of those depositions conducted through interpreters is expanded to 14 hours each.

      SO ORDERED.

Dated:    June 24, 2025

                                                       Lewis A. Kaplan
                                                  United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/24/25