Case 1:21-cv-05807-LAK-VF    Document 428    Filed 06/23/25    Page 1 of 5



**The Rosen Law Firm**
INVESTOR COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-26-25

June 23, 2025

**BY ECF**

Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**COURTESY COPY**

Re:    *In re Didi Global Inc. Secs. Litig.*, No. 1:21-cv-05807
       Motion to Compel Proper Production of Defendant DiDi's Instant Messages

Dear Judge Kaplan:

Plaintiffs move to compel production of Defendant DiDi Global Inc.'s ("DiDi") instant messages in a "reasonably usable" format as required by Fed. R. Civ. P. 34(b)(2)(e).

DiDi's production is deficient in two respects. *First*, rather than being produced in a familiar user-interface format – with each speaker identified alongside or directly above the person's message, time-stamped and in chronological order, so as to resemble a conversation – each individual message was produced on *two separate pages*, the first being a "Short Report" pertaining to the message, number of participants, and the name of the group chat and the second containing the substance of a single message in the chat. Instead of comprising several pages of conversation, a chat with, for example, 23 entries of one line or two each is stretched over 46 mostly-blank pages with the messages—which appear on every other page—unconnected and decontextualized from one another.[1] Producing instant messages in this manner diminishes their evidentiary value. *Second*, on purported Personally-Identifying Information ("PII") grounds, DiDi has redacted the identities of non-DiDi participants in the chats – even though they are employees of the underwriters, lawyers, and accountants working on the IPO. Assuming, *arguendo*, the redacted "ID numbers and personal aliases" of such participants in the various chats are actually private, as opposed to some combination of the person's name and/or email address, their names can easily be provided in an overlay replacing whatever private information is currently redacted.

For these reasons, Plaintiffs seek an order requiring DiDi to reproduce these documents in a format that allows them to be used at summary judgment and at trial.

**A.    Background**

On April 7, 2025, Plaintiffs sent DiDi an email requesting that they rectify issues with their instant message production. Ex. B. Regarding the unnatural production of chats in a series of two-page stand-alone documents, Plaintiffs noted that "each document appears to reflect one message in a sequence of text messages, but they have been produced without metadata sufficient to

---

[1] *See* Ex. A (July 2 exchange concerning DiDi's disclosure of cybersecurity review just prior to closing spans DIDI00701260-701305).

**SO ORDERED**    Denied as moot

*[signature]*
LEWIS A. KAPLAN, USDJ    6/26/25

contextualize them or relate them to one another." Plaintiffs asked DiDi to: (1) identify the native format and source(s) from which these SMF-format documents have been produced" because "[i]n some cases, several appear to be derived from a single continuous conversation;" and (2) "produce a .json (or comparable load file) with metadata sufficient to contextualize these documents."

Regarding the improper redactions, Plaintiffs noted that "in some cases, the identity of the sender and/or recipient are obscured due to DiDi's redactions." Moreover, these redactions were not contained in entries to any of DiDi's logs, which are required to provide a basis for the redactions. Ex. B. Plaintiffs asked if the unlogged redactions were "all putatively on the basis of personally-identifying information (PII)" and, if so, why the identities of various senders and recipients were redacted. The identities of the deal team members working on the IPO are not PII.[2]

On April 21, 2025, DiDi responded. With respect to its improper method of production which broke down entire chats into separate documents for each text, DiDi responded only to Plaintiffs' second request, indicating they could not provide a .json load file to associate texts from the same conversation. Ignoring the elephant in the room, DiDi never explained why, in the first instance, it produced documents in a manner which broke up organic conversations into multiple single text documents. With respect to the unlogged redactions, DiDi claimed that they were "ID numbers and personal aliases of chat participants, which we understand to be PII [...] and is the type of non-relevant information that is routinely redacted in discovery." DiDi further indicated that it obtained its employees' consent to provide *their* information without redaction. Ex. C.[3]

Instead of agreeing to produce chats in conversational form, something other defendants were able to do,[4] DiDi instead opted to produce a multi-column log containing 735 two-page document entries, which appear (from the associated chatroom IDs) to comprise 64 distinct chats. Ex. E.[5] To prove the contents of a single conversation, Plaintiffs would be forced to provide jurors with both an exhibit containing numerous Bates numbers along with DiDi's 49-page log so that they can match the Bates number of the pages in the exhibit with all of those linked to a single chatroom ID in the log. Regarding the redactions, although the names of all participants in a particular chat room were listed, along with the *sender* of each chat, this is insufficient. Within a group chat there are often distinct sub-chats, with questions asked of or responses or instructions given to a particular person, often using "@" and a name before the question/response/instruction. If the *recipient's* name in such a message is redacted, important information is lost. *Compare*

---

[2] The parties' so-ordered ESI Protocol sets forth limited types of personally sensitive or identifiable information that can be redacted: "bank and brokerage account numbers; social security numbers; personal addresses; personal telephone numbers; other personal identifying information; and the names of minor children." ECF 194 at 24-25.

[3] To the extent DiDi is relying upon potentially tighter PII restrictions imposed by PRC law, *i.e.*, their statement that the consent of a text participant must be obtained before providing a copy of the text to a non-participant in the chat, to support its PII claims, these redactions should have been entered into the PRC Law redactions log. They were not.

[4] *See, e.g.*, MS-DIDI-00864166-00864215 (an internal chat from June 30, the day of the IPO, produced as a single document). (Ex. D) Each message has a time stamp and an email address, providing context to exchanges throughout the day. For example, at 4:03:28 p.m. on the day of the IPO, amanda.soon@morganstanley.com messages: "i like how there is absolutely no response from teh [sic] mgmt team." At 4:03:45 p.m., reuben.chan@morganstanley.com replied: "They don't give a fk." Eight seconds later, Chan adds: "They just happy CCP haven't call them yet." (Ex. D at MS-DIDI-00864212). DiDi would have produced these three lines of text in three 2-page documents, possibly challenging that the messages are related to one another should Plaintiffs have attempted to introduce them together. In the context of the multipage document, however, each side is able to argue the meaning of particular messages in context.

[5] DiDi has produced additional improperly redacted texts since DiDi served the log in April 2025.

Case 1:21-cv-05807-LAK-VF    Document 428    Filed 06/23/25    Page 3 of 5

DIDI00701614-15 (@ reference to DiDi employee included) (Ex. F), *with* DIDI00701298-99 (Ex. G) (@ reference to individual outside of DiDi redacted).

On June 11, 2025, Plaintiffs sent another letter to DiDi, again requesting, *inter alia*, that DiDi produce the chats without redaction. Ex. H.

### B.    DiDi is obligated to produce its documents in a usable format

Fed. R. Civ. P. 34(b)(2)(E)(ii) requires a party to produce documents "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." As currently produced, DiDi's instant messages are not in a reasonably usable form. Rather than being produced in a conversation-based, linear format—as instant message or email chains usually are—DiDi's instant messages have been produced piecemeal, with each message in its own PDF file, unattached and disconnected from the rest of the messages in its conversation or chat room. *Compare* Ex. D (Morgan Stanley chat) and Ex. I (DIDI00785867: *DiDi-produced* screen shot of text of voice message exchange between defendants Chen and Zhu) *with* Ex. A (DIDI00701260-701305). This renders the messages not only extremely difficult to parse for reviewing counsel but, more importantly, hinders Plaintiffs' ability to enter whole conversations or portions thereof into evidence. Although DiDi claimed to be unable to produce a load file permitting association of instant messages within a chat, the ESI Protocol so requires. ECF 194 at 5, ¶13.

In their current format, any effort by Plaintiffs to review and collate these messages into an understandable conversation could create unnecessary issues of authentication, as the final result would no longer be an original document. Consequently, the instant messages have not been produced in a "reasonably usable" form, because "a single text message, standing alone, is oftentimes meaningless without other messages in the text chain to provide context." *Al Thani v. Hanke*, 2022 WL 1684271, at *2 (S.D.N.Y. May 26, 2022). Furthermore. DiDi, has ignored questions about its storage of these messages and has never claimed that it ordinarily maintains each message in a group chat as an individual document. Another defendant who produced messages from the same platform produced "Short Message" reports listing the *total* number of messages in the conversation followed by the time-stamped messages in conversational format. *Compare* CHEN00000178-79; CHEN00000202-03 (Ex. J) *with* Ex. A (DiDi's Short Reports for one conversation, *i.e.*, 23 entries with identical chat room IDs and participants, show only one message in each conversation). Indeed, because DiDi already produced an imaged screen shot from a phone (Ex. I), in the unlikely event DiDi's stores chat messages individually, DiDi should produce imaged screen shots in their stead to provide the documents in a "reasonably usable" format.

### C.    DiDi must produce the name of each individual referenced in the messages

DiDi redacted the identities of non-DiDi senders and recipients within a group chat on the purported grounds of relevance and PII. The invocation of relevance is misplaced for two reasons. First, if the content of a message is relevant to the issues in this case, so too is the identity of persons sending and referenced in the message. Indeed, as both the Court (5/22/24 Transcript at 13:14-20) and Plaintiffs have suspected, certain key documents in the case are chats pertaining to the CAC's warning to delay the IPO. *See* Ex. I, DIDI00785867-68. Unlike a bank account number, social security number or a minor child's name, the disclosure of which would be gratuitous because it is not directly relevant to the issues in the case, as acknowledged in the ESI Protocol (ECF 194 at 24-25), the names of non-DiDi personnel communicating about the IPO and the PRC's authorities' position on the IPO most certainly are not "irrelevant" PII. Second, even if the

3

names of those who sent the messages were somehow irrelevant, it is black-letter law in this circuit that otherwise relevant documents may not be partially redacted for relevance. *See Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy") (internal quotation marks and citations omitted). Indeed, "'parties may not unilaterally redact otherwise discoverable' information from text messages for reasons other than privilege." *We the Protesters, Inc. v. Sinyangwe*, 348 F.R.D. 175, 180 (S.D.N.Y. 2024) (quoting *Al Thani*, 2022 WL 1684271, at *2). DiDi is therefore not permitted to unilaterally redact these documents on the basis of relevance.

Were DiDi truly concerned about producing personally identifying information, it could have produced the documents with an overlay redacting any proprietary usernames but providing the actual names of the participants in their stead. It failed to do so. Instead, it produced a master list of chat participants, demonstrating that DiDi could both discern *and provide* the identities of the persons whose "ID numbers or personal aliases" appeared in the chat. (Ex. E) Moreover, the parties in this matter are subject to an agreed protective order (ECF 190), under which DiDi may designate documents as *Confidential* or *Attorney's Eyes Only*.[6] As courts have recognized, the existence of such an order further counsels against the redaction of documents based on personal privacy grounds. *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022) ("unilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where a protective order is in place allowing the parties to designate that information 'confidential' and restrict its use") (citing cases). In sum, there is neither reason nor precedent to suggest that DiDi's unilateral redactions are proper.

### D.    Conclusion

Earlier in this action, Plaintiffs brought a motion to compel the Underwriters to provide responses to interrogatories. The Underwriters, in opposition, claimed to have already given Plaintiffs the information sought. Responding to the Underwriters' assertion, the Court ruled that if they had indeed done so, "they should have no difficulty in providing that information … in the form typically used to prove such things to judges and juries." ECF 209. The same holds true here: DiDi's complicated log may allow Plaintiffs' counsel to piece together the substance of entire conversations and identify the sender of messages, but that is not the same as having the entire, unredacted chat in a single document they can present as evidence in a courtroom. DiDi knows this.

For the reasons stated above, Plaintiffs respectfully request that the Court order DiDi to reproduce the instant messages in a format that (i) contextualizes the messages and organizes them coherently, such as in a conversation, sequential, or chain format; and (ii) remove redactions that identify persons working on the deal or, if they are identified by private information—*e.g.*, a personal cellphone number, user ID, or unique username, rather than just their names (or email addresses containing their names)—provide an overlay containing the names of the individuals.

---

[6] Indeed, Didi has already designated each of the documents at issue as Confidential.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
Laurence M. Rosen
Phillip Kim
Jing Chen
Daniel Tyre-Karp
Robin Bronzaft Howald

275 Madison Ave, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Emails: lrosen@rosenlegal.com
          philkim@rosenlegal.com
          jchen@rosenlegal.com
          dtyrekarp@rosenlegal.com
          rhowald@rosenlegal.com

*Lead Counsel for Plaintiffs*

5