# MEMO ENDORSED

July 2, 2025

The Honorable Lewis A. Kaplan
United States District Court, Southern District Court of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/16/25
```

**Re:**   *In re DiDi Global Inc. Secs. Litig.*, No. 1:21-cv-05807
       **Plaintiffs' Request for Extension of Certain Discovery Deadlines and Pre-Trial Dates**

Dear Judge Kaplan:

Pursuant to Your Honor's Individual Rules of Practice, Plaintiffs respectfully request that the Court extend certain discovery deadlines and other pre-trial dates, to allow time for the completion of outstanding document productions and for the balance of fact depositions to thereafter occur between August and October.

The request, which extends the overall schedule by less than two months, is based on events that transpired in the past 10 days that make it impossible for the parties to complete fact discovery by August 25.

- On June 23, two days before the document production deadline, the Court ordered DiDi to produce over 1,100 documents that DiDi is withholding on privilege or PRC blocking statutes.[1] ECF 424. Plaintiffs asked DiDi to produce these documents by today, July 2. However, on July 1, **DiDi told Plaintiffs that it is still trying to determine *whether* it will comply with the Court's Order at all**. Ex 1, excerpt of July 1 email. Even if DiDi ultimately complies with the Court's Order, DiDi states "it will take time to prepare this production." *Id.* If DiDi continues to defy the Court's Order, the parties will have to engage in further motion practice concerning the appropriate sanctions.

- On June 24, 2025, DiDi produced amended logs identifying *for the first time* 1,032 documents DiDi is withholding under PRC blocking statutes and/or for privilege.[2] These documents are responsive to Plaintiffs' First Set of Requests for Production, served in May 2024, and thus should have been logged months ago pursuant to the Scheduling Order and the so-Ordered ESI Protocol so that Plaintiffs could have already moved to compel their production. Plaintiffs will now have to file motions to compel these improperly withheld documents. Indeed, most of the newly-identified documents DiDi is withholding on PRC law grounds relate to the cybersecurity review (RFP No.

---

[1] The vast majority of these documents concern the cybersecurity review, which are important to Plaintiffs claims because "they likely concern information important to plaintiffs' allegations about DiDi's pre-IPO compliance with PRC laws and any alleged CAC directives" to delay the IPO. ECF 424, at 11.

[2] DiDi also served logs on June 24 and June 30 identifying – for the first time – 37 documents DiDi is partially withholding.

5), an issue central to the litigation. As the Court recently ordered the production of 912 documents responsive to this same RFP No. 5 (ECF 424 at 10-12), Plaintiffs requested DiDi confirm that it will voluntarily produce these documents. DiDi responded that it is still "assessing this question" and Plaintiffs anticipate making another motion to compel should DiDi decline to produce them voluntarily.[3]

- On June 24, 2025, the Court permitted Plaintiffs to take a total of 27 depositions and expanded questioning to 14 hours for depositions requiring interpreters. ECF 431.

As the Court is aware, Plaintiffs have been forced to file numerous motions to compel discovery that Defendants failed or refused to produce, which considerably slowed Plaintiffs' ability to efficiently and effectively prosecute their case.[4] As explained more fully below, in advance of taking depositions, Plaintiffs will require sufficient time to review and translate documents (the production of which has been or will be compelled) once DiDi finally produces them. Given that Plaintiffs will have to file several more motions to compel – and the fact that DiDi refuses to commit to producing the documents the Court has already ordered it to produce, much less provide a date by which it will comply – Plaintiffs require additional time to take the 25 remaining fact depositions.

### Document Productions Outstanding

On June 23, 2025, the Court granted Plaintiffs' motions to compel the production of over 1,100 documents withheld by DiDi on the basis of People's Republic of China ("PRC") blocking statutes and/or privilege. ECF 424. As the Court is aware, the former was a renewed motion that Plaintiffs were only able to file after DiDi was ordered to produce revised logs explaining its assertion of blocking statutes. ECF 320. On Friday, June 27, Plaintiffs' counsel emailed counsel for DiDi to follow up on DiDi's production of the above-discussed documents subject to the motions to compel and requesting them to be produced no later than July 2, 2025. Ex. 2, 6/27 email. In response, **DiDi stated that it has not "determine[d] whether it *can* make a production**

---

[3] On June 24, 2025, DiDi also listed on its attorney-client privilege logs a number of documents it shared with its auditor, PwC. The day before DiDi served these logs, the Court granted Plaintiffs' motion to compel documents provided to PwC because they are not privileged. ECF 424, at 20-21 ("[I]t is well established that documents exchanged between a company's in-house or outside counsel and its auditors are not protected by the attorney-client privilege.").

[4] In addition to the *six* decisions enumerated in the Court's June 24 Order (ECF 431 at 1), Plaintiffs brought and prevailed (at least in part), on the following motions: ECF 196 (seeking an early Rule 30(b)(6) deposition, DiDi agreed to schedule one and the motion was denied as moot, *see* ECF 197 and 198); ECF 203 (motion to compel additional custodians and responses to interrogatories from Underwriters, granted in part at ECF 209); ECF 219 (motion to compel production of documents from Underwriters, granted in part at ECF 225); ECF 199 (motion to compel against Didi re: scope of production, resolved only after two Court conferences, *see* ECF 240); ECF 230 (motion to compel Underwriters to add custodian and search terms, and to search all IPO working group communications from July 2-6; granted in part at ECF 252); ECF 419 (seeking to enlarge the number of depositions and time for depositions requiring interpretation, granted in part at ECF 431); ECF 429 (seeking the production of text messages in usable format, denied as moot at ECF 440, after Defendants agreed to produce at ECF 438).

Case 1:21-cv-05807-LAK-VF     Document 442     Filed 07/02/25     Page 3 of 6

in response to the Court's June 23, 2025 order" and refuses to provide a date by which it will. Ex. 1 (emphasis added).

### Anticipated Motions to Compel

On June 24, the parties filed a stipulation for enlarged briefing on another contemplated motion to compel relating to DiDi's redactions on its three amended PRC Law Redaction Logs served in early June. ECF 433. Plaintiffs intend to move to compel the removal of redactions from more than 200 of the 766 documents listed in the logs at issue within a week.

On June 24, 2025, DiDi served three new logs identifying more than a thousand documents that it is withholding: two new PRC blocking statute logs identifying 77 additional withheld documents and 21 redacted documents based on PRC blocking statutes and a new privilege log withholding an additional 955 newly-identified documents on the basis of attorney-client privilege, which also included 300 documents that are dual listed as PRC law withheld. DiDi also produced a Fourth Supplemental PRC Law redacted log on June 30, 2025 identifying 16 more documents. Plaintiffs intend to challenge a number of the designations on these recently-served logs. In particular, documents responsive to the First Set of RFPs that DiDi just identified as withheld based on PRC blocking statutes have been in DiDi's possession since before the beginning of discovery, and could and should have been produced in mid-December 2024 as required by the Scheduling Order. At the very least, they should have already been logged such that they would have been included in the Court's decisions on Plaintiffs' previous motion to compel documents improperly withheld based on the invocation of the PRC blocking statutes. ECF 320, 424. Plaintiffs anticipate moving to move to compel hundreds of documents identified on these recently-produced logs that DiDi has improperly withheld or redacted. Pending DiDi's prompt availability to meet and confer on this issue, Plaintiffs anticipate filing this motion (or motions, as appropriate) no later than July 11, 2025.

The documents DiDi logged for the first time on June 24 are among the most important documents in this case: the master list of all of the documents that DiDi provided to the regulators for the cybersecurity review, the CAC's official penalty decision regarding DiDi's violations identified in the cybersecurity review and its attached list of issues; and the Final rectification report submitted by DiDi in response to the problems identified by CAC in the cybersecurity review. At the outset of discovery in May 2024, the Court instructed that the parties "ought to be exchanging information and talking about what the facts really are and getting to the key documents promptly so that you can move toward a disposition without funding trusts for the college educations of all the offspring of all the lawyers." ECF 285-1 (May 22, 2024 Tr.) at 13. At the same conference, counsel for DiDi promised the Court that "Defendants are not objecting to production based on any blocking statutes or foreign statutes." *Id.*, at 5. More than a year later, DiDi identified the most important documents for the first time, but it still refuses to produce any documents concerning the cybersecurity review – including those the Court ordered them to produce – based on PRC blocking statutes.

Finally, on July 1, 2025, DiDi told Plaintiffs that it intends to log "160 or fewer additional documents" on July 24, 2025. Plaintiffs will likely be forced to move to compel these documents, too.

Case 1:21-cv-05807-LAK-VF    Document 442    Filed 07/02/25    Page 4 of 6

### Recent Production of Documents

On June 24, 2025, along with the amended logs, DiDi produced over 13,000 pages of documents. On July 1, DiDi reproduced its WeChats and instant messages in a usable format and without redacting usernames from the chats. Plaintiffs require time to review and translate these documents ahead of taking depositions.

### The Number and Complexity of Depositions to Be Conducted

On June 19, 2025, Plaintiffs filed a motion to enlarge the number of depositions permitted in this case to 27 depositions. ECF 419. In granting this request, the Court acknowledged that "this is a very large litigation …. in which plaintiff claim more than $2.3 billion in damages" and "obtaining documentary evidence from Didi has been extraordinarily difficult…." ECF 431. Moreover, Plaintiffs anticipate that many of the depositions will be conducted through interpreters and taking up to 14 hours (2 days) of deposition time. Given that nearly all the depositions will be in Hong Kong and will require scheduling interpreters and court reporters and teams of lawyers to travel there for an extended period of time, and the difficulties and conflicts that invariably arise when attempting to schedule the depositions of busy corporate executives and counsel, Plaintiffs respectfully submit that completing 25 depositions by August 25, 2025, is untenable.

In addition, Plaintiffs' efforts to schedule depositions thus far have been thwarted. As the Court is aware, Plaintiffs were previously forced to move to compel Rule 30(b)(6) deposition testimony from DiDi. ECF 276. Currently, the Underwriters are resisting Rule 30(b)(6) depositions of their witnesses. Plaintiffs first requested deposition dates from counsel for Goldman Sachs and JP Morgan on May 23, 2025. Ex. 3, excerpt of 5/23 email. After being ignored for weeks, Plaintiffs finally unilaterally noticed the depositions of JP Morgan and Goldman Sachs to occur on July 2 and July 8, respectively. Ex. 4, 6/27 email; Ex. 5, 6/30 email. Both have refused to appear on the dates noticed, both failed to move for a protective order, and both have refused to provide alternative dates despite repeated requests to schedule both the Rule 30(b)(6) depositions, as well as to schedule several underwriter custodian depositions. *Id.*

Similarly, Plaintiffs noticed five DiDi senior executive depositions for late August and have requested dates for another nine DiDi employees. DiDi's counsel has refused to confirm the noticed depositions or provide the requested deposition dates. This delay has further hindered Plaintiffs' ability to complete all 25 depositions by the current discovery cut-off.

Accordingly, Plaintiffs request the Court enter an Order implementing the below revised schedule, which moderately extends the overall case schedule by less than two months (from December 19, 2025 to February 13, 2025):

4

Case 1:21-cv-05807-LAK-VF     Document 442     Filed 07/02/25     Page 5 of 6

| Event | Current Schedule | Proposed Schedule |
|---|---|---|
| DISCOVERY DATES | | |
| Completion of production of all documents subject to a motion to compel (ECF 424, 429, 438, 440) | N/A | July 9, 2025 |
| Completion of production of all documents subsequently ordered to be produced subject to an order on a motion to compel | N/A | No later than 3 business days of entry of the order |
| Deadline to complete fact discovery | August 25, 2025 | October 24, 2025 |
| EXPERT DISCOVERY DATES | | |
| Proponent of claim / affirmative defense to disclose expert reports in support of such claim / defense | September 24, 2025 | November 14, 2025 |
| Opponent of claim/ affirmative defense to disclose expert reports in opposition to such claim / defense | October 24, 2025 | December 12, 2026 |
| Serve reply expert reports | November 14, 2025 | January 9, 2026 |
| Complete expert depositions | December 5, 2025 | January 30, 2026 |
| MOTION DATES | | |
| Deadline to file dispositive motions | September 23, 2025 | November 14, 2025 |
| Deadline to file opposition(s) to dispositive motions | | January 9, 2026 |
| Deadline to file replies in support of dispositive motions | | January 30, 2026 |
| Deadline to file *Daubert* motions | December 19, 2025 | February 13, 2026 |
| Deadline to file joint pretrial order | September 23, 2025 | February 13, 2026[5] |

**Previous Extensions**

This is Plaintiffs' second request for an extension, and the Court has amended the schedule twice before. First, in September 2024, the Court granted Defendants' letter motion for an extension of time, made weeks before the then-deadline for substantial completion of document production in response to the initial set of document demands. *See* ECF 206. Second, in May 2025, the Court partially granted Plaintiffs' request to extend the discovery cut-off. The Court (i) converted the then-current discovery cut-off of June 24, 2025 to a deadline for Defendants to complete their production of *all* documents; and (ii) set a fact discovery cut-off of August 25, 2025. ECF 381.

While the Court modified Plaintiffs' previous request to set a discovery cutoff to "allow Plaintiffs 60 days from Defendants' completion of all document production (including compelled production) to take depositions" (ECF 360) to a hard cut-off date of August 25, 2025 (ECF 381), that order came before the recent motions to compel, *i.e.*, before it was clear just how many documents remained outstanding (and still would remain outstanding even beyond the June 24

---

[5] While the previous Scheduling Order coupled the deadline to file the joint pretrial order with the deadline for dispositive motions, Plaintiffs believe that filing the pretrial motion after briefing on summary judgment will help the parties to identify the most important exhibits and witnesses, which will help to focus and streamline the trial in this complex action, which asserts many causes of action with potentially hundreds of exhibits to show the witnesses.

Case 1:21-cv-05807-LAK-VF   Document 442   Filed 07/02/25   Page 6 of 6

final production date), and before it was clear how many depositions would be taken and how many of those depositions would require two days of testimony.

With this clarity now largely attained, Plaintiffs are confident (provided Defendants timely complete their document productions and pending the availability of Defendants' witnesses) that they can complete depositions by the requested October 24, 2025, deadline.

For the reasons stated above, Plaintiffs respectfully request the Court enter the proposed amended schedule. Plaintiffs requested DiDi's consent to this relief on Monday, June 30, and DiDi has not yet responded. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Laurence Rosen*

Laurence Rosen

cc: All counsel of record via ECF

Denied.

7/16/25

6