UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

IN RE DIDI GLOBAL INC. SECURITIES LITIGATION

Master Docket
21-cv-5807 (LAK)

This document applies to: All Actions

-------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 07/23/25

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

On June 23, 2025, the Court ordered defendant DiDi Global, Inc. ("DiDi") to produce 1,115 documents being withheld based on PRC blocking statutes, attorney-client privilege, and/or attorney work product grounds (the "June 23 Order").[1] According to plaintiffs, DiDi has not produced 1,013 of those documents in the month since that order was issued.[2]

Plaintiffs now ask the Court "order DiDi to, by July 23, 2025, either (i) produce the remaining 1,013 documents the Court ordered them to produce on June 23, 2025; or (ii) state that DiDi is refusing to comply with the June 23 Order."[3] Plaintiffs argue that DiDi's protracted refusal to produce documents prejudices plaintiffs because of the impending close of discovery, before which plaintiffs will be taking more than 20 depositions.

DiDi responds that it is waiting on approval from PRC authorities to determine which documents to produce. But the June 23 Order ordered DiDi to produce the challenged documents notwithstanding the application of PRC blocking statutes or approval from PRC authorities.[4] DiDi

---

1 Dkt 424.

2 Dkt 462 at 1.

3 *Id.* at 3.

4 Dkt 424.

must comply or not — with the close of discovery a month away, the time for waiting is over.

DiDi argues also that plaintiffs' motion should be denied as an inappropriate motion for reconsideration. On July 16, 2025, the Court denied plaintiffs' motion to extend myriad deadlines in this case.[5] That motion sought also to impose a deadline for the production of documents subject to the June 23 Order.

First, the Court's denial of the wide-ranging relief sought in that motion did not foreclose plaintiffs' ability to request the specific relief sought here. Second, the Court may revise its interlocutory orders prior to the entry of judgment.[6] Third, as set forth in greater detail below, the existing scheduling order in this case already dictates when DiDi must produce responsive documents, including those subject to the June 23 Order.

The issue raised in this motion is how much additional time, if any, DiDi should be afforded to comply with the June 23 Order. Although the June 23 order did not specify a deadline for compliance, the scheduling order required DiDi to complete production of documents in response to all requests for production by June 24, 2025.[7] Evidently, DiDi is not in compliance with the scheduling order, rendering superfluous the relief sought here. Nevertheless, to eliminate any ambiguity, the Court clarifies that deadline to produce all documents subject to the June 23 Order has passed, and DiDi may be subject to sanctions for its non-compliance with the scheduling order. To the extent that there was or is hardship of compliance, DiDi may raise that argument in response

5 Dkt 456.

6 Fed. R. Civ. P. 54(b).

7 Dkt 381.

to a potential motion for sanctions.[8] But a further extension of the document production deadline is not warranted, particularly where DiDi has not sought such an extension.

Accordingly, plaintiffs' motion to compel DiDi's production of so-ordered documents by date certain (Dkt 462) is denied. The deadline to complete the production of so-ordered documents has elapsed, and DiDi is under an existing obligation to comply with that deadline.

SO ORDERED.

Dated: July 23, 2025

Lewis A. Kaplan
United States District Judge

---

8 *See* Dkt 329 at 10 (citing *Linde v. Arab Bank, PLC*, 706 F.3d 92, 110 (2d Cir. 2013)).