# O'Melveny

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

July 16, 2025

**MEMO ENDORSED**

Jonathan Rosenberg
D: +1 212 408 2409
jrosenberg@omm.com

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/30/25

Re:   *In re Didi Global Inc. Securities Litigation* (S.D.N.Y.), Case No. 1:21-cv-05807-LAK

Dear Judge Kaplan:

Under Your Honor's Individual Practices, defendants Goldman Sachs (Asia) L.L.C. and JP Morgan Securities LLC move for a protective order to limit their upcoming Rule 30(b)(6) depositions to the same topics that Plaintiffs previously agreed were sufficient for the 30(b)(6) deposition of similarly situated underwriter defendant Morgan Stanley & Co. LLC. That agreement was the result of painstaking but productive negotiations over Plaintiffs' 56-topic notice, which was substantially narrowed to 23 topics.

Now, rather than abiding that agreement for 30(b)(6) depositions of the two other lead underwriters, Plaintiffs started at square one by serving notices on Goldman Sachs and JP Morgan that contain a staggering 48 and 45 topics, respectively, many of which Plaintiffs dropped or narrowed during the Morgan Stanley 30(b)(6) negotiations. There is no reason to redo those negotiations or abandon the agreed topics that resulted from them. Plaintiffs have not pointed to anything that has changed in their theory of the case in the months since the Morgan Stanley deposition to justify adding dozens of new topics now. Nor is there time to restart negotiations, especially with those 30(b)(6) depositions scheduled to begin overseas in two weeks. Thus, to the extent the noticed Goldman Sachs and JP Morgan topics are the same—or narrower—than the agreed Morgan Stanley topics, the Underwriter Defendants have no objection to Plaintiffs using them during the upcoming depositions. But other than a handful of topics that Plaintiffs withdrew, Plaintiffs have declared that they will enforce the remaining 43 topics as written, without addressing Goldman Sachs and JP Morgan's objections or suggested compromises on those topics. The Underwriter Defendants therefore ask the Court to impose a reasonable limit on Plaintiffs' topics—namely, limiting Plaintiffs to the same 25 topics the parties previously agreed to for Morgan Stanley's 30(b)(6) deposition.

***Background.*** Goldman Sachs, Morgan Stanley, and JP Morgan were the lead underwriters for DiDi's June 2021 IPO. On May 6, 2024, Plaintiffs noticed a Rule 30(b)(6) deposition of Morgan Stanley. They listed 56 topics, many of which were irrelevant. *See* Ex. A (May 6, 2024 Morgan Stanley Deposition Notice). The parties negotiated those topics over the next three months, agreeing on October 3, 2024, to 23 refined topics. *See* Ex. B (Oct. 3, 2024 Email from L. Rosen). The agreed Morgan Stanley deposition topics cover the central issues in this case, including (i) the underwriters' responsibilities in the IPO; (ii) Morgan Stanley's process for due diligence and confirming the accuracy of disclosures in DiDi's Registration Statement about government regulation, cybersecurity, data protection, personal privacy, and network security laws and regulations; (iii) communications between DiDi and the underwriters on July 2, when the IPO closed, after the CAC announced it would be investigating DiDi; and

Case 1:21-cv-05807-LAK-VF   Document 494   Filed 07/30/25   Page 2 of 4
Case 1:21-cv-05807-LAK-VF   Document 457   Filed 07/16/25   Page 2 of 9

O'Melveny

(iv) whether Morgan Stanley was aware of any alleged CAC directive that DiDi postpone its IPO until after conducting a cybersecurity review. *See generally* Ex. C (Sept. 11, 2024 Letter from L. Rosen). The Morgan Stanley 30(b)(6) deposition took place in October.

On May 23, 2025, four months after the underwriter defendants completed their document productions and three months before the close of fact discovery, Plaintiffs informed the Underwriter defendants that they would like to schedule 30(b)(6) depositions of the remaining two lead underwriters, Goldman Sachs and JP Morgan, along with individual depositions of five current or former deal team members from the lead underwriters. Ex. D (May 28, 2025 Email Exchange). Defendants responded by asking if Plaintiffs intend to use the same 30(b)(6) topics on which the parties had agreed for Morgan Stanley's 30(b)(6) deposition. Ex. D. Plaintiffs vaguely responded that the topics would be "similar" with "some new ones." Ex. D.

That turned out to be a major understatement. On June 9, Plaintiffs served a deposition notice on Goldman Sachs, followed by an amended notice and a notice for JP Morgan on June 14. The notices contained *double* the agreed Morgan Stanley topics—48 topics for Goldman Sachs and 45 for JP Morgan. Ex. E (June 14, 2025 Amended Goldman Sachs Deposition Notice); Ex. F (June 14, 2025 JP Morgan Deposition Notice). In addition to the agreed Morgan Stanley final topics (with slight tweaks the Underwriter Defendants accept), Plaintiffs demanded (i) three topics (or their subparts) that they had withdrawn from the Morgan Stanley list and (ii) twenty new ones.

On June 27, Goldman Sachs and JP Morgan responded with a counterproposal that (i) accepted Plaintiffs' proposed topics that generally aligned with those the parties had previously negotiated for Morgan Stanley, (ii) objected to Plaintiffs' new topics as overbroad and unduly burdensome, and (iii) offered compromise proposals for many of the objected-to topics. *See* Ex. G (June 27, 2025 Letter from J. Rosenberg). Plaintiffs did not respond. Meanwhile, Goldman Sachs and JP Morgan worked to identify suitable deponents and proposed dates (now agreed to) for the 30(b)(6) depositions. Ex. H (July 16, 2025 Email Exchange). When Goldman Sachs and JP Morgan followed up on July 11 about the deposition topics, Plaintiffs made clear that they would stand on their overbroad notices, and would not meet and confer: "We issued our notice. We don't agree with your objections. If your witness refuses to answer questions then, we will have our options at that point, but we are not obligated to run to court ahead of the deposition." *Id.* When Goldman Sachs and JP Morgan responded that this stance would force them to seek a protective order, Plaintiffs said only that they "will take a look." *Id.* Plaintiffs finally responded on July 15 and served amended notices. Plaintiffs withdrew a handful of objectionable topics but otherwise stood on the topics as noticed without addressing or offering to meet and confer about Goldman Sachs and JP Morgan's objections or counterproposal for the remaining topics. *Id.* Plaintiffs later served amended notices reflecting this position. *See* Ex. I (July 16, 2025 Second Amended Goldman Sachs Deposition Notice); Ex. J (July 16, 2025 Amended JP Morgan Deposition Notice). Given the run-around from Plaintiffs—and with 30(b)(6) depositions scheduled in Hong Kong for July 30 and August 1—Goldman Sachs and JP Morgan seek the Court's immediate assistance.

***Argument.*** Rule 30(b)(6) depositions are not dragnets for plaintiffs to deploy indiscriminately to explore every fact of a case, especially as discovery nears its end. *See, e.g., Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 109–10 (D. Nev. 2023) (granting protective order where 30(b)(6) deposition notice "trie[d] to cover nearly every conceivable facet of the case"), *aff'd on other grounds*, 2023 WL 5035323 (Aug. 4, 2023); *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) (30(b)(6) depositions are not "a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period"). Rather, "the purpose of a Rule 30(b)(6) deposition is to 'streamline the

discovery process,'" not permit fishing expeditions into irrelevant and "unreasonably cumulative or duplicative" subject matter. *In re Lifetrade Litig.*, 2023 WL 3244517, at *2 (S.D.N.Y. May 4, 2023). The burden on the party and deponent should be minimized by limiting the number of topics to those important enough to cover during the allotted time. *See Prasad*, 323 F.R.D. at 99 (denying motion to compel 30(b)(6) deposition because notice's "sweeping topics would intensify the already time-consuming and inefficient nature of such depositions, so that the burden on Defendant of designating and preparing a witness would almost certainly outweigh the benefit to Plaintiff"); *Alvarado-Herrera*, 344 F.R.D. at 109–10 (granting protective order against 68-topic 30(b)(6) deposition notice because "much of the preparation of a corporate deponent would almost certainly be wasted on matters not actually covered during the deposition").

Plaintiffs should be limited to deposing Goldman Sachs and JP Morgan on the topics they previously agreed were sufficient for Morgan Stanley's 30(b)(6) deposition, as listed in the attached Schedule A. While discovery has progressed and documents have been produced since Plaintiffs deposed Morgan Stanley, the central issues in the case have not changed. The 25 topics overlapping with those used for Morgan Stanley are more than reasonable.

Indeed, the Court would have good cause to quash Plaintiffs' Goldman Sachs and JP Morgan notices in their entirety. Not only do those notices re-trade the parties' previous agreement, they would require educating witnesses on far more topics than Plaintiffs could cover in a 7-hour deposition; their transparent purpose is to harass and impose undue burden. Worse still, Plaintiffs have not addressed or agreed to meet and confer on the Underwriter Defendants' objections to the topics that Plaintiffs have not withdrawn. And they have thumbed their noses at the Underwriter Defendants' counsel knowing that counsel is about to travel half-way around the world to defend these depositions.

Apart from their undue length, Plaintiffs' new topics are defective in myriad other ways.

First, Plaintiffs demand testimony on the two topics that overlap with Morgan Stanley topics Plaintiffs previously withdrew: (i) details of potential discussions about suspending trading of DiDi ADS or delisting DiDi (GS/JPM Topic 29; MS original topic 54); and (ii) the reasons an underwriter's equity analysts allegedly did not cover DiDi after its IPO (GS/JPM Topic 41; MS second amended notice topic 27). For the former, DiDi was delisted nearly a year after its IPO closed and the alleged misrepresentations at the heart of Plaintiffs' case were disseminated. Apparently recognizing the irrelevance of any delisting conversations, Plaintiffs dropped any topic about DiDi's delisting early in the parties' negotiations over the Morgan Stanley deposition. While Plaintiffs now attempt to repackage the topic, focusing on "discussions on July 2, 2021 and July 6, 2021, concerning the potential for the NYSE to suspend trading in DiDi ADS," it remains equally irrelevant. Whether there were any conversations about suspending trading of DiDi shares *after* the IPO does not bear on whether the challenged statements in the offering documents were false or misleading at the time of the closing.[1] As for Plaintiffs' second withdrawn topic on the lack of analyst coverage, that, too, is irrelevant. Whether Goldman Sachs's or JP Morgan's equity analysts covered DiDi after closing has nothing to do with whether the challenged representations in the Registration Statement or Underwriting Agreement were false or misleading at the time of the IPO. Nothing has changed to warrant Plaintiffs' attempt to reintroduce previously withdrawn irrelevant topics.

Second, Plaintiffs' 20 new topics have nothing to do with Plaintiffs' central claim that DiDi failed to disclose a CAC directive to postpone its IPO pending a cybersecurity review. For

---

[1] The Underwriter Defendants have already agreed to testify about their conversations with DiDi on July 2 concerning the CAC's announcement, the decision to close, and the potential effect on DiDi's business of the CAC announcement. *See* GS/JPM Topic 22.

3

**O'Melveny**

example, half a dozen seek testimony on a variety of alleged regulatory actions involving DiDi in the months before the IPO. *See, e.g.*, GS/JPM Topics 14-19. These alleged inspections and investigations were launched by local regulators or non-regulatory institutions—not the CAC—and have no apparent connection to the alleged CAC directive that DiDi undertake a cybersecurity review and delay the IPO. Other topics request testimony on subjects plainly outside of the underwriters' knowledge, like DiDi's "reasons and rationale" for issuing the July 2, 2021 Form 6-K after the CAC's announcement (GS/JPM Topic 33) or whether DiDi provided complete information in response to the underwriters' due diligence questions (GS/JPM Topic 36). Further, some new topics are impermissibly duplicative of those on which the parties have agreed. Topics 12, 13, and 15 each seek testimony on the bank's due diligence into and the adequacy of disclosures about regulatory and legal issues, topics that Goldman Sachs and JP Morgan have agreed to offer testimony on in Topics 10 and 11. *See also* GS/JPM Topics 20-21.

Unwilling to defend their new topics but all too willing to impose onerous and needless preparation burdens, Plaintiffs should be barred from pursuing their new topics. The Court should enter a protective order limiting Plaintiffs to the topics to which they previously agreed for the Morgan Stanley deposition, as listed in the attached Schedule A.

                                                    Respectfully submitted,
                                                    */s/ Jonathan Rosenberg*
                                                    Jonathan Rosenberg

Attachment
cc: All counsel of record

                                                               Motion denied.

                                                    /s/ Hon. Lewis A. Kaplan
                                                      Hon. Lewis A. Kaplan
                                                      07/30/2025