August 1, 2025

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:    *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK
             <u>DiDi Global Inc.'s Motion to Seal</u>

Dear Judge Figueredo:

      Pursuant to this Court's Standing Order, 19-mc-583, Your Honor's Individual Rules of Practice, and the Confidentiality Stipulation and Protective Order (ECF No. 190) ("Protective Order"), Defendant DiDi Global Inc. ("DiDi") respectfully requests permission to file the Rebuttal Expert Report of Terrence Hendershott (previously docketed at ECF No. 378-2 and re-filed with proposed redactions concurrently with this motion) (the "Report") under seal.

## I.    Standard

      Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

      In particular, a party's interest in preserving sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (concluding that district court abused its discretion by denying request to seal confidential financial information). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120; *see, e.g.*, *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in part motion to seal confidential technical information to extent the proposed redactions were narrowly tailored).

      To this end, courts grant motions to seal documents that implicate "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." *In re Lifetrade Litig.*, 2023 WL 6211958, at *2

1

(S.D.N.Y. Sept. 25, 2023); *see also Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (finding as sufficient to defeat presumption favoring disclosure those documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage."); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.   Materials to be Sealed

The Report contains sensitive information pertaining to the expert report and deposition testimony of Professor Rajesh Aggarwal and concerning documents that have been produced in this action that are subject to confidentiality restrictions under the Protective Order. Any disclosure of this information may cause competitive harm, including to the Underwriter Defendants, whose confidential information is discussed in the Report.

In addition, the Underwriter Defendants already submitted a detailed motion to seal the same and similar information related to stabilizing transactions. ECF No. 391. Among other things, the Underwriter Defendants explained that information concerning stabilizing transactions is commercially sensitive, including because it would reveal the stabilizing agent's strategy and practices related to stabilizing transactions. *Id.* at 2. Further, this information reveals Morgan Stanley's trading strategies, which are also commercially sensitive. *Id.* The Court granted this motion and allowed the documents to remain under seal. The proposed redactions to the Report concern the same and similar commercially sensitive topics.

Accordingly, DiDi respectfully requests that the Court grant its request to file the Report under seal with the redactions proposed in DiDi's contemporaneously filed letter.

DiDi's request is narrowly tailored to protect its interests and the interests of other parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate any motion.

Respectfully submitted,

*/s/ Corey Worcester*

Corey Worcester
Renita Sharma
Sam Cleveland
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com

samcleveland@quinnemanuel.com

*Counsel for Defendants DiDi Global Inc., Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhou, Zhiyi Chen, Daniel Yong Zhang, and Adrian Perica*

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant DiDi Global Inc.*

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE  Dated: 8/4/25

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF No. 378-2 and terminate the motion at ECF No. 509.

3