August 1, 2025

**VIA ECF**
The Honorable Valerie Figueredo
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *In re DiDi Global Inc. Securities Litigation*, No. 1:21-cv-05807-LAK
     <u>DiDi Global Inc.'s Motion to Seal</u>

Dear Judge Figueredo:

  Pursuant to this Court's Standing Order, 19-mc-583, Your Honor's Individual Practices in Civil Cases, and the Confidentiality Stipulation and Protective Order (ECF No. 190) ("Protective Order"), Defendant DiDi Global Inc. ("DiDi") respectfully requests permission to file a redacted version of its Opposition ("Opposition") to Plaintiffs' Motion to Compel (ECF No. 479) ("Motion"), the Declaration of Sam Cleveland and certain exhibits (Exhibits 1-3) attached thereto under seal, and the Declaration of Calvin Liu under seal.

  **I.** **<u>Standard</u>**

  Any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although the parties' consent or the existence of a confidentiality agreement between litigants is not, by itself, always a valid basis to permit sealing, there are circumstances in which a party's interest in maintaining confidentiality outweighs such a presumption. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

  In particular, a party's interest in preserving sensitive business operations is an example of the type of confidential information that merits sealing. *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (concluding that district court abused its discretion by denying request to seal confidential financial information). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120; *see, e.g.*, *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in part motion to seal confidential technical information to extent the proposed redactions were narrowly tailored).

To this end, courts grant motions to seal documents that implicate "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." *In re Lifetrade Litig.*, 2023 WL 6211958, at *2 (S.D.N.Y. Sept. 25, 2023); *see also Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (finding as sufficient to defeat presumption favoring disclosure those documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage."); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.     Materials to be Sealed

DiDi's Opposition, the Declaration of Sam Cleveland and certain exhibits (Exhibits 1-3) attached thereto, and the Declaration of Calvin Liu contain commercially sensitive and confidential information about its business operations, as well as sensitive information pertaining to PRC regulatory and governmental matters, which has been properly designated as confidential pursuant to the Protective Order.  Any disclosure of these documents may violate principles of international comity, as well as the Protective Order. and may cause harm to DiDi.  The Court has already permitted versions of the requested exhibits attached to the Cleveland Declaration and referenced in the Opposition to be filed under seal.  *See* ECF No. 405 (permitting Exhibits 1, 2, and 3 to this Opposition, correspondingly labeled Exhibits A, D, and G in ECF No. 405, to be filed under seal).[1] The Opposition also includes references to documents (ECF Nos. 383-16 and 480) that the Court has already permitted to be filed under seal.  *See* ECF Nos. 388 and 488.

Accordingly, DiDi respectfully requests that the Court grant its request to redact or file under seal the following documents that have been designated confidential under the Protective Order, should be designated confidential under the Protective Order, or contain discussion of such confidential information: (i) DiDi's Opposition; (ii) the Declaration of Sam Cleveland and certain exhibits (Exhibits 1-3) attached thereto; and (iii) the Declaration of Calvin Liu.

DiDi's request is narrowly tailored to protect its interests and the interests of third parties and will not significantly impair the public's right of access to judicial documents or the Court's ability to publicly adjudicate the Motion.

---

[1]  Exhibit 2 to this Opposition is nearly identical to Exhibit G from ECF No. 405, and differs only in that it does not include certain additional transcript pages included in Exhibit G.

**MEMO ENDORSED**

[signature]

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 8/4/2025

The motion to seal is GRANTED with respect to the documents filed at ECF Nos. 518 and 521. Plaintiff is directed to file a version of ECF No. 520, however, with proposed redactions by **August 29, 2025**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 515 and to permanently maintain the viewing restrictions at ECF Nos. 518 and 521, and provisionally maintain the viewing restrictions at ECF No. 520.

Respectfully submitted,

*/s/ Corey Worcester*

Corey Worcester
Renita Sharma
Margaret Schmidt
Sam Cleveland
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com
margaretschmidt@quinnemanuel.com
samcleveland@quinnemanuel.com

Haiyan Tang
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: (213) 443-3000
Fax: (213) 443-3100
haiyantang@quinnemanuel.com

*Counsel for Defendants DiDi Global Inc., Will Wei Cheng, Jean Qing Liu, Stephen Jingshi Zhu, Alan Yue Zhou, Zhiyi Chen, Daniel Yong Zhang, and Adrian Perica*

Scott Musoff
Robert Fumerton
Michael Griffin
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel: (212) 735-3902

3

Fax: (212) 777-3902
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

Chi T. Steve Kwok
Yang Zhou
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
42/F, Edinburgh Tower
The Landmark
15 Queen's Road Central, Hong Kong
Tel: (+852) 3740-4700
Fax: (+852) 3740-4727
steve.kwok@skadden.com
adeline.zhou@skadden.com

Beatriz L. Paterno
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM (SINGAPORE) LLP
6 Battery Road, Suite 23-02
Singapore 049909
Tel: (65) 6434-2900
Fax: (65) 6434-2988
beatriz.paterno@skadden.com

*Counsel for Defendant DiDi Global Inc.*

cc: All counsel of record via ECF