**The Rosen Law Firm**
INVESTOR COUNSEL

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/07/2025

July 30, 2025

The Honorable Lewis A. Kaplan
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re DiDi Global Inc. Securities Litigation*, Case No. 1:21-cv-05807
   Motion to Compel Production of Unlogged Documents Identified July 1, 2025

By this motion, Plaintiffs seek an order requiring defendant DiDi Global, Inc. ("DiDi") to produce all unlogged responsive documents that DiDi is withholding from Plaintiffs in this action within two business days of its entry. Specifically, following the June 24 document production deadline, DiDi stated that it had identified 160 documents still under evaluation for logging or production. The ESI Protocol requires parties to serve logs within 30 days after production would have occurred (ECF 194 at ¶M, p. 27), but DiDi failed to either produce or log any of the 160 documents by July 24. In excess of 20 percipient witness and Rule 30(b)(6) depositions, already long delayed by DiDi's stonewalling, commenced on July 28 and are proceeding nearly daily for the next four weeks. Expert reports and summary judgment motions are due by late September. Plaintiffs do not have the luxury of waiting for DiDi to voluntarily account for the 160 documents.

On June 24, 2025, the document production deadline, DiDi produced approximately 13,500 pages and three supplemental logs of documents that had been withheld or redacted pursuant to either or both PRC Law and privilege. On June 27, Plaintiffs inquired if any additional documents would be logged on or before July 24 in accordance with the ESI Protocol. On July 1, DiDi responded "that it presently believes that it will log 160 or fewer additional documents." (Ex. A, S. Cleveland 7/1/25 email in 6/27/25 through 7/25/25 email chain) On Friday, July 25, with depositions set to commence the following Monday, Plaintiffs inquired why DiDi had produced neither logs nor documents. (Ex. A, 7/25/25 L. Rosen email in 6/27/25 through 7/25/25 email chain). Consistent with DiDi's pattern of ignoring Plaintiffs' inquiries concerning the status of DiDi's document production, *see, e.g.,* ECF 359 at 4, no response was forthcoming. As time is of the essence, and DiDi has had more than a month to analyze the documents at issue, there is no excuse for any delay.

DiDi has already produced multiple versions, including supplements and Court-ordered revisions, of its PRC Law withhold and redaction logs and its privilege withhold and redactions logs – often logging documents many, many months after they should have been produced.[1] Whereas the time of logging withheld and redacted documents has long expired under the most generous interpretation of the ESI Protocol and Scheduling Order, there is no basis for DiDi to respond to this motion with yet another set of belated logs. *See AU New Haven, LLC v. YKK Corp.*,

---

[1] In light of DiDi's revelation on the last day of document discovery that it has been withholding many of the most critical documents in the case from the outset of production, *see* ECF 479 at 12-13 (chart), Plaintiffs are concerned that some or all of the documents in question may be of utmost importance to the matters in dispute.

1

2017 WL 4838793, at * 2 (S.D.N.Y. Oct. 24, 2017) (assertions of privilege not in fifth log deemed waived); *Secs. & Exch. Comm'n v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014) ("Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit any party to make its assertions of privilege a moving target … [T]he SEC cannot claim [it was] prevented [ ] from asserting those privileges in a timely manner."). DiDi admitted that it has identified approximately 160 documents responsive to Plaintiffs' document requests. (Ex. A, S. Cleveland 7/1/25 email in response to L. Rosen 6/27/25 email). DiDi has failed to either produce the documents or list them in a privilege log in violation of Local Rule 26.2. DiDi's failure to timely submit a privilege log results in waiver. *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y.), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010). Waiver is particularly appropriate here because Plaintiffs brought this matter to DiDi's attention and requested DiDi serve a log or produce the documents. *Id*. at 183-83 (Ex. A, 7/25/25 L. Rosen email in 6/27/25 through 7/25/25 email chain). DiDi's delay has prejudiced Plaintiffs because Plaintiffs cannot use the documents in ongoing depositions or in a motion for summary judgment due September 23. Nor can Plaintiffs' experts include them in their reports due September 24. Plaintiffs respectfully request the Court grant this motion and order DiDi to produce the withheld documents within two business days of entry of an order.

Respectfully submitted,

 /s/ Laurence Rosen
Laurence Rosen

cc: All counsel of record via ECF

Granted. To the extent any valid protection claims over these documents exist, DiDi was required to assert those claims by July 24, 2025, at the latest. DiDi provides no valid justification for its failure to do so, and accordingly it has waived any assertion that the documents at issue are subject to foreign blocking statutes. DiDi must produce, by August 11, 2025, all responsive documents not logged on one of its PRC withholding and redaction logs prior to July 24, 2025.

/s/ Hon. Lewis A. Kaplan         August 7, 2025
United States District Judge