

August 6, 2025

**BY ECF**

The Hon. Valerie Figueredo
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Didi Global Inc. Securities Litigation*, Case No. 1:21-cv-05807

Dear Judge Figueredo:

We represent Lead Plaintiff Alaka Holdings Ltd., and named plaintiffs Shereen El-Nahas, Daniil Alimov, Bosco Wang, and Njal Larson (collectively, "Plaintiffs"), in the above-referenced matter. Pursuant to the Confidentiality Stipulation and Protective Order, entered on May 22, 2024 (ECF 190), and SDNY Local ECF Rule 6.8, we write to request permission to file under seal an unredacted version of Plaintiffs' Reply Memorandum of Law In Support of Motion to Compel DiDi's Production of Documents.

Absent a consent of the designating party or a contrary Order from this Court, the Confidentiality Stipulation and Protective Order requires Plaintiffs to file the above-referenced document under seal pursuant to DiDi's designation. ECF 190, at ¶14 ("Absent the consent of the producing party under this Section or order of the Court, the receiving party shall file the Confidential or Attorney's Eyes Only Information under seal.") DiDi has designated the materials at issue "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the Confidentiality Stipulation and Protective Order. Plaintiffs do not concede the propriety of maintaining this material under seal and note that "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action, in this case [d]efendants." *DiRussa v. Dean Winter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). There is a presumption favoring access to judicial records, but "the decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications,* 435 U.S. 589, 599, 98 S. Ct. 1306, 1312, 55 L.Ed.2 570 (1978). The public interest (and thus, the presumption of access) may be weaker in connection with documents exchanged in discovery than those attached to or referenced in public filings. *See United States v. Amodeo,* 71 F.3d 1044, 1048–49 (2nd Cir.1995) (measuring weight of presumption of access by "role of material at issue in the exercise of Article III judicial power")*; see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (stating that the rule that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). However, the determination as to whether to seal remains with the Court; the agreement of the parties, is irrelevant to the propriety of granting a motion to seal. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when

1

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827

determining whether a document should be publicly filed).

While Plaintiffs do not concede (or agree) that DiDi has established a basis to designate these materials as Confidential or Attorneys' Eyes Only—let alone to support sealing of judicial records—we submit this Motion, to the Court's sound discretion, in accordance with the ¶14 of the Confidentiality Stipulation and Protective Order.

The Appendix below lists the parties and their counsel of record who should have access to the sealed documents.

Respectfully Submitted,

/s/ Laurence Rosen
Laurence Rosen

cc:   All counsel of record via ECF

---

**MEMO ENDORSED**

*[signature]*

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** 8/8/2025

The motion for a provisional seal is **GRANTED.** The Clerk of Court is respectfully directed to terminate the motion at ECF No. 539 and maintain the viewing restrictions at 540. If Defendants are interested in permanently sealing the information, Defendants are directed to make a showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) by **August 29, 2025**.