

**The Rosen Law Firm**

I N V E S T O R   C O U N S E L

<u>**VIA ECF**</u>                                                    January 9, 2026

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>*In re DiDi Global Inc. Secs. Litig.*</u>, No. 1:21-cv-05807
         **Modifications to Notice and Escrow Agreement in Connection with**
         **Motion for Approval of Class Notice**

Dear Judge Kaplan:

        We represent Class Representatives Alaka Holdings Ltd., Shereen El-Nahas, Daniil Alimov, Bosco Wang, and Njal Larson (collectively, "Plaintiffs"), in the above-referenced matter. At the hearing on December 22, 2025, the Court instructed Plaintiffs to (i) modify the proposed Long-Form Notice to Class Members to provide more detail as to the estimated maximum damages that were potentially recoverable in the case so as to allow Class Members to assess the benefits of the Settlement; and (ii) modify the Escrow Agreement to include certain key provisions.

        Attached as Exhibit 1 hereto is a revised Proposed Long-Form Notice to the Class redlined to show the changes made. This revised Long-Form Notice replaces the one previously filed at ECF-Form 562-1. Paragraphs 3, 4 and 5 on pages 2-3 have been modified to conform with the Court's instructions. The following modifications have been made:

1.  The estimated maximum damages per share under the "out-of-pocket" measure of damages has been added. ¶4.
2.  The estimated maximum aggregate damages for all class members under the "out-of-pocket" measure of damages has been added, along with a footnote describing the trading model used to estimate the aggregate damages. ¶4.
3.  An explanation that these damages estimates are just estimates and there is no guarantee that any specific result would be obtained if the case proceeded to trial. ¶4.
4.  The estimated number of damaged shares in ¶3 has been reduced to account for (i) the removal of the underwriters' stabilizing transactions because these purchases are not part of the Class, and (ii) a change to the damages model to apply FIFO instead of LIFO for institutional purchasers so as to conform to the Plan of Allocation. The reduction in damaged shares, in turn, requires adjustments to the per share amounts in ¶¶3-5.
5.  Paragraph 5 has been changed to clarify that all Plaintiffs' Counsel will be required to apply to the Court to receive any attorneys' fees, consistent with the Court's

instruction that counsel shall submit declarations outlining the specific work each law firm performed in terms of hours and tasks in connection with the case. ¶5.

Attached as Exhibit 2 is a clean version of the revised Proposed Long-Form Notice to the Class.

Attached as Exhibit 3 is a copy of the Escrow Agreement with the Escrow Agent, Huntington Bank. The agreement contains the following provisions that the Court expressed concern for at the hearing:

1. The Settlement Fund must be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof. ¶3
2. The Settlement Fund will be held "in custodia legis" of the Court and remain subject to the jurisdiction of the Court until it is fully distributed pursuant to Court order. ¶5.
3. The Escrow Agent shall hold the Custodian/Escrow Account in a segregated account in the name of the Custodian Escrow/Account (DIDI GLOBAL SECURITIES LITIGATION QSF) and under the tax identification number of the Custodian/Escrow Account, at all times. ¶5.
4. The Escrow Agent agrees to be bound by, and follow, any order of the Court in connection with the Escrow Account and the Escrow Agent's duties related thereto. ¶5.
5. Any interpleader action filed by the Escrow Agent must be filed in this Court in the Southern District of New York. ¶12(g).
6. The Escrow Agent submits to jurisdiction before this Court in the Southern District of New York for any dispute arising out of the Escrow Agreement. ¶17.

Attached as Exhibit 4 is a copy of the investment direction letter with Huntington Bank instructing Huntington Bank to invest all of the Settlement Funds in short term treasury securities, with the exception of $200,000 for ongoing notice expenses which will be kept in an FDIC insured account.

If the aforementioned attached documents are satisfactory, Plaintiffs respectfully request the Court (i) enter the proposed Notice Order filed as ECF 562, and (ii) set a date for the Final Settlement Hearing on a date after July 1, 2026.

Respectfully submitted,

*/s/ Laurence Rosen*
Laurence Rosen

cc: All counsel of record via ECF