UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/16/2026

IN RE DIDI GLOBAL INC. SECURITIES LITIGATION

This Document Relates To:  All Actions

Master Docket

Case No. 1:21-cv-05807-LAK-VF

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *In re DiDi Global Inc. Securities Litigation.*, Case No. 1:21-cv-05807-LAK-VF (the "Action ");[1]

WHEREAS, (a) Class Representatives Alaka Holdings, Ltd., Shereen El-Nahas, Bosco Wang, Daniil Alimov, and Njal Larson (collectively, "Plaintiffs"), on behalf of themselves and each of the Class Members, and (b) Defendants: DiDi Global Inc. ("DiDi"); Will Wei Cheng, Jean Qing Liu, Stephen Jinghsi Zhu, Alan Yue Zhuo, Zhiyi Chen, Martin Chi Ping Lau, Daniel Yong Zhang, Kentaro Matsui, Adrian Perica (collectively, the "Individual Defendants"); and Goldman Sachs (Asia) LLC, J.P. Morgan Securities LLC, Mizuho Securities USA LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., BofA Securities, Inc., China Renaissance Securities (US) Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., and UBS Securities LLC (collectively, the "Underwriter Defendants") (DiDi, the Individual Defendants, and the Underwriter Defendants are collectively referred to herein as "Defendants"), and together with Plaintiffs, the ("Parties") have entered into a Stipulation that provides for a complete dismissal

---

[1] All capitalized terms used in this Judgment that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 9, 2025 (the "Stipulation").

1

with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated January 12, 2026 (the "Notice Approval Order"), this Court: (a) ordered that notice of certification of the Class, the proposed Settlement and Plan of Allocation be provided to potential Class Members; (b) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on June 16, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 15, 2025; and (b) the Notice filed with the Court on January 9, 2026; and (c) the Summary Notice filed with the Court on December 15, 2025.

2

3.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Notice Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the existence and effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (v) Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) Class Members' right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Act of 1933, 15 U.S.C. § 77a, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules.

4.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.

7.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of and elsewhere in the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Plaintiff Releasees (regardless of whether any such person or entity ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively,

4

derivatively, or in any other capacity, against any of Defendants' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(b)    Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

8.    Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.    **Bar Order** – Upon the Effective Date of the Settlement, this Judgment shall: (1) permanently bar, enjoin, and restrain any person or entity from commencing, maintaining, prosecuting, or asserting any Barred Claims against any of the Defendants' Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the

5

Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (2) permanently bar, enjoin, and restrain the Defendants from commencing, maintaining, prosecuting, or asserting any Barred Claims against any other person or entity, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

10.    "Barred Claims" shall mean (i) any claim for contribution or indemnity (whether by contract, by operation of law or equitable principles, or based on any other source) arising out of or related to the Released Claims in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Class arising out of or related to the Released Claims, provided that (a) Barred Claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by any person or entity that submits a Request for Exclusion from the Class that is accepted by the Court; and (b) Barred Claims shall not include claims that arise out of or relate to, and nothing in this Judgment, shall impact, affect, release or alter the rights and obligations under the terms of any written agreement among any of the Defendants' Releasees, including all rights and obligations of indemnity between and among Defendants which rights are specifically preserved.

11.    Any final verdict or judgment in any action other than this Action that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to this Judgment based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Claim shall be reduced by the greater of: (a) an amount that corresponds to

the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

12.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admissions** – Neither the Settlement Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasee with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of

7

Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 11, 2025, as provided in the Stipulation.

18.     **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 16th day of _____, 2026.

_____
The Honorable Lewis A. Kaplan
United States District Judge

9

**VALID EXCLUSION LIST**                                            **EXHIBIT 1**

| Name | City/State | Number of ADSs Purchased during the Class Period | Estimated Recognized Losses under the Plan of Allocation |
|---|---|---|---|
| Jonathan D. Sato | Campbell, CA | 50 | $251.50 |
| Albert Davis | Atlanta, GA | 121.2 | $0 - no recognized losses (sold prior to July 6, 2021) |
| Melvin Hunter | Sterrett, AL | 16 | $0 - Purchased and Sold during the same inflation period. |
| Biaggio Arcuria | Phoenix, AZ | ~225 | $177.50 |
| Souvik Bagchi | Chicago, IL | 85 | $391.85 |
| Rolando Misael Lopez Encinas | Texas | 67.31 | $11.11 |