USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-17-26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DIDI GLOBAL INC. SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Master Docket<br><br>Case No. 1:21-cv-05807-LAK-VF<br><br>CLASS ACTION |

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

1

This matter came on for hearing on June 16, 2026 (the "Settlement Hearing") on Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed or emailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal*, and electronically, over *PRNewswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 9, 2025 (the "Stipulation;" ECF No. 558) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.      Notice of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $133,200,000 from the Settlement Fund (plus interest earned thereon at the same rate as the Settlement Fund) and $4,833,219.46 — in reimbursement of Plaintiffs' Counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Plaintiffs' Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in ~~a manner which it, in good faith, believes~~ proportion to their respective lodestars or as may otherwise be ordered by the Court. ~~reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.~~

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $740,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) Copies of the Notice and Claim Form were either mailed, or a link to the Notice and Claim Form emailed, to 323,982 potential Class Members and nominees stating that Plaintiffs' Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $5,250,000. There were no meritorious objections to the requested attorneys' fees and expenses;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action raised a number of complex issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(f) Plaintiffs' Counsel devoted 105,697.4 hours, with a lodestar value of approximately $59,401,798 to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

10. The Clerk shall terminate Dkt 576 in 21-cv-5807 and identical motions, if any, in member and related cases.

SO ORDERED this ___17th___ day of ___June___, 2026.

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE